UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
Grant Johnson,

        Plaintiff,                              Civil Action
                                                  Docket No.

v.

Esports Entertainment Group, Inc.,

        Defendant.
--------------------------------------------------------

# COMPLAINT

## Summary

1. This case arises out of Defendant's breach of an Employment Agreement, which is Exhibit A to this Complaint. Defendant terminated Plaintiff for contrived reasons despite a narrowly defined "for cause" requirement at section 5.02(b) and failed to pay contractually-agreed wages, bonuses, and severance under sections 3.01 – 3.04 and 5.04.

## Parties

2. Plaintiff is an adult individual who is a citizen of Canada and resides in Canada.

3. Defendant is a Nevada corporation with a principal place of business in New Jersey.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2) because the only Plaintiff is a citizen of a foreign state, the only Defendant is a Nevada corporation with a principal place of business in New Jersey, and the amount in controversy exceeds $75,000 exclusive of costs and interest.

5. Venue is proper in this District because of a choice-of-venue clause in the parties' agreement at section 9.01.

**Facts**

6. In September of 2020, the parties entered an Employment Agreement, which is Exhibit A to the Complaint.

7. Article I of the Employment Agreement states that "the Company will continue to employ Executive for the period beginning retroactively on February 1, 2020 (the 'Commencement Date') and ending on January 31, 2025, (the 'Initial Term')." Ex. A, art. I.

8. Following the "Initial Term", the Employment Agreement automatically renews for additional one-year periods unless and until either party provides written notice to the other of a desire to terminate the Employment Agreement. Id.

9. Article III sets out Plaintiff's "Base Compensation." Ex. A, art. III.

10. Section 3.01 provides a "Base" beginning at $300,000 per year, which increases by three percent each year over the previous year's Base. Ex. A, sec. 3.01.

11. Section 3.03 provides a "Cash Bonus" based upon the relationship between the Company's annual performance and an annual target performance. Ex. A, sec. 3.03.

12. Section 3.04 provides a "Stock Bonus" based upon achieving certain metrics. Ex. A, sec. 3.04.

13. Article V, "Termination", sets out the only means by which the Defendant or the Plaintiff may terminate the Employment Agreement (other than notice under article I of the desire to terminate at the end of a term).

14. The only section therein which Defendant alleges justified the termination is section 5.02(b), "Cause". Section 5.02 provides:

5.02 <u>By the Company.</u>  This Agreement may be terminated by the Company upon written notice to the Executive upon the first to occur of the following:

…
(b) <u>Cause.</u> Upon the Executive's commission of Cause (as defined herein). The term "Cause" shall mean the following:

(i) Any willful violation by Executive of any material provision of this Agreement (including without limitation Sections 6.01 and 6.02 hereof) causing demonstrable and serious injury to the Company, upon written notice of same by the Company describing in detail the breach asserted and stating that it constitutes notice pursuant to this Section 5.02(b)(i), which breach, if capable of being cured, has not been cured within sixty (60) days after such notice or such longer period of time if Executive proceeds with due diligence not later than ten (10) days after such notice to cure such breach.

(ii) Embezzlement by Executive of funds or property of the Company;

(iii) Fraud or willful misconduct on the part of Executive in the performance of his duties as an employee of the Company, or gross negligence on the part of Executive in the performance of his duties as an employee of the Company causing demonstrable and serious injury to the Company, provided that the Company has given written notice of such breach which notice describes in detail the breach asserted and stating that it constitutes notice pursuant to this Section 5.02(b)(iii), and which breach, if capable of being cured, has not been cured within sixty (60) days after such notice or such longer period of time if Executive proceeds with due diligence not later than ten (10) days after such notice to cure such breach; or

(iv) A felony conviction of Executive under the laws of the United States or any state (except for any conviction based on a vicarious liability theory and not the actual conduct of the Executive).

Upon a termination for Cause, the Company shall pay Executive his Base and benefits including vacation pay through the date of termination of employment; and Executive shall receive no severance under this Agreement.

Ex. A, sec. 5.02.

15. Section 5.04 provides for "Severance" payment upon any termination of employment other than for cause. Ex. A, sec. 5.04.

16. On December 3, 2022, Defendant terminated Plaintiff's employment. Defendant gave Plaintiff a termination letter of the same date, which is Exhibit B to this Complaint.

17. The letter alleges that termination is for cause. Ex. B, page 1.

18. Defendant terminated Plaintiff immediately and did not provide 60-days' notice and an opportunity to cure under section 5.02(b) of the Employment Agreement (Ex. A).

19. Defendant sets out its alleged basis for a for-cause termination beginning at page 2 of the December 3, 2022 letter (Ex. B) under the heading "Your Fraud, Willful Misconduct and/or Gross Negligence."

20. Even if true, these allegations would not constitute "fraud, willful misconduct, and/or gross negligence."

21. Moreover, the allegations are false. For example, while Defendant claimed on December 3, 2022 that Plaintiff committed "fraud", company minutes (Exhibit C) show that the board of directors considered these same allegations back on April 18, 2022 and "… unanimously agreed that no investigation into Grant's alleged actions from Ayrton lawyer was necessary…" Ex. C, page 2.

22. Defendant breached article I and section 5.02(b) of the Employment Agreement by terminating Plaintiff before the end of the initial term of the Employment Agreement despite the "Cause" requirement at section 5.02(b). Defendant's reasons stated in Defendant's termination letter are false. Even if true, Defendant's allegations would not constitute "Cause" because the term is narrowly defined as "Fraud or willful misconduct … or gross negligence" and requires "demonstrable and serious injury to the Company". Defendant's allegations do not constitute fraud, willful misconduct, or gross negligence, and Defendant has not alleged demonstrable and serious injury to the Company.

23. Defendant breached section 5.02(b) by failing to give notice and 60 days within which to cure any alleged breach.

24. Defendant breached sections 3.01 – 3.04 by failing to pay contractually-agreed compensation, including both compensation already earned and compensation for the remainder of the current term of the Employment Agreement.

25. Defendant breached section 5.04 by failing to pay agreed-upon compensation for any termination other than for cause.

26. As a result of Defendant's breach, Plaintiff has suffered damages including: base salary under section 3.01 for the remainder of the initial term of the Employment Agreement; cash bonuses earned for 2021 and 2022 under section 3.03 of the Employment Agreement; stock bonuses earned under section 3.04 of the Employment Agreement; and compensation under section 5.04 of the Employment Agreement for any termination other than for cause.

27. Plaintiff's damages include:

    a. Cash bonus of $450,000 under section 3.03 for the year 2021, which is derived from the table in the section based on achieving revenues of $16,783,914 against a target of $13,000,000.

    b. $1,150,000 corresponding to 200,000 shares under section 3.04 – 100,000 of which would have been registered by July 2021 at a price of $10.50 per share, and the other 100,000 of which would have been registered in March 2022 at a price of $1 per share.

    c. Base compensation of $300,000 plus 3% annual increases under section 3.01 on the two remaining years of Plaintiff's initial term under article I.

    d. Compensation corresponding to Defendant's failure to pay a 3% increase under section 3.01 for the years 2021 and 2022.

e. Severance under section 5.04 at $355,350 plus $366,010, plus $800 / month under section 4.03, $161 / month under section 4.06, and $2,700 / year under section 4.08.

f. Employee benefits under article IV which Defendant has failed to provide for years already worked by Plaintiff, including $800 / month under section 4.03, $161 / month under section 4.06, $2,700 / year under section 4.08, an additional one-time payment of $14,946 under section 4.08, and vacation and personal days under section 4.02.

28. Plaintiff is also entitled to an award of attorney's fees under section 9.02 of the Employment Agreement.

## Count One

## Breach of Contract

29. Plaintiff incorporates by reference the foregoing paragraphs.

30. The Employment Agreement (Ex. A) was a valid and enforceable contract between Plaintiff and Defendant.

31. Plaintiff performed his obligations under the Employment Agreement.

32. Defendant breached article I and section 5.02(b) of the Employment Agreement by terminating Plaintiff before the end of the initial term of the Employment Agreement despite the "Cause" requirement at section 5.02(b).  Defendant's reasons stated in Defendant's termination letter are false.  Even if true, Defendant's allegations would not constitute "Cause" because the term is narrowly defined as "Fraud or willful misconduct … or gross negligence" and requires "demonstrable and serious injury to the Company".

Defendant's allegations do not constitute fraud, willful misconduct, or gross negligence, and Defendant has not alleged demonstrable and serious injury to the Company.

33. Defendant breached section 5.02(b) by failing to give notice and 60 days within which to cure any alleged breach.

34. Defendant breached sections 3.01 – 3.04 by failing to pay contractually-agreed compensation, including both compensation already earned and compensation for the remainder of the current term of the Employment Agreement.

35. Defendant breached section 5.04 by failing to pay agreed-upon compensation for any termination other than for cause.

36. As a result of Defendant's conduct, Plaintiff has suffered damages including the loss of the remainder of the current term of employment, compensation under sections 3.01 – 3.04 of the Employment Agreement, compensation already earned but not paid under sections 3.03 and 3.04 of the Employment Agreement, and compensation under section 5.04 of the Employment Agreement.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for an amount in excess of $75,000, plus interest, costs, attorney's fees, and such other relief as the Court deems just and proper.

                                            Respectfully submitted,

                                            _/s/ Alan L. Frank_____
                                            Alan L. Frank, Esq.
                                            Alan L. Frank Law Associates, P.C.
                                            45 Broadway, Suite 720
                                            New York, NY 10006
                                                  And
                                            135 Old York Road
                                            Jenkintown, PA 19046
                                            215-935-1000
                                            215-935-1110 (fax)
                                            afrank@alflaw.net
                                            Counsel for Plaintiffs

December 23, 2022