ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪△
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

**E-MAIL ADDRESS:**
**afrank@alflaw.net**

**MEMO ENDORSED:**
Any Amended Complaint is to be filed by **February 28, 2023**.

SO ORDERED.

_[signature]_
_____
Paul G. Gardephe
United States District Judge

Dated: February 24, 2023

February 21, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Johnson v. Esports Entertainment Group**
             **Civil Case 1:22-cv-10861 – Response to Pre-Motion Letter**

Dear Judge Gardephe:

      I represent Plaintiff Grant Johnson, and I write in response to Defendant's pre-motion letter (ECF 13). I support Defendant's request to have Plaintiff file an Amended Complaint as the next step procedurally – before Defendant is required to file its proposed motion (if permitted) or answer. I request that Plaintiff be given until Tuesday, February 28 to file his Amended Complaint.

      Defense counsel correctly states that we indicated we would file an amended complaint with an additional count. The additional count is a defamation claim arising out of false statements about Plaintiff in Defendant's S-1 filing on January 13, 2023. This occurred after the original Complaint was filed on December 23, 2022, and therefore the count could not have been included in the original Complaint.

      Although I agree with defense counsel that it is most efficient for Plaintiff to file his Amended Complaint at this time, I do not agree that the Court should allow the hybrid Motion-to-Dismiss-or-Alternatively-for-Summary-Judgment. The proposed motion is inappropriate at the 12(b) stage because the outline set out in Defendant's letter repeatedly challenges the facts alleged in the Complaint.

      In the first sentence, Defendant indicates that the proposed motion is "in the alternative, potentially for summary judgment …" ECF 13, p. 1. At footnote 1, Defendant indicates it will submit "additional documentary evidence" and requests "that the Court advise if the parties should submit … Statements of Material Facts in connection with the motion." Id., footnote 1.

Defendant then asks the Court to treat Defendant's termination letter as undisputed fact: "Notwithstanding Esports' clear and unambiguous Termination Letter, Johnson makes factually unsupportable and conclusory allegations that he was terminated improperly." However, Plaintiff plainly states that "Defendant's reasons stated in Defendant's termination letter are false." Compl., ¶ 22. Plaintiff backs this up by attaching company minutes (Compl., Ex C) showing that the board considered and rejected the very same allegations of "fraud" nearly a year ago. Compl., Ex. C (ECF 1-3), p. 2.

Defendant then makes a series of factual allegations against Plaintiff, including that these same company minutes are part of a "cover up" by Plaintiff:

- "If anything, the minutes reflect a 'cover up' by Johnson". ECF 13, p. 4.
- "Johnson's knowing misrepresentation constitutes fraud, willful misconduct, and/or gross negligence as a matter of law." ECF 13, p. 4.
- "Johnson's fraud and misconduct was incapable of being cured … Thus sixty (60) days' notice was not required here …" ECF 13, p. 5.
- "Moreover, Esports can demonstrate serious injury supporting Johnson's for Cause termination". ECF 13, p. 5, footnote 3.
- "… clear documentary evidence demonstrates Johnson forfeited and/or was not entitled to such alleged compensation" [referring to unidentified documents from outside of the pleadings]. ECF 13, p. 5.

Defendant also intends to rely on unidentified but "indisputable documents referenced in and/or integral to the Complaint" (ECF 13, page 4), using the words "integral to the Complaint" in an effort to add evidence to the record but still apply the 12(b) standard.

No doubt, Defendant will attempt to show, as it alleges at ECF 13, page 1, that the "indisputable facts demonstrate Esports properly terminated Johnson's employment upon his commission of fraud and/or willful misconduct". But this is not the time for Defendant to do so, since Plaintiff does not allege in his own Complaint that he committed "fraud and/or willful misconduct", and at the outset of the Complaint (page 1, paragraph 1) Plaintiff alleges that "Defendant terminated Plaintiff for contrived reasons …"

If Defendant intends to show that Exhibit C to the Complaint was actually part of a "cover up by Johnson" (ECF 13, p. 4), that "Esports can demonstrate serious injury supporting Johnson's for Cause termination" (id., p. 5., n. 3), or that there is "clear documentary evidence" from outside the pleadings that would support Defendants' case (id., p. 5), then Defendant should do so at trial after discovery, not at the 12(b) stage.

For these reasons, I request that the Court direct Plaintiff to file an Amended Complaint by February 28, allow Defendant to wait until after that point to file an answer, and decline to allow the proposed motion to dismiss or alternatively motion for summary judgment.

                                                              Respectfully,

                                                               <u>/s/ Alan L. Frank</u>
                                                               Alan L. Frank