ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪△
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

March 15, 2023

**<u>Via ECF</u>**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **Johnson v. Esports Entertainment Group**
           **Civil Case 1:22-cv-10861 – Response to Pre-Motion Letter**

Dear Judge Gardephe:

    I represent Plaintiff Grant Johnson, and I write in response to Defendant's pre-motion letter (ECF 18). Defendant's letter proposes a hybrid motion for summary judgment and motion to dismiss, ECF 18, p. 1, and asks "that the Court advise if the parties should submit Local Civil Rule 56.1 Statements of Material Facts …", id. at n. 1.

    The Court should either (a) decline to entertain the motion in its entirety, or (b) direct Defendant to raise only those arguments proper in a 12(b)(6) motion and reserve summary judgment arguments until after the close of discovery.

    This case is not conducive to a *pre*-discovery summary judgment motion because Defendant's allegations would be a challenge to prove undisputed even in a *post*-discovery summary judgment motion. Defendant claims it can show there is no dispute of material fact that:

- Plaintiff committed "fraud", even though Plaintiff has submitted company minutes (Am. Compl., Ex C) showing that the board considered and rejected the very same allegations of "fraud" nearly a year ago. Am. Compl., Ex. C (ECF 17-3), p. 2.

- These same "minutes reflect a 'cover up' by Johnson", and therefore the Court should ignore them to find it undisputed that Plaintiff committed fraud. ECF 18, p. 4.

- "Johnson's knowing misrepresentation constitutes fraud, willful misconduct, and/or gross negligence as a matter of law." ECF 18, p. 4.

- "Johnson's fraud and misconduct was incapable of being cured … Thus sixty (60) days' notice was not required here …"  ECF 18, p. 5.
- "Esports can demonstrate serious injury supporting Johnson's for Cause termination". ECF 18, p. 5, footnote 3.
- "… clear documentary evidence demonstrates Johnson forfeited and/or was not entitled to such alleged compensation" [referring to unidentified documents from outside of the pleadings].  ECF 18, p. 5.

It is not a productive use of the parties' time or the Court's time to consider a summary judgment motion where Defendant tries to prove that it is "undisputed" that Plaintiff committed fraud, that Defendant's admission that there was no fraud (Am. Compl., Ex. C) is itself part of a "cover up" by Plaintiff, or that there is irreparable damage to the company justifying Defendant's decision to ignore the 60-day notice requirement in the parties' agreement.  For these reasons, the Court should at most allow a 12(b) motion, but not a 12(d) / 56 motion.

However, the Court should decline to consider Defendant's motion in its entirety. Defendant's proposed motion is comprised entirely of factual challenges to Plaintiff's Amended Complaint.  The same factual issues above are the basis of Defendant's motion to dismiss (Defendant does not distinguish between arguments raised under the 12(b) standard and arguments raised under the Rule 56 standard, but rather appears to make every argument alternatively under both standards).  Since Defendant's motion is a factual challenge to Plaintiff's pleading, the motion cannot be successful under the 12(b) standard.

For these reasons, I request that the Court direct Defendant to answer the complaint and reserve arguments on factual issues until after the close of discovery.  Alternatively, the Court should direct Defendant to file a motion limited to arguments under Rule 12(b)(6) and reserve summary judgment arguments until after discovery.

Respectfully,

/s/ Alan L. Frank
Alan L. Frank