April 4, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **Johnson v. Esports Entertainment Group**
            **Civil Case 1:22-cv-10861**
            **Rule 16 conference scheduled for April 13, 2023 at 10:45 a.m.**

Dear Judge Gardephe:

The parties submit this joint letter in advance of the Rule 16 conference set for April 13, 2023, at 10:45 a.m. in civil case 1:22-cv-10861. A proposed scheduling order is attached, reflecting the differences between dates suggested by Plaintiff and Defendant's counsel.

    1)  **Description of the Case**

Plaintiff's Position:

Plaintiff was the CEO of Defendant until Defendant terminated him on December 3, 2022. The parties' relationship was governed by an Employment Agreement (First Am. Compl., Ex. A), which is the focus of this case. Plaintiff alleges that Defendant breached the employment agreement by terminating him despite a narrowly defined "for cause" requirement at section 5.02(b). Plaintiff alleges that the reasons given in his termination letter (Compl., Ex. B) are false, and even if true would not qualify as "cause" under the agreement. As evidence that Defendant lacked cause, Plaintiff submits company minutes (Compl., Ex. C) from several months prior showing that the board considered and rejected the same allegations that are set out in the termination letter. Plaintiff also alleges that Defendant breached section 5.02(b) by failing to give notice and 60 days within which to cure. Plaintiff also alleges that Defendant breached sections 3.01 – 3.04 and 5.04 by failing to pay contractually-agreed compensation, including both compensation already earned and compensation for the remainder of the current term of the employment agreement. Finally, Plaintiff alleges that Defendant then defamed him by publishing false statements in its S-1 filing on January 13, 2023 and its 10-Q filing on February 21, 2023.

Defendant's Position:

Defendant denies Plaintiff's allegations. Defendant alleges that Plaintiff was properly terminated for cause pursuant to his Employment Agreement, upon Plaintiff's commission of fraud and/or willful misconduct in the performance of his duties as CEO, which could not be cured, as set forth in detail in the clear and unambiguous letter of termination and supported by incontrovertible evidence. Defendant also refutes Plaintiff's mischaracterization of the company minutes. Moreover, clear documentary evidence demonstrates Plaintiff forfeited and/or was not entitled to the compensation he seeks herein. Finally, Plaintiff's defamation claim is barred because: (i) the statement at issue is protected by a qualified privilege; (ii) the statements are true;

(iii) Plaintiff filed the instant lawsuit publicizing his termination for cause prior to the SEC disclosures; and (iv) the SEC disclosures explicitly discuss the instant legal proceeding.

**2) Contemplated Motions**

In accordance with the Court's Rules, Defendant filed a letter on March 14, 2023 requesting a pre-motion conference to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively Rule 12(d).  *See* ECF Doc. 18 (Defendant's pre-motion letter) and ECF Doc. 19 (Plaintiff's response).

Defendant requests the Court stay all discovery pending the Court's decision on Defendant's proposed motion, which may result in dismissal or narrowing the issues for discovery. Plaintiff does not agree to such a stay.

**3) Prospect for Settlement**

The parties have discussed early mediation before the parties spend time and resources engaging in discovery.

**4) Electronically Stored Information**

The parties also note that they have agreed to produce electronic mail in PDF form.  The parties also acknowledged they both have protocols in place to preserve such electronic mail.

Respectfully submitted,

/s/ Alan L. Frank_____  
Alan L. Frank, Esq.  
Counsel for Plaintiff

/s/ Michael H. Masri_____  
Michael H. Masri, Esq.  
Counsel for Defendant