UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GRANT JOHNSON,                                   Civil Action
                                                 Case No. 1:22-cv-10861 (PGG)
                        Plaintiff,

   -against-                                     **ANSWER TO FIRST**
                                                 **AMENDED COMPLAINT**
ESPORTS ENTERTAINMENT GROUP, INC.,               **WITH COUNTERCLAIMS**

                        Defendant.
------------------------------------------------------------------X

Defendant Esports Entertainment Group, Inc. ("Esports"), by and through its attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for its Answer to the First Amended Complaint ("Complaint"), states as follows:

## SUMMARY

1.　　Denies the allegations contained in paragraph 1 of the Complaint.

## PARTIES

2.　　Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.　　Admits Esports is a Nevada corporation, but denies the remainder of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.　　Paragraph 4 of the Complaint contains legal conclusions to which no responses are required, but to the extent responses are deemed necessary, admits Esports is a Nevada corporation, denies Esports has a principal place of business in New Jersey, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations.

1

5.      Paragraph 5 of the Complaint contains legal conclusions to which no responses are required, but to the extent responses are deemed necessary, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

## FACTS

6.      Denies the allegations contained in paragraph 6 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

7.      Denies the allegations contained in paragraph 7 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

8.      Denies the allegations contained in paragraph 8 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

9.      Denies the allegations contained in paragraph 9 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

10.     Denies the allegations contained in paragraph 10 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

11.     Denies the allegations contained in paragraph 11 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

12. Denies the allegations contained in paragraph 12 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

13. Denies the allegations contained in paragraph 13 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

14. Denies the allegations contained in paragraph 14 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

15. Denies the allegations contained in paragraph 15 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

16. Admits Esports terminated Plaintiff's employment, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

17. Denies the allegations contained in paragraph 17 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

18. Denies the allegations contained in paragraph 18 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

19. Denies the allegations contained in paragraph 19 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies the allegations contained in paragraph 28 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

29. Admits the allegations contained in paragraph 29 of the Complaint.

30. Denies the allegations contained in paragraph 30 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

31. Denies the allegations contained in paragraph 31 of the Complaint.

32. Denies the allegations contained in paragraph 32 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

33. Denies the allegations contained in paragraph 33 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

38. Denies the allegations contained in paragraph 38 of the Complaint.

## COUNT ONE
## BREACH OF CONTRACT

39. Esports repeats and realleges each and every response to paragraphs 1 through 38 of the Complaint as and for its response to the allegations contained in paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint contains legal conclusions to which no responses are required, but to the extent responses are deemed necessary, denies such allegations.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

## COUNT TWO
## DEFAMATION

47. Esports repeats and realleges each and every response to paragraphs 1 through 46 of the Complaint as and for its response to the allegations contained in paragraph 47 of the Complaint.

4870-0767-5492, v. 5

48. Admits the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

53. Denies the allegations contained in paragraph 53 of the Complaint, except respectfully refers the Court to the referenced alleged document for a full and complete statement of its contents.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

56. Denies the allegations contained in paragraph 56 of the Complaint.

57. Denies the allegations contained in paragraph 57 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

58. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred because Plaintiff acted in bad faith in the exercise of his obligations to Defendant, pursuant to alleged contract or otherwise.

### THIRD AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

61. If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's, own acts, omissions, or culpable conduct.

### FIFTH AFFIRMATIVE DEFENSE

62. Plaintiff's claims are barred by documentary evidence.

### SIXTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred by the faithless servant doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred because Plaintiff breached his fiduciary duties to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are barred because the alleged employment agreement was not a valid and binding contract.

### NINTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred because assuming a valid employment agreement existed, Plaintiff breached such alleged agreement and said breach was incurable.

### TENTH AFFIRMATIVE DEFENSE

67. Plaintiff's defamation claim is barred because Defendant's alleged statements concerning Plaintiff's termination are true.

4870-0767-5492, v. 5

## EVEVENTH AFFIRMATIVE DEFENSE

68. Plaintiff's defamation claim is barred because the alleged statements at issue are protected by a common interest qualified privilege.

## TWELFTH AFFIRMATIVE DEFENSE

69. Plaintiff's defamation claim is barred because in Plaintiff's initial complaint, which was filed before Defendant allegedly published the SEC filings at issue, Plaintiff disclosed publicly that he was terminated for cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

70. Plaintiff's defamation claim is barred because Defendant was obligated to disclose in SEC filings the existence of this lawsuit concerning Johnson's termination.

## FOURTEENTH AFFIRMATIVE DEFENSE

71. This Court lacks personal jurisdiction over Defendant, which is incorporated in the State of Nevada and has its principal place of business in Malta.

## FIFTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claims are barred, in whole or in part, by accord and satisfaction.

## SIXTEENTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred, in whole or in part, by his assumption of risk.

## SEVENTEENTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred, in whole or in part, by Plaintiff's contributory negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

4870-0767-5492, v. 5

### NINETEENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by failure of consideration.

### TWENTIETH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by Plaintiff's fraud.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, by Defendants' payments to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by after-acquired evidence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

82. Plaintiff's claims are barred, in whole or in part, by law and/or equity.

4870-0767-5492, v. 5

## COUNTERCLAIMS

1.      Defendant-Counterclaim Plaintiff Esports Entertainment Group, Inc. ("Esports"), by its undersigned counsel, for its counterclaims against Plaintiff-Counterclaim Defendant Grant Johnson ("Johnson") alleges as follows:

**The Alleged Employment Agreement**

2.      Esports repeats and realleges each of the foregoing paragraphs of its Answer with Counterclaims as if fully set forth herein.

3.      Johnson served as Chief Executive Officer (CEO) of Esports at all relevant times until his termination in December 2022.

4.      In or about September 2020, Johnson and/or his counsel drafted an employment agreement for Esports to employ Johnson as its Chief Executive Officer (CEO) (the "Employment Agreement").

5.      The alleged Employment Agreement is not a valid and binding contract.

6.      Assuming the court finds the Employment Agreement is a valid contract, the relevant terms of the Employment Agreement are as follows.

7.      Article II of the alleged Employment Agreement describes Johnson's duties and obligations to Esports. In this regard, Section 2.01(a) provides:

> [d]uring the term of employment, [Johnson] will: (i) [p]romote the interests, within the scope of his duties, of the Company ... ; (ii) [s]erve as Chief Executive Officer of the Company; and (iii) "[p]erform the duties and services consistent with the title and function of such office, including without limitation, those set forth in the By-Laws of the Company."

*Id.*, § 2.01(a).

8.      Section 5.02 of the alleged Employment Agreement provides Esports may terminate the agreement on written notice to Johnson where, as unquestionable here:

10

[u]pon [Johnson's] commission of Cause (as defined herein). The term "Cause" shall mean the following:

(i) **Any willful violation by Executive of any material provision of this Agreement … causing demonstrable and serious injury to the Company**, upon written notice of same by the Company describing in detail the breach asserted and stating that it constitutes notice pursuant to this Section 5.02(b)(i), which breach, **if capable of being cured**, has not been cured within sixty (60) days after such notice or such longer period of time if Executive proceeds with due diligence not later than ten (10) days after such notice to cure such breach[;] …

(iii) **Fraud or willful misconduct on the part of the Executive in the performance of his duties as an employee of the Company, or gross negligence on the part of the Executive in the performance of his duties as an employee of the Company causing demonstrable and serious injury to the Company**, provided that the Company has given written notice of such breach which notice describes in detail the breach asserted and stating that it constitutes notice pursuant to this Section 5.02(b)(iii), and which breach, **if capable of being cured**, has not been cured within sixty (60) days after such notice or such long period of time if Executive proceeds with due diligence not later than ten (10) days after such notice to cure such breach; ….

Upon termination for Cause, the Company shall pay Executive his Base and benefits including vacation pay through the date of termination of employment; and **Executive shall receive no severance** under this Agreement.

*Id*., § 5.02 (emphasis added).

### Johnson Breaches the Alleged Employment Agreement

9. Johnson executed and agreed to the terms of a May 28, 2021 Securities Purchase Agreement between Esports and Alto Opportunity Master Fund, SPC ("Ayrton") ("Securities Agreement") and the related June 2, 2021 Senior Convertible Note between the Esports and Ayrton ("Senior Convertible Note").

10. The Securities Agreement and Senior Convertible Note allowed the Esports to borrow Thirty-Five Million Dollars ($35,000,000) in exchange for, among other things, extending Ayrton the opportunity to convert portions of said debt to equity.

11. Section 3 of the Senior Convertible Note, entitled "Conversion of Note," provides at 3(d)(ii) that Ayrton could elect to convert portions of the debt subject to stockholder approval.

12. Under Section 4.11(d) of the Securities Agreement, both Johnson and Esports represented that:

> Grant Johnson, the Company's Chief Executive Officer, agrees to vote all of the shares of Common Stock over which Grant Johnson or his Affiliates has voting control in favor of Shareholder Approval until such time as Shareholder Approval has been obtained or no Purchaser holds any Securities, which agreement by Grant Johnson shall not be revocable.

13. Johnson signed the Securities Agreement both in his capacity as Esports' CEO as well as in his individual capacity with respect to § 4.11(d).

14. After the Securities Agreement and Senior Convertible Note were executed, Esports' stockholders voted on whether to approve the debt conversion as set forth in § 3(d)(ii) of the Senior Convertible Note.

15. On December 20, 2021, the votes were finalized. The vote to approve the debt conversion failed.

16. Esports determined that Johnson and/or his Affiliates voted against converting the debt, despite Johnson's personal and professional promise to vote in favor of the transaction pursuant to the Securities Agreement.

17. As such, Johnson breached the Securities Agreement and caused Esports to breach the Securities Agreement.

18. In addition, Johnson caused Esports to default in its payment obligations under the Senior Convertible Note.

19. Johnson negotiated a temporary waiver of this payment default in an Exchange Agreement dated February 22, 2022.

20. After the Exchange Agreement was executed, however, Johnson caused Esports to remain in payment default with Ayrton.

21. On or about March 28, 2022, Ayrton's attorneys sent a letter to Esports' Board of Directors which, among other things, noted Johnson's failure to vote as he had promised.

22. Johnson fraudulently and falsely promised to vote in favor of the debt conversion when he signed the May 28, 2021 Securities Purchase Agreement; or, after May 28, 2021, he engaged in willful misconduct and/or gross negligence when he secretly determined that he and/or his Affiliates would vote against the debt conversion despite Johnson and Esports' expressed irrevocable agreement.

23. In either alleged event in paragraph 22 above, Johnson breached his duties to Esports and the Employment Agreement (assuming it is valid) by engaging in fraud or willful misconduct and by failing to promote the interests of Esports, as set forth in the Employment Agreement.

24. Johnson's breaches were not curable.

## AS AND FOR A FIRST COUNTERCLAIM
### (Breach of Contract)

25. Esports repeats and realleges each of the foregoing paragraphs of its Answer with Counterclaims as if fully set forth herein.

26. Johnson alleges the Employment Agreement was a valid and enforceable contract between Esports and Johnson.

27. Esports performed its obligations under the alleged Employment Agreement.

28. Johnson breached the Employment Agreement by voting his and/or his Affiliates' shares of Esports stock against the debt conversion transaction.

29. By voting against the debt conversion transaction, Johnson caused Esports to breach the Securities Agreement.

30. By causing Esports to breach the Securities Agreement, Johnson breached the Employment Agreement by acting in his own self-interest and failing "[p]romote the interests" of Esports.

31. In addition, Johnson caused Esports to default in its payment obligations to Ayrton.

32. As a result of Johnson's misconduct, Esports defaulted on its contractual obligations to Ayrton.

33. Johnson's breaches and misconduct were not curable.

34. Due to Johnson's misconduct, Esports was required to pay additional principal to Ayrton.

35. As such, Esports has been damaged by Johnson's misconduct in an amount to be determined at trial, but currently estimated to be not less than approximately Six Million Dollars ($6,000,000.00).

## AS AND FOR A SECOND COUNTERCLAIM
**(Breach of Duty of Loyalty and Faithless Servant)**

36. Esports repeats and realleges each of the foregoing paragraphs of its Answer with Counterclaims as if fully set forth herein.

37. A fiduciary relationship existed between Johnson and Esports during the course of Johnson's employment as Esports's CEO.

38. As Esports' CEO, Johnson owed Esports a duty of loyalty.

39. Johnson's employment with Esports mandated a duty of loyalty and/or good faith to act in the best interests of Esports while employed by Esports.

40. Under the faithless servant doctrine, an employee is obligated to be loyal to his employer, is prohibited from acting in any manner inconsistent with his agency or trust, and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.

41. Johnson fraudulently and falsely promised, on behalf of himself and on behalf of Esports, that he would vote his personal shares and his Affiliates' shares of Esports stock in favor of the debt conversion transaction; or, Johnson engaged in willful misconduct and/or gross negligence when he secretly determined that he and his Affiliates would vote against debt conversion, despite Johnson's and Esports' promise to Ayrton in the Securities Agreement to vote in favor of debt conversion.

42. In addition, as explained above, Johnson caused Esports to default in its payment obligations to Ayrton.

43. By so doing, Johnson acted adversely to Esports' interests.

44. Accordingly, Johnson breached his duty of loyalty to Esports and was a faithless servant as of when he acted in his own interests to the detriment of Esports with respect to Ayrton and the debt conversion transaction.

45. These violations have caused damage to Esports.

46. Pursuant to the faithless servant doctrine, an employer's damages are measured by the amount of compensation paid to a disloyal employee during the period of disloyalty, and the employer is entitled to the return of all compensation paid during the period of the employee's disloyalty.

47. As such, and by reason of the foregoing, Johnson must account for and disgorge all compensation and remuneration received by him during the periods of time in which he was a faithless servant to Esports, together with interest, fees and costs.

48. As a result, Esports is entitled to an accounting of all compensation Johnson received as of when he acted in his own interests to the detriment of Esports with respect to the debt conversion transaction.

49. As a result of his breach of the duty of loyalty and the faithless servant doctrine, Johnson is not entitled to any future or further compensation from Esports.

50. In addition, Esports has been damaged by Johnson's misconduct in an amount to be determined at trial, but currently estimated to be not less than approximately Six Million Dollars ($6,000,000.00).

## RESERVATION OF RIGHTS

51. Defendant reserves the right to amend this Answer and Counterclaims during the course of this action and to assert such additional defenses and/or Counterclaims as may appear and prove applicable during the course of this action.

## JURY DEMAND

52. Demand for Trial by Jury is hereby made pursuant to Federal Rule of Civil Procedure 38, on all matters so triable.

**WHEREFORE**, Esports respectfully requests that judgment be entered as follows:

(a) dismissing Johnson's First Amended Complaint in its entirety with prejudice;

(b) granting Esports' First Counterclaim in its entirety and awarding damages to Esports in an amount to be determined at trial, but currently estimated to be not less than approximately Six Million Dollars ($6,000,000.00), plus interest;

(c) granting Esports' Second Counterclaim in its entirety and awarding to Esports an accounting and disgorgement of Johnson's compensation and remuneration received by him during the periods of time in which he was a faithless servant to Esports,

damages to Esports in an amount to be determined at trial, but currently estimated to be not less than approximately Six Million Dollars ($6,000,000.00), plus interest;

(d) granting Esports an award of costs, including but not limited to, reasonable attorneys' fees; and

(e) granting Esports such other and further relief as this Court deems just and proper.

Dated: Mineola, New York
May 24, 2023

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
*Attorneys for Defendant Esports Entertainment Group, Inc.*

By: /s/ Michael H. Masri
Michael H. Masri, Esq.
Steven E. Frankel, Esq.
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

TO: Alan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
45 Broadway, Suite 720
New York, NY 10006
    and
135 Old York Road
Jenkintown, PA 19046
(215) 935-1000
*Attorneys for Plaintiff Grant Johnson*
(via ECF)

4870-0767-5492, v. 5