ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪△
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH

● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

**E-MAIL ADDRESS:**
**afrank@alflaw.net**

June 13, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **Johnson v. Esports Entertainment Group**
           **Civil Case 1:22-cv-10861 – Pre-Motion Letter on Plaintiff's proposed motion**
           **to dismiss Defendant's counterclaims under Rule 12(b)(6)**

Dear Judge Gardephe:

      I represent Plaintiff Grant Johnson, and I write to request a pre-motion conference concerning our proposed motion to dismiss Defendant's counterclaims under Rule 12(b)(6). Plaintiff's operative pleading is the First Amended Complaint (ECF 17). Plaintiff asserts two claims against his former employer:  1) breach of contract under Plaintiff's employment agreement for failure to pay all compensation and for terminating Plaintiff despite a narrowly defined for cause requirement; and 2) defamation arising out of Defendant's statements about Plaintiff in SEC filings after his termination.

      On May 24, 2023, Defendant filed an answer with two counterclaims (ECF 32). The first counterclaim is a breach of contract claim alleging that Plaintiff breached the same employment agreement. The second counterclaim is a claim for "Breach of Duty of Loyalty and Faithless Servant."

      If the Court permits this motion, then Plaintiff would make the following arguments:

      1.    Defendant alleges that a single act constitutes Plaintiff's breach of his employment agreement: "voting against the debt conversion transaction …." Counterclaims, ¶ 29. The problem with the breach of contract claim is that the contract does not actually say anything about voting against a debt conversion transaction. *See generally*, Employment Agreement (ECF 17-1). Since the act constituting the breach of contract does not actually violate any provision in the contract, Plaintiff will argue that the first counterclaim fails to state a claim.

   2. Defendant does not allege that it provided "written notice" of the breach as required under sections 5.02(b)(i).  Since Defendant ignored the contract's provision for dealing with a breach by the employee, Defendant cannot maintain a breach of contract action under the same contract for the same breach.

   3. Defendant's counterclaims do not meet the heightened standard for pleading fraud under Rule 9(b).  Defendant's counterclaims sound in fraud because they explicitly accuse Plaintiff of fraud:  "Johnson fraudulently and falsely promised …", Counterclaims, ¶ 22; "… Johnson breached his duties to Esports and the Employment Agreement (assuming it is valid) by engaging in fraud …", id., ¶ 23; "Johnson fraudulently and falsely promised …", id., ¶ 41.

   4. The faithless servant claim (counterclaim 2) cannot stand because Defendant alleges that Plaintiff committed a single act rather than a persistent pattern.  The sole act giving rise to both counterclaims is Plaintiff's vote of his shares around December 20, 2021.  Counterclaims, ¶ 15.  That is insufficient to state a faithless servant claim because "courts have found disloyalty not be substantial when the behavior consisted of a single act of disloyalty, as opposed to a persistent pattern, or when the employer knew of and tolerated the behavior." *Babbitt v. Koeppel Nissan, Inc.*, 2020 U.S. Dist. Lexis 104244, at 18 (E.D.N.Y. June 15, 2020) (quotations omitted).

   5. The faithless servant claim cannot stand because Defendant knew of and tolerated the behavior.  On December 20, 2021, the votes were finalized.  Counterclaims, ¶ 15.  On March 28, 2022, Defendant received a letter from Ayrton's attorney's indicating that Plaintiff did not vote as promised.  Id., ¶ 21.  In December 2022, Defendant terminated Plaintiff.  Defendant does not allege that it took any action against Plaintiff or even expressed disapproval of the vote before the termination in December 2022.  If Defendant did not realize what had happened when the votes were finalized on December 20, 2021 (id., ¶ 15), then it would have known when it received the letter on March 28, 2022, as alleged at ¶ 21.  Defendant's own allegations indicate that Defendant knew of the alleged misconduct for a minimum of 9 months (from March to December) without taking any action against Plaintiff, and likely for an entire year (from the December 2021 vote until the December 2022 termination).

   For these reasons, Plaintiff requests that the Court allow Plaintiff to file a formal motion to dismiss Defendant's counterclaims.

              Respectfully,

               /s/ Alan L. Frank
               Alan L. Frank