UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
Grant Johnson,

        Plaintiff,                        Civil Action
                                                   Docket No. 1:22-cv-10861

v.

Esports Entertainment Group, Inc.,

        Defendant.
-------------------------------------------------------

**PLAINTIFF'S REQUESTS TO DEFENDANT FOR PRODUCTION OF DOCUMENTS**

1. Produce all communications by or received by Jan Jones Blackhurst that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**



2. Produce all communications by or received by Damian Mathews that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.

  f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

3. Produce all communications by or received by Stuart Tilly that discuss any of the following topics:
  a. the termination of Grant Johnson.
  b. any alleged fraud or misconduct by Grant Johnson.
  c. any alleged failure by Grant Johnson to promote the interests of the company.
  d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
  e. the December 3, 2022 letter notifying Grant Johnson of his termination.
  f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

4. Produce all communications by or received by Alex Lim that discuss any of the following topics:
  a. the termination of Grant Johnson.
  b. any alleged fraud or misconduct by Grant Johnson.
  c. any alleged failure by Grant Johnson to promote the interests of the company.
  d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
  e. the December 3, 2022 letter notifying Grant Johnson of his termination.
  f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

5. Produce all communications by or received by Mark Neilsen that discuss any of the following topics:
> a. the termination of Grant Johnson.
> b. any alleged fraud or misconduct by Grant Johnson.
> c. any alleged failure by Grant Johnson to promote the interests of the company.
> d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
> e. the December 3, 2022 letter notifying Grant Johnson of his termination.
> f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

6. Produce all communications by or received by Lydia Roy that discuss any of the following topics:
> a. the termination of Grant Johnson.
> b. any alleged fraud or misconduct by Grant Johnson.
> c. any alleged failure by Grant Johnson to promote the interests of the company.
> d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
> e. the December 3, 2022 letter notifying Grant Johnson of his termination.
> f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

7. Produce all communications by or received by Kaitesi Munroe that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**Response:**


8. Produce all communications by or received by Alan Alden that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

9. Produce all communications by or received by Daniel Marks that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

10. Produce all communications by or received by Warwick Bartlett that discuss any of the following topics:
>a. the termination of Grant Johnson.
>b. any alleged fraud or misconduct by Grant Johnson.
>c. any alleged failure by Grant Johnson to promote the interests of the company.
>d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
>e. the December 3, 2022 letter notifying Grant Johnson of his termination.
>f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

11. Produce all communications by or received by Dan Marks that discuss any of the following topics:
>a. the termination of Grant Johnson.
>b. any alleged fraud or misconduct by Grant Johnson.
>c. any alleged failure by Grant Johnson to promote the interests of the company.
>d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
>e. the December 3, 2022 letter notifying Grant Johnson of his termination.
>f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**

12. Produce all communications by or received by Jenny Pace that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**Response:**


13. Produce all communications by or received by John Brackens that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**Response:**


14. Produce all communications by or received by Michael Villani that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.

  d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
  e. the December 3, 2022 letter notifying Grant Johnson of his termination.
  f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**


15. Produce all communications by or received by Greg Page that discuss any of the following topics:
  a. the termination of Grant Johnson.
  b. any alleged fraud or misconduct by Grant Johnson.
  c. any alleged failure by Grant Johnson to promote the interests of the company.
  d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
  e. the December 3, 2022 letter notifying Grant Johnson of his termination.
  f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype.  The time period for this request is from April 1, 2021 until the present.

**Response:**


16. Produce all communications between Aryton and any member of the board of Esports Entertainment Group, Inc. that discuss any of the following topics:
  the termination of Grant Johnson
  any alleged fraud or misconduct by Grant Johnson
  any alleged failure by Grant Johnson to promote the interests of the company
  the December 3, 2022 letter notifying Grant Johnson of his termination
  the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto")

Communications includes paper communications as well as e-mails, text messages, messages sent on applications such as WhatsApp or Skype, and communications over business communication platforms such as Slack or Microsoft Teams.  The time period for this request is from April 1, 2021 until the present.

**Response:**

17. Produce the minutes of the December 3, 2022 board meeting of Esports Entertainment Group, Inc.

**Response:**

18. Produce all drafts of the December 3, 2022 letter from Jan Blackhurst notifying Grant Johnson of his termination.

**Response:**

19. Produce all documents supporting your contention that Plaintiff committed "fraud and/or willful misconduct in the performance of his duties as CEO" as alleged in your filing at ECF 13, page 1 and your filing at ECF 18, page 1.

**Response:**

20. Produce all documents supporting your contention that "Johnson made material representations on behalf of both himself and Esports, including but not limited to, that he would vote his shares in favor of the Aryton transaction, which Johnson later proved false by voting against the transaction" as alleged in your filing at ECF 13, page 4 and your filing at ECF 18, page 4.

**Response:**

21. Produce all documents supporting your contention that the board minutes "reflect a 'cover up' by Johnson", as alleged in your filing at ECF 13, page 4 and your filing at ECF 18, page 4.

**Response:**

22. Produce all documents supporting your contention that "Esports can also demonstrate Johnson's misconduct caused serious injury to the company" as alleged in your filing at ECF 13, page 5 and your filing ECF 18, page 5.

**Response:**

23. Produce all documents supporting your contention that "Johnson's fraud and misconduct was incapable of being cured because Aryton was not willing to consent to Esports selling assets or obtaining critical loans while Johnson was CEO" as alleged in your filing at ECF 13, page 5 and your filing at ECF 18, page 5.

**Response:**

24. Your filings at ECF 13, page 5 and ECF 18, page 5 both state, with respect to certain cash and stock compensation Plaintiff allegedly earned prior to his termination, that "clear documentary evidence demonstrates Johnson forfeited and/or was not entitled to such alleged compensation." Produce this documentary evidence.

**Response:**

25. Produce all documents supporting your contention that Plaintiff failed "to promote the Company as section 2.01(a)(i) requires", as alleged in your filing at ECF 18, page 5, footnote 2.

**Response:**

26. Produce all documents supporting your truth defense to Plaintiff's claim for defamation.

**Response:**

27. Produce all documents supporting your defense of common interest qualified privilege to Plaintiff's claim for defamation.

**Response:**

28. Produce all notes and minutes of any meeting of two or more members of the board – whether designated as official board meetings, special meetings, or not official – that discuss the termination of Grant Johnson, the proposed or potential termination of Grant Johnson (if prior to the termination), or the previous termination of Grant Johnson (if after the termination).

**Response:**

29. Produce documents sufficient to show the vote of each member of the board of Defendant in the vote on debt conversion finalized December 20, 2021 and discussed in Defendant's December 3, 2022 termination letter to Plaintiff on page 3, paragraph 2.

30. Produce all e-mails from or to Plaintiff's former e-mail account at Defendant which discuss any of the following topics:
    a. Plaintiff's entitlement to stock, cash, or bonuses under his employment agreement.
    b. Plaintiff's requests or demands for stock, cash, or bonuses under his employment agreement.
    c. negotiations with Aryton.
The time period for this request is February 1, 2020 until January 3, 2023.

**Response:**

                                                                       Respectfully submitted,

                                                                        /s/ Alan L. Frank
                                                                       Alan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
45 Broadway, Suite 720
New York, NY 10006
       And
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiffs

May 5, 2023