UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Grant Johnson,

                                     Plaintiff,

        -against-

Esports Entertainment Group, Inc.,

                                     Defendant.
-------------------------------------------------------------X

Case No. 1:22-cv-10861 (PGG)

**DEFENDANT'S RESPONSE
TO PLAINTIFF'S FIRST
REQUEST FOR PRODUCTION
OF DOCUMENTS**

       Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules

of the United States District Courts for the Southern and Eastern Districts of New York ("Local

Rules"), Defendant Esports Entertainment Group, Inc. ("Defendant" or "Esports"), by its

attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP hereby responds to Plaintiff Grant

Johnson's ("Plaintiff" or "Johnson") First Request for the Production of Documents ("Requests")

as follows:

<u>**GENERAL OBJECTIONS**</u>

       1.      By responding to any Request, Defendant does not concede the materiality of the

subject to which it refers.  Defendant's responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including,

but not limited to, the trial of this action or any subsequent proceeding.

       2.      Defendant objects to these Requests to the extent they demand documents and/or

information which are protected by the attorney-client or work-product privilege, or which

constitute material prepared for litigation purposes.

3.      Defendant objects to these Requests to the extent they demand documents and/or information which are protected by the common interest or joint defense privilege.

4.      Defendant objects to these Requests to the extent they seek to impose obligations upon Defendant beyond which are required under the Federal Rules of Civil Procedure, applicable local rules and/or Orders and the rules of this Court.

5.      Defendant objects to these Requests to the extent they demand documents and/or information outside of the relevant time period of Plaintiff's alleged causes of action.

6.      The inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7.      Defendant objects to any Request for information or production from individuals or entities not represented by counsel for Defendant.

8.      Defendant objects to any Request that seeks private information of any individuals, other than the named Plaintiff, identified in any Request.

9.      In the event a Request seeks production of documents which are privileged, Defendant will provide, under separate cover, a privilege log according to the federal rules, the local rules of the Southern District of New York, and Judge Garadephe's individual rules of practice, if applicable.

10.      Defendant objects to any Request that seeks documents which constitute attorney work product or contain Defendant's counsel's legal opinions.

4879-4580-9254, v. 4

11.    Defendant objects to any Request which fails to present a clear and unambiguous request for documents or information.  Defendant continues this objection regardless of and notwithstanding Defendant's attempt to construe the Request consistent with the allegations, subject matter and circumstances of the instant matter.  Defendant reserves the right to demand Plaintiff revise such vague and ambiguous Requests pursuant to the Federal Rules of Civil Procedure, applicable Local Rules and the rules of this Court.

12.    Defendant continues to search for information responsive to these Requests and therefore reserves the right to supplement its response to each Request with additional documents and/or information, if and when such information becomes available to Defendant's counsel. Defendant also reserves the right to object to the future disclosure of any such documents and/or information and to revise any objections asserted or add any objection not asserted herein.

13.    To the extent a Request seeks information that is not available or accessible remotely, electronically and/or located in the United States, the Request is unduly burdensome and disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1) as the burden and expense of producing the requested information outweighs any potential benefit.  To the extent that documents responsive to the Requests are available or accessible remotely electronically and/or located in the United States and within Defendant's possession, custody, and/or control, Defendant will produce such responsive documentation.

14.    Defendant objects on the basis and to the extent the Requests are vague, ambiguous and confusing because and to the extent Plaintiff failed to include definitions.

15.    Defendant will not produce responsive documents until a Protective Order, which has been supplied to Plaintiff's counsel, has been executed by the parties.

16.    Defendant reserves the right to supplement these responses and objections.

## RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

1. Produce all communications by or received by Jan Jones Blackhurst that discuss any of the following topics:

    a. the termination of Grant Johnson.

    b. any alleged fraud or misconduct by Grant Johnson.

    c. any alleged failure by Grant Johnson to promote the interests of the company.

    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.

    e. the December 3, 2022 letter notifying Grant Johnson of his termination.

    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, to the extent the burden and expense of producing the requested information outweighs any potential benefit.

4

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 2:**

2. Produce all communications by or received by Damian Mathews that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce

documents and whether Defendant will be withholding any responsive material on the basis of any

objection noted above.  Defendant reserves the right to supplement these responses and objections.

## REQUEST NO. 3:

3. Produce all communications by or received by Stuart Tilly that discuss any of the following
topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted
      Grant Johnson and whether Aryton would consent to Esports Entertainment Group
      selling assets or obtaining loans while Grant Johnson remained the Chief Executive
      Officer.
      e. the December 3, 2022 letter notifying Grant Johnson of his termination.
      f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated
      Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent
on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021
until the present.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:

      Defendant incorporates into its response the General Objections, and Defendant

specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is

overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks

documents protected by the attorney-client or work-product privilege, or which constitute material

prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible

remotely and/or are located outside of the United States and/or not within Defendant's possession,

custody, and control, as the burden and expense of producing the requested information outweighs

any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

**<u>REQUEST NO. 4:</u>**

4. Produce all communications by or received by Alex Lim that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce

documents and whether Defendant will be withholding any responsive material on the basis of any

objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 5:**

5. Produce all communications by or received by Mark Neilsen that discuss any of the following topics:
> a. the termination of Grant Johnson.
> b. any alleged fraud or misconduct by Grant Johnson.
> c. any alleged failure by Grant Johnson to promote the interests of the company.
> d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
> e. the December 3, 2022 letter notifying Grant Johnson of his termination.
> f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant incorporates into its response the General Objections, and Defendant

specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is

overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks

documents protected by the attorney-client or work-product privilege, or which constitute material

prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible

remotely and/or are located outside of the United States and/or not within Defendant's possession,

custody, and control, as the burden and expense of producing the requested information outweighs

any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 6:**

6. Produce all communications by or received by Lydia Roy that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Defendant also objects to this Request because and to the extent it seeks documents from General Counsel for Defendant that are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

4879-4580-9254, v. 4

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 7:**

7. Produce all communications by or received by Kaitesi Munroe that discuss any of the following topics:
a. the termination of Grant Johnson.
b. any alleged fraud or misconduct by Grant Johnson.
c. any alleged failure by Grant Johnson to promote the interests of the company.
d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
e. the December 3, 2022 letter notifying Grant Johnson of his termination.
f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

**<u>REQUEST NO. 8:</u>**

8. Produce all communications by or received by Alan Alden that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group

selling assets or obtaining loans while Grant Johnson remained the Chief Executive
Officer.
e. the December 3, 2022 letter notifying Grant Johnson of his termination.
f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated
Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent
on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021
until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant incorporates into its response the General Objections, and Defendant
specifically objects to this Request to the extent it is disproportionate to the needs of this case
pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is
overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks
documents protected by the attorney-client or work-product privilege, or which constitute material
prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to
the extent it seeks documents and communications that are not stored electronically and accessible
remotely and/or are located outside of the United States and/or not within Defendant's possession,
custody, and control.

Defendant also objects to this Request to the extent it seeks documents concerning the
"opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague,
ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-
privileged documents and communications that are responsive to the Request that are stored
electronically and accessible remotely and/or located within the United States and within
Defendant's possession, custody, or control, as the burden and expense of producing the requested
information outweighs any potential benefit.

15

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 9:**

9. Produce all communications by or received by Daniel Marks that discuss any of the following topics:
        a. the termination of Grant Johnson.
        b. any alleged fraud or misconduct by Grant Johnson.
        c. any alleged failure by Grant Johnson to promote the interests of the company.
        d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
        e. the December 3, 2022 letter notifying Grant Johnson of his termination.
        f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

16

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 10:**

10. Produce all communications by or received by Warwick Bartlett that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group

selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.

e. the December 3, 2022 letter notifying Grant Johnson of his termination.

f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

## **OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

4879-4580-9254, v. 4

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 11:**

11. Produce all communications by or received by Dan Marks that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 12:**

12. Produce all communications by or received by Jenny Pace that discuss any of the following topics:
      a. the termination of Grant Johnson.
      b. any alleged fraud or misconduct by Grant Johnson.
      c. any alleged failure by Grant Johnson to promote the interests of the company.
      d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group

selling assets or obtaining loans while Grant Johnson remained the Chief Executive
Officer.
e. the December 3, 2022 letter notifying Grant Johnson of his termination.
f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated
Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent
on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021
until the present.

**<u>OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:</u>**

Defendant incorporates into its response the General Objections, and Defendant

specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is

overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks

documents protected by the attorney-client or work-product privilege, or which constitute material

prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible

remotely and/or are located outside of the United States and/or not within Defendant's possession,

custody, and control, as the burden and expense of producing the requested information outweighs

any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the

"opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague,

ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-

privileged documents and communications that are responsive to the Request that are stored

electronically and accessible remotely and/or located within the United States and within

Defendant's possession, custody, or control.

4879-4580-9254, v. 4

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 13:**

13. Produce all communications by or received by John Brackens that discuss any of the following topics:
    a. the termination of Grant Johnson.
    b. any alleged fraud or misconduct by Grant Johnson.
    c. any alleged failure by Grant Johnson to promote the interests of the company.
    d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
    e. the December 3, 2022 letter notifying Grant Johnson of his termination.
    f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 14:**

14. Produce all communications by or received by Michael Villani that discuss any of the following topics:
     a. the termination of Grant Johnson.
     b. any alleged fraud or misconduct by Grant Johnson.
     c. any alleged failure by Grant Johnson to promote the interests of the company.
     d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group

selling assets or obtaining loans while Grant Johnson remained the Chief Executive
Officer.
e. the December 3, 2022 letter notifying Grant Johnson of his termination.
f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated
Master Portfolio B ("Alto") .

Communications includes paper communications as well as e-mails, text messages, messages sent
on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021
until the present.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendant incorporates into its response the General Objections, and Defendant
specifically objects to this Request to the extent it is disproportionate to the needs of this case
pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is
overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks
documents protected by the attorney-client or work-product privilege, or which constitute material
prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to
the extent it seeks documents and communications that are not stored electronically and accessible
remotely and/or are located outside of the United States and/or not within Defendant's possession,
custody, and control, as the burden and expense of producing the requested information outweighs
any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the
"opinions" of a third-party.  Such Request, which lacks any definition or limitation, is vague,
ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-
privileged documents and communications that are responsive to the Request that are stored
electronically and accessible remotely and/or located within the United States and within
Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 15:**

15. Produce all communications by or received by Greg Page that discuss any of the following topics:
a. the termination of Grant Johnson.
b. any alleged fraud or misconduct by Grant Johnson.
c. any alleged failure by Grant Johnson to promote the interests of the company.
d. Aryton's opinions of Grant Johnson, including whether Aryton trusted or distrusted Grant Johnson and whether Aryton would consent to Esports Entertainment Group selling assets or obtaining loans while Grant Johnson remained the Chief Executive Officer.
e. the December 3, 2022 letter notifying Grant Johnson of his termination.
f. the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto") .
Communications includes paper communications as well as e-mails, text messages, messages sent on WhatsApp, and messages sent on Skype. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

4879-4580-9254, v. 4

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Defendant also objects to this Request to the extent it seeks documents concerning the "opinions" of a third-party. Such Request, which lacks any definition or limitation, is vague, ambiguous, unduly burdensome and improper.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

**<u>REQUEST NO. 16:</u>**

16. Produce all communications between Aryton and any member of the board of Esports Entertainment Group, Inc. that discuss any of the following topics:
>    the termination of Grant Johnson
>    any alleged fraud or misconduct by Grant Johnson
>    any alleged failure by Grant Johnson to promote the interests of the company
>    the December 3, 2022 letter notifying Grant Johnson of his termination
>    the March 28, 2022 letter from Alto Opportunity Master Fund, SPC – Segregated Master Portfolio B ("Alto")

26

Communications includes paper communications as well as e-mails, text messages, messages sent on applications such as WhatsApp or Skype, and communications over business communication platforms such as Slack or Microsoft Teams. The time period for this request is from April 1, 2021 until the present.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce

documents and whether Defendant will be withholding any responsive material on the basis of any

objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 17:**

17. Produce the minutes of the December 3, 2022 board meeting of Esports Entertainment Group,
Inc.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendant incorporates into its response the General Objections, and Defendant

specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is

overbroad.  Defendant also objects to this Request to the extent it seeks documents protected by

the attorney-client or work-product privilege, or which constitute material prepared for litigation

purposes.

Subject to and without waiving the foregoing objections, Defendant will produce any non-

privileged documents that are responsive to the Request, subject to an Executed Protective Order.

**REQUEST NO. 18:**

18. Produce all drafts of the December 3, 2022 letter from Jan Blackhurst notifying Grant Johnson
of his termination.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendant incorporates into its response the General Objections, and Defendant

specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is

overbroad.  Defendant also objects to this Request to the extent it seeks documents protected by

the attorney-client or work-product privilege, or which constitute material prepared for litigation

purposes.

4879-4580-9254, v. 4

Subject to and without waiving the foregoing objections, Defendant will produce the final version of the December 3, 2022 letter from Jan Blackhurst notifying Grant Johnson of his termination, which was sent to Grant Johnson. Defendant further responds that any other documents potentially responsive to this Request are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes, and will not be produced.

**REQUEST NO. 19:**

19. Produce all documents supporting your contention that Plaintiff committed "fraud and/or willful misconduct in the performance of his duties as CEO" as alleged in your filing at ECF 13, page 1 and your filing at ECF 18, page 1.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored

29

electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 20:**

20. Produce all documents supporting your contention that "Johnson made material representations on behalf of both himself and Esports, including but not limited to, that he would vote his shares in favor of the Aryton transaction, which Johnson later proved false by voting against the transaction" as alleged in your filing at ECF 13, page 4 and your filing at ECF 18, page 4.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 21:**

21. Produce all documents supporting your contention that the board minutes "reflect a 'cover up' by Johnson", as alleged in your filing at ECF 13, page 4 and your filing at ECF 18, page 4.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession,

custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 22:**

22. Produce all documents supporting your contention that "Esports can also demonstrate Johnson's misconduct caused serious injury to the company" as alleged in your filing at ECF 13, page 5 and your filing ECF 18, page 5.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to

the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 23:**

23. Produce all documents supporting your contention that "Johnson's fraud and misconduct was incapable of being cured because Aryton was not willing to consent to Esports selling assets or obtaining critical loans while Johnson was CEO" as alleged in your filing at ECF 13, page 5 and your filing at ECF 18, page 5.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks

documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 24:**

24. Your filings at ECF 13, page 5 and ECF 18, page 5 both state, with respect to certain cash and stock compensation Plaintiff allegedly earned prior to his termination, that "clear documentary evidence demonstrates Johnson forfeited and/or was not entitled to such alleged compensation." Produce this documentary evidence.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case

pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 25:**

25. Produce all documents supporting your contention that Plaintiff failed "to promote the Company as section 2.01(a)(i) requires", as alleged in your filing at ECF 18, page 5, footnote 2.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 26:**

26. Produce all documents supporting your truth defense to Plaintiff's claim for defamation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce

documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 27:**

27. Produce all documents supporting your defense of common interest qualified privilege to Plaintiff's claim for defamation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

4879-4580-9254, v. 4

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 28:**

28. Produce all notes and minutes of any meeting of two or more members of the board – whether designated as official board meetings, special meetings, or not official – that discuss the termination of Grant Johnson, the proposed or potential termination of Grant Johnson (if prior to the termination), or the previous termination of Grant Johnson (if after the termination).

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.  Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

4879-4580-9254, v. 4

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above.  Defendant reserves the right to supplement these responses and objections.

**REQUEST NO. 29:**

29. Produce documents sufficient to show the vote of each member of the board of Defendant in the vote on debt conversion finalized December 20, 2021 and discussed in Defendant's December 3, 2022 termination letter to Plaintiff on page 3, paragraph 2.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1).  Defendant also objects to this Request to the extent it is overbroad.  Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

Subject to and without waiving the foregoing objections, Defendant will produce any non-privileged documents that are responsive to the Request, subject to an Executed Protective Order.

**REQUEST NO. 30:**

30. Produce all e-mails from or to Plaintiff's former e-mail account at Defendant which discuss any of the following topics:
    a. Plaintiff's entitlement to stock, cash, or bonuses under his employment agreement.
    b. Plaintiff's requests or demands for stock, cash, or bonuses under his employment agreement.
    c. negotiations with Aryton.

40

The time period for this request is February 1, 2020 until January 3, 2023.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant incorporates into its response the General Objections, and Defendant specifically objects to this Request to the extent it is disproportionate to the needs of this case pursuant to Fed. R. Civ. P 26(b)(1). Defendant also objects to this Request to the extent it is overbroad, vague, and ambiguous. Defendant also objects to this Request to the extent it seeks documents protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendant also objects to this Request as unduly burdensome to the extent it seeks documents and communications that are not stored electronically and accessible remotely and/or are located outside of the United States and/or not within Defendant's possession, custody, and control, as the burden and expense of producing the requested information outweighs any potential benefit.

Subject to and without waiving the foregoing objections, Defendant will produce all non-privileged documents and communications that are responsive to the Request that are stored electronically and accessible remotely and/or located within the United States and within Defendant's possession, custody, or control.

Defendant proposes and requests to meet and confer with Plaintiff to discuss search terms reasonably calculated to narrow the scope of documents to be reviewed to yield documents responsive to this Request.

Given the continuing nature of this broad request and undue burden to collect and review potentially responsive documents, it is premature to determine when Defendant will produce documents and whether Defendant will be withholding any responsive material on the basis of any objection noted above. Defendant reserves the right to supplement these responses and objections.

4879-4580-9254, v. 4

Dated:    Mineola, New York
          June 5, 2023

               **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

              By:     <u>/s/ Michael H. Masri</u>
                       Michael H. Masri, Esq.
                       Steven E. Frankel, Esq.
                       *Attorneys for Defendant*
                       190 Willis Avenue
                       Mineola, New York 11501
                       (516) 747-0300

To:     Alan L. Frank, Esq.
         **Alan L. Frank Law Associates, P.C.**
         *Counsel for Plaintiff*
         45 Broadway, Suite 720
         New York, NY 10006
         afrank@alflaw.net