EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
GRANT JOHNSON,

                        Plaintiff,          Case No: 1:22-cv-10861 (PGG)

-against-

ESPORTS ENTERTAINMENT GROUP, INC.,

                        Defendant.
---------------------------------------------------------------- X

## DEFENDANT'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York, Defendant Esports Entertainment Group, Inc. ("Defendant"), by its attorneys, Meltzer, Lippe, Goldstein & Breitstone, LLP, requests that Plaintiff Grant Johnson ("Plaintiff") answer, in writing, separately and under oath, the following Interrogatories at the offices of Defendant's counsel within thirty (30) days.

Esports reserves the right to supplement its Interrogatories, including if and when it asserts any counterclaims.

## INSTRUCTIONS

In answering these Interrogatories, furnish all information available to Plaintiff, including information in the possession of his attorneys, investigators and all persons acting on his behalf. If, after exercising due diligence, Plaintiff cannot answer any Interrogatory in full; please so state and answer to the extent possible. Please specify the reason(s) why Plaintiff is unable to answer the remainder and state whatever information or knowledge Plaintiff has concerning the unanswered portions.

The Interrogatories which follow are to be considered as continuing, and Plaintiff is requested to provide, by way of supplemental answers thereto, such additional information or documents as Plaintiff or any persons acting on his behalf may hereafter obtain which will augment, clarify or otherwise modify the answers now given to these Interrogatories Such supplemental responses are to be filed and served upon counsel for Defendant at the below-mentioned address, within thirty (30) days after Plaintiff knows, or should know, of such information or documents.

## DEFINITIONS AND INSTRUCTIONS

As used herein, the following terms shall have the meanings indicated below:

(a) "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). "Document" includes, without limiting the generality of its meaning, all original (or copies where originals are unavailable) and non-identical copies (where different from originals) of any printed, typewritten, handwritten or otherwise recorded or graphic matter of whatever character, however produced or reproduced, whether or not now in existence, including but not limited to, contracts, files, agreements, emails, text messages (on any electronic platform or application), correspondence, telegrams, notes or video and/or sound recordings of any type of conversation, meeting or conference, memoranda, graphs, charts, inter-office communications, jottings, announcements, depositions, affidavits, photographs, motion pictures, studies, analyses, reports, summaries and results of investigations and tests, reviews, statistical records, ledgers, books of account, vouchers, bank checks, handbooks, manuals, bank statements, audit reports and other statements, invoices, receipts, confirmations, computer-developed, stored or produced

data, notebooks, desk calendars, appointment books, newspaper articles, diaries or papers similar to any of the foregoing, however entitled, denominated or described.

(b)     "To identify," with respect to persons, means to give, to the extent known, the person's full name, present or last known address, telephone number, and the present or last known place of employment.

(c)     "To identify," with respect to documents, means to give, to the extent known, the (i) existence of such document; (ii) type of document; (iii) general description of its contents; (iv) date of the document; (v) author(s), addressee(s) and recipient(s); (vi) current custodian and/or location of the document; and (vii) to provide a copy of the document.

(d)     "Concerning" means relating to, referring to, describing, evidencing or constituting.

(e)     "Plaintiff" or "Johnson" mean Grant Johnson.

(f)     "Defendant" or "Esports" mean Esports Entertainment Group, Inc.

(g)     If any document identified herein was but no longer is in Plaintiff's possession, custody, or control because of destruction, loss, or any other reason, then, with respect to each and every such document: (i) describe the nature of the document (e.g., letter of memorandum); (ii) state the date of the document; (iii) identify the persons who sent and received the original and copies of the document; (iv) state in as much detail as possible the contents of the documents; and (v) state the manner and date of disposition of the document, e.g., lost, destroyed, transferred (whether voluntarily or involuntarily, etc.).

(h)     Whenever, in answer to these Interrogatories, the Plaintiff refers to a conversation or oral statement, answering party shall give the date and place thereof, the identity of the person

3

speaking, the identity of all persons present, and the substance of the conversation or oral statement.

(i)   If privilege is claimed as a ground for not answering any Interrogatory, or if any Interrogatory is otherwise objected to, describe: (a) the nature of the documents, communications or things not produced; and (b) the basis for the claim of privilege or other objections to each Interrogatory or Interrogatory part in sufficient detail so as to permit the Court to adjudicate the validity of the claim or objection, and describe all documents which refer or relate to the information requested.

(j)   "Complaint" refers to the Plaintiff's First Amended Complaint filed February 28, 2023 (ECF NO. 17), which is the most recent, operative complaint filed in this litigation.

(k)   "Ayrton" means Ayrton Capital LLC (a/k/a Aryton Capital LLC), its predecessors, successors, employees, agents, officers, directors, representatives, managers, supervisors, independent contractors, and any other persons acting under its name or authority or on its behalf.

***PLEASE REFER TO ALL DEFINITIONS ABOVE IN RESPONDING TO THESE INTERROGATORIES. PLEASE NOTE THAT IN IDENTIFYING A DOCUMENT, A COPY OF ANY SO IDENTIFIED DOCUMENT IS TO BE PRODUCED.***

### INTERROGATORIES

1.   Identify all witnesses with knowledge of documents or information relevant to the allegations in Plaintiff's Complaint.

2.   Identify all witnesses with knowledge of documents or information relevant to Plaintiff's communications with Ayrton.

3. Identify all of Johnson's "Affiliates" as referenced in section 4.11(d) of the Securities Purchase Agreement, annexed as Exhibit D to the Complaint.

4. Identify all witnesses with knowledge of documents or information relevant to Plaintiff's vote with respect to Defendant's transaction with Ayrton, as referenced in Paragraph 21 of the Complaint.

5. Identify all trustees and beneficiaries of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.

6. Identify all persons who had the ability to exercise control over the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.

7. Identify any documents used in responding to any of the Interrogatories contained herein.

8. Identify all documents and written communications relevant to the allegations in Plaintiff's Complaint.

9. Identify all documents relevant to Plaintiff's allegations concerning his claim that Defendant allegedly failed to pay him agreed-upon compensation, including base salary and bonuses.

10. Identify all documents relevant to Plaintiff's allegations concerning his claim that he has suffered damages as a result of Defendant's alleged defamation.

11. Set forth the total amount of monetary damages Plaintiff contends he is owed in this action and explain how said sum is calculated.

**PLEASE NOTE THAT WHEN DOCUMENTS ARE IDENTIFIED IN RESPONSE TO THE PRECEDING INTERROGATORIES, COPIES OF SAID DOCUMENTS ARE TO BE PRODUCED PURSUANT TO DEFINITION (c) HEREOF.**

Dated: Mineola, New York
May 18, 2023

                                          **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**

                                          By: _____
                                          Michael H. Masri, Esq.
                                          Steven E. Frankel, Esq.
                                          *Attorneys for Defendant*
                                          *Esports Entertainment Group, Inc.*
                                          190 Willis Avenue
                                          Mineola, New York 11501
                                          (516) 747-0300

To:    Alan L. Frank, Esq.
        Alan L. Frank Associates, P.C.
        *Attorneys for Plaintiff*
        *Grant Johnson*
        45 Broadway, Suite 720
        New York, New York 10006

6