EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
GRANT JOHNSON,

                        Plaintiff,                Case No: 1:22-cv-10861 (PGG)

-against-

                                                    **DEFENDANT'S**
ESPORTS ENTERTAINMENT GROUP, INC.,     **INITIAL DISCLOSURES**

                        Defendant.
------------------------------------------------------------ X

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1), defendant ESPORTS ENTERTAINMENT GROUP, INC. ("Esports" or "Defendant"), by its attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, makes the following initial disclosures. Esports reserves the right to supplement the responses provided herein if additional information becomes available.

These initial disclosures are based on information presently available to Esports and are provided without prejudice to producing or relying upon, during discovery or at trial, information, or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from these disclosures. Esports reserve the right to supplement, modify, amend or correct the disclosures made herein as additional information becomes available.

Esports expressly reserves all objections to the use, for any purpose, of these initial disclosures or any of the information and documents referenced herein. By referring to or producing any documents as part of the initial disclosure process, Esports makes no representations or concessions regarding the relevance or admissibility of any particular information or document, and expressly reserves the right to object on any appropriate grounds,

including but not limited to overbreadth, burden, attorney-client privilege and attorney work product protection, or that any document request is overbroad as to time frame or otherwise.

By identifying individuals as part of the initial disclosure process, Esports makes no representations and waives no objections regarding the knowledge or competence of any particular individual and expressly reserves the right to object on any appropriate grounds, including but not limited to relevance, burden, competence, attorney-client privilege and attorney work product protection, to the deposition or the particular testimony of any individual.

Esports' disclosures represent a good faith effort to identify information it reasonably believes to be required by Rule 26(a)(1). The disclosures set forth below are made subject to the above objections and qualifications.

Esports reserves the right to supplement its initial disclosures, including if and when it asserts any counterclaims.

### Initial Disclosure - Rule 26(a)(1)(A)(i):

The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

### Response to Initial Disclosure under Rule 26(a)(1)(A)(i):

Defendant identifies the following individuals likely to have discoverable information Defendant may use to support its claims or defenses, pursuant to Fed. R. Civ. P. 26(a)(1)(A). Defendant does not consent to or authorize any communications by plaintiff Grant Johnson ("Johnson") with Defendant's employees, officers, directors or attorneys, whether formerly or presently associated with or employed by Defendant, and does not consent to or authorize any

2

communication otherwise prohibited by all applicable rules of professional conduct. All such individuals may be contacted through counsel for Defendant.

Subject to the foregoing qualifications, Defendant discloses the following:

| Witnesses | Relevant Subject Matter(s) |
|---|---|
| **Lydia Roy**<br>Esports Entertainment Group, Inc.<br>c/o Meltzer, Lippe, Goldstein &<br>Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Esports' termination of Johnson for cause.<br><br>Johnson's misconduct. |
| **David Williams**<br>Esports Entertainment Group, Inc.<br>c/o Meltzer, Lippe, Goldstein &<br>Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Johnson's misconduct. |
| **Greg Page**<br>Esports Entertainment Group, Inc.<br>c/o Meltzer, Lippe, Goldstein &<br>Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Esports' termination of Johnson for cause.<br><br>Johnson's misconduct. |
| **Jenny Pace**<br>Esports Entertainment Group, Inc.<br>c/o Meltzer, Lippe, Goldstein &<br>Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Johnson's compensation. |
| **Magnus Leppaniemi**<br>Esports Entertainment Group, Inc.<br>(formerly)<br>c/o Meltzer, Lippe, Goldstein &<br>Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Johnson's misconduct. |

| Witnesses | Relevant Subject Matter(s) |
|---|---|
| **Daniel Marks**<br>Esports Entertainment Group, Inc. (formerly)<br>c/o Meltzer, Lippe, Goldstein & Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Johnson's compensation.<br>Esports' transaction with Ayrton. |
| **Jan Jones Blackhurst**<br>Esports Entertainment Group, Inc. (Director)<br>c/o Meltzer, Lippe, Goldstein & Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Esports' termination of Johnson for cause.<br>Johnson's misconduct. |
| **Damian Mathews**<br>Esports Entertainment Group, Inc. (Director)<br>c/o Meltzer, Lippe, Goldstein & Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Esports' termination of Johnson for cause.<br>Johnson's misconduct.<br>Esports' transaction with Ayrton. |
| **Alan Alden**<br>Esports Entertainment Group, Inc. (Director)<br>c/o Meltzer, Lippe, Goldstein & Breitstone, LLP<br>190 Willis Avenue<br>Mineola, New York 11501<br>(516) 747-0300 | Esports' termination of Johnson for cause.<br>Johnson's compensation.<br>Johnson's misconduct.<br>Esports' transaction with Ayrton. |
| **Grant Johnson** | Esports' termination of Johnson for cause.<br>Johnson's compensation.<br>Johnson's misconduct.<br>Esports' transaction with Ayrton. |
| **Jennifer Johnson** | Johnson's compensation.<br>Johnson's misconduct. |

4854-8631-7146, v. 2

| Witnesses | Relevant Subject Matter(s) |
|---|---|
| Wakas Khatri<br>c/o Ayrton Capital LLC<br>55 Post Rd. West, 2nd Floor<br>Westport, Connecticut 06880 | Esports' transaction with Ayrton.<br>Johnson's misstatements and other misconduct with respect to Esports' transaction with Ayrton. |

Defendant reserves the right to identify and call as witnesses additional persons if Defendant learns during the course of their investigation and discovery that such persons have knowledge of discoverable information that Defendant may use to support its claims or defenses. The fact that persons are identified herein is not a waiver of any privileged communications to which such person(s) was a party.

### Initial Disclosure - Rule 26(a)(1)(A)(ii):

A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

### Response to Initial Disclosure under Rule 26(a)(1)(A)(ii):

- Johnson's Employment Agreement.
- Johnson's notice of termination.
- Documents concerning Esports' transaction with Ayrton.
- Documents concerning Johnson's vote concerning the transaction with Ayrton.
- Documents concerning Johnson's allegations regarding compensation.
- Documents concerning Johnson's defamation allegations.
- Documents concerning Johnson's misconduct.

Esports reserves the right to supplement these disclosures.

## Initial Disclosure - Rule 26 (a)(1)(A)(iii):

A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

## Response to Initial Disclosure under Rule 26(a)(1)(A)(iii):

This initial disclosure is not applicable to Esports at this stage but reserves the right to supplement this response if and when it asserts any counterclaims. Esports also reserves the right to seek costs, fees and sanctions in this action if appropriate.

## Initial Disclosure - Rule 26(a)(1)(A)(iv):

For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## Response to Initial Disclosure under Rule 26 (a)(1)(A)(iv):

Not applicable.

Date:  Mineola, New York
       May 18, 2023

                        **MELTZER, LIPPE, GOLDSTEIN**
                        **& BREITSTONE, LLP**

By: _/s/_
Michael H. Masri, Esq.
Steven E. Frankel, Esq.
*Attorneys for Defendant*
*Esports Entertainment Group, Inc.*
190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300
mmasri@meltzerlippe.com
sfrankel@meltzerlippe.com

To:  Alan L. Frank, Esq.
     Alan L. Frank Associates, P.C.
     *Attorneys for Plaintiff*
     *Grant Johnson*
     45 Broadway, Suite 720
     New York, New York 10006