EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

Grant Johnson,

        Plaintiff,                  Civil Action
                                         Docket No. 1:22-cv-10861

v.

Esports Entertainment Group, Inc.,

        Defendant.
-----------------------------------------------------------

## PLAINTIFF'S INITIAL DISCLOSURES

**A.**     **Individuals likely to have discoverable information.**

    1. Grant Johnson

Grant Johnson is the Plaintiff in this case and has knowledge of the allegations in his pleadings. Grant Johnson may only be contacted through counsel.

    2. Damian Mathews
    69 De Luene Ave, Tindalls Beach Wangararaoa Auckland New Zealand

Damian Mathews is a current or former member of Defendant's board. Damian Mathews has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant.

    3. Stuart Tilly
    87 Luton Rd Harpenden, Herts, Al5 3BL UK
    44 (0) 7791 001 029

Stuart Tilly is a current or former member of Defendant's board. Stuart Tilly has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant.

    4. Alex Lim
    415-903, 61 Hi-Park 3-ro Ilsanseo-gu, Goyang-si, Gyeonggido, Korea 411-809
    82-10-4653-9607

Alex Lim is a current or former member of Defendant's board. Alex Lim has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant.

    5. Mark Neilsen

Mark Neilsen is a current of former member of Defendant's board. Mark Neilsen has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant.

6. Kaitesi Munroe
330 Angelo Cefellie Dr Apt 318 Harrison NJ 07029
(201) 360-7671
Kaitesi Munroe is a former member of Defendant's board. Kaitesi has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, and Plaintiff's work while employed by Defendant.

7. Alan Alden
202 Yucca, Triq Is-Swieql, Malta SWQ 3454
Alan Alden is a current or former member of Defendant's board. Alan Alden has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

8. Daniel Marks
21 Lockwood Rd, Riverside CT 06878
1-(203) 979-1750
Daniel Marks is a current or former member of Defendant's board. Daniel Marks has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

9. Warwick Bartlett
Rose Cottage, 28 Bowling Green Rd Castledown, Isle of Man IM9 1EB
01624 823886
0762 448391
Warwick Bartlett is a current or former member of Defendant's board. Warwick Bartlett has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

10. Jenny Pace
IL-Pajazza Block D Floor 6 Triq BirBal Mal Balzan Malta
Jenny Pace is the head of Defendant's HR. Jenny Pace has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

11. John Brackens
2 triq- Is-Simar The Terraces Apt 7A Xemxija, St. Paul's Bay Malta SPB 9026

John Brackens is Defendant's CTO and a former director. John Brackens has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

12. Michael Villani
84 Festival Court, NY 10603
Michael Villani is Defendant's interim CFO and former comptroller. Michael Villani has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

13. Greg Page
1750 FM423 Apt 822, Frisco, TX 75033
Greg Page is Defendant's current or former head of compliance. Greg Page has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

14. Waqas Khatri
Alto Fund address-1180 Avenue Of Americas, Suite 842, New York, NY, 10036, United States
1 646-793-9056

15. Joseph Lucosky
111 Broadway, Suite 807, New York, NY 10006
(732) 395-4402
(212) 417-8160
Joseph Lucosky is or was corporate counsel for Defendant. Joseph Lucosky has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

16. Jon Uretsky
Phillipson & Uretsky - 111 Broadway 8th Floor New York, NY 10008
John Uretsky has knowledge of the accusations of fraud and Defendant's decision that there was no merit to the accusations of fraud.

17. Anna Adelstein
Phillipson & Uretsky - 111 Broadway 8th Floor New York, NY 10008
Anna Adelstein has knowledge of the accusations of fraud and Defendant's decision that there was no merit to the accusations of fraud.

18. Willem VanderBerg
601 Route 73 North, Suite 400, Marlton NJ 08053

Willem VanderBerg has knowledge of the accusations of fraud and Defendant's decision that there was no merit to the accusations of fraud.

19. Justin VanFleet
601 Route 73 North, Suite 400, Marlton NJ 08053
Justin VanFleet has knowledge of the accusations of fraud and Defendant's decision that there was no merit to the accusations of fraud.

20. Lydia Roy
9595 Highland Pointe Pass  Delray Beach, Florida 33446
Lydia Roy is Defendant's corporate secretary.  Lydia Roy has knowledge of Defendant's decision to reject the allegations of fraud in the Alto letter, Defendant's decision to terminate Plaintiff, Defendant's dealings with Aryton, the vote on debt conversion, and Plaintiff's work while employed by Defendant

**B.     Documents in Plaintiff's, possession, custody, or control which may be used to support claims.**

1. Employment agreement.

2. Termination letter.

3. Minutes of board meetings.

4. Securities purchase agreement.

5. Senior convertible note.

6. Defendant's SEC filings.

**C.     Computation of damages.**
   a.     Bonus for the year 2021 (section 3.03 – derived from table in section 3.03 based on achieving revenues of $16,783,914 against a target of $13,000,000): $450,000
   b.     Stock (section 3.04): $1,150,000.
          100,000 shares which would have been registered by July 2021 at a price of $10.50 per share, and 100,000 shares which would have been registered in March 2022 at a price of $1 per share.
   c.     Salary (section 3.01 – base compensation of $300,000 plus 3% annual increases through the end of Plaintiff's initial term as provided in article I):
          2021: $9,000.00.
          2022: $18,273.00
          2023: $337,655.00
          2024: $347,765.00
          $712,693.00
   d.     Car (section 4.03):

4

      2022: $800.00.
      2023: $9,600.00.
      2024: $9,600.00.
      $20,000.00
  e. Life insurance (section 4.06):
      2020: $1,932.00
      2021: $1,932.00
      2022: $1,932.00
      2023: $1,932.00
      2024: $1,932.00
      $9,660.00
  f. Tax accounting (section 4.08):
      2020: $2,700.00
      2021: $2,700.00
      2022: $2,700.00
      2023: $2,700.00
      2024: $2,700.00
      $13,500.00
  g. Tax planning (section 4.08):
      2022: $14,946.00
  h. Vacation (section 4.02):
      2023: $32,466.00
      2024: $33,438.00
      $65,904.00
  i. Personal days (section 4.02):
      2023: $6,493.00
      2024: $6,687.00
      $13,180.00

Total (a + b + c + d + e + f + g + h + i): $2,449,883

Plaintiff is also entitled to an award of attorney's fees under section 9.02 of the Employment Agreement, plus interest and costs of suit.

Finally, Plaintiff is entitled to damages for his defamation claim.

**D.** **Insurance agreements.**

Not applicable as Defendant has not asserted a counterclaim.

                Respectfully submitted,

                /s/ Alan L. Frank
                Alan L. Frank, Esq.
                Alan L. Frank Law Associates, P.C.
                45 Broadway, Suite 720
                New York, NY 10006
                  And
                135 Old York Road
                Jenkintown, PA 19046
                215-935-1000
                215-935-1110 (fax)
                afrank@alflaw.net
                Counsel for Plaintiffs

May 18, 2023