EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
GRANT JOHNSON,

                Plaintiff,                Case No: 1:22-cv-10861 (PGG)

-against-

ESPORTS ENTERTAINMENT GROUP, INC.,    **DEFENDANT'S SUPPLEMENT TO INITIAL DISCLOSURES**

                Defendant.
------------------------------------------------------------- X

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(a)(1), defendant ESPORTS ENTERTAINMENT GROUP, INC. ("Esports" or "Defendant"), by its attorneys Meltzer, Lippe, Goldstein & Breitstone, LLP, makes the following supplement to its initial disclosures. Esports reserves the right to supplement the responses provided herein if additional information becomes available.

These disclosures are based on information presently available to Esports and are provided without prejudice to producing or relying upon, during discovery or at trial, information, or documents that are (i) subsequently discovered; (ii) subsequently determined to be relevant for any purpose; or (iii) subsequently determined to have been omitted from these disclosures. Esports reserve the right to supplement, modify, amend or correct the disclosures made herein as additional information becomes available.

Esports expressly reserves all objections to the use, for any purpose, of these initial disclosures or any of the information and documents referenced herein. By referring to or producing any documents as part of the initial disclosure process, Esports makes no representations or concessions regarding the relevance or admissibility of any particular information or document, and expressly reserves the right to object on any appropriate grounds,

including but not limited to overbreadth, burden, attorney-client privilege and attorney work product protection, or that any document request is overbroad as to time frame or otherwise.

By identifying individuals as part of the initial disclosure process, Esports makes no representations and waives no objections regarding the knowledge or competence of any particular individual and expressly reserves the right to object on any appropriate grounds, including but not limited to relevance, burden, competence, attorney-client privilege and attorney work product protection, to the deposition or the particular testimony of any individual.

Esports' disclosures represent a good faith effort to identify information it reasonably believes to be required by Rule 26(a)(1). The disclosures set forth below are made subject to the above objections and qualifications.

Esports reserves the right to supplement its initial disclosures.

**Initial Disclosure - Rule 26 (a)(1)(A)(iii):**

A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**Supplemental Response to Initial Disclosure under Rule 26(a)(1)(A)(iii):**

Defendant is entitled to an award of approximately $6,000,000 on its first counterclaim for breach of contract. The damages are a result of Plaintiff's misconduct, which caused Defendant and Plaintiff individually to breach their contract with Alto Opportunity Master Fund, SPC ("Ayrton") and caused Defendant to default on its payment obligations to Ayrton.

Defendant refers Plaintiff to the Esports 10-Q for the period ending December 31, 2021 for additional information.

Defendant is also entitled to damages in an amount to be determined at trial on its second counterclaim for breach of the duty of loyalty (faithless servant doctrine). Pursuant to the faithless servant doctrine, Defendant's damages for Plaintiff's misconduct equate to the amount of compensation paid to Plaintiff during the period of his disloyalty, plus interest and costs.

Defendant is also entitled to an award of attorney's fees under section 9.02 of the Employment Agreement, plus interest and costs.

Date: Mineola, New York
June 12, 2023

MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP

By: _____
Michael H. Masri, Esq.
Steven E. Frankel, Esq.
*Attorneys for Defendant*
*Esports Entertainment Group, Inc.*
190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300
mmasri@meltzerlippe.com
sfrankel@meltzerlippe.com

To: Alan L. Frank, Esq.
Alan L. Frank Associates, P.C.
*Attorneys for Plaintiff*
*Grant Johnson*
45 Broadway, Suite 720
New York, New York 10006

3

4860-0276-4391, v. 2