EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
Grant Johnson,

                         Plaintiff,                           Case No: 1:22-cv-10861 (PGG)

            -against-

Esports Entertainment Group, Inc.,

                         Defendant.
------------------------------------------------------------------ X

## DEFENDANT'S SECOND SET OF DEMANDS FOR
## THE PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 34 of the Federal Rules of
Civil Procedure and the corresponding Local Rules of the United States District Court for the
Southern District of New York (the "Local Rules"), plaintiff Grant Johnson ("Johnson" or
"Plaintiff") is hereby required to produce and permit discovery by defendant Esports
Entertainment Group, Inc. ("Esports" or "Defendant"), or someone acting on its behalf, of the
following documents and things, or a true copy thereof, within thirty (30) days, at the offices of
Meltzer, Lippe, Goldstein & Breitstone, LLP, located at 190 Willis Avenue, Mineola, New York
11501 at 10:00 a.m., at which time they will be physically inspected, copied or mechanically
reproduced and then returned.

Esports reserves the right to supplement its demands for the production of documents,
including if and when it asserts any counterclaims.

## DEFINITIONS AND INSTRUCTIONS

1.       Esports hereby incorporates the Uniform Definitions in Discovery Requests
contained in Rule 26.3 of the Local Rules in addition to the following definitions:

2.       The term "Johnson" shall refer to plaintiff Grant Johnson, and to any other persons acting under any his authority or on his behalf.

3.       The term "Esports" shall refer to defendant Esports Entertainment Group, Inc., and to its employees, agents, officers, directors, managers, supervisors, attorneys, predecessors, successors, independent contractors, and any other persons acting under its name or authority.

4.       The term "Employment Agreement" shall refer to the employment agreement annexed as Exhibit A to the Complaint.

5.       The term "Person" means an individual or corporation, partnership, trust, incorporated or unincorporated association, joint venture, limited liability company, joint stock company, government (or an agency or subdivision thereof) or other entity of any kind.

6.       The term "Affiliate" shall mean any Person that, directly or indirectly through one or more intermediaries, controls or is controlled by or is under common control with a Person, as such terms are used in and construed under Rule 405 under the Securities Act.

7.       The term "Litigation" refers to the instant action entitled *Grant Johnson v. Esports Entertainment Group, Inc.,* (Case No: 1:22-cv-10861 (PGG)).

8.       The term "including" shall mean including, without limitation.

9.       The temporal scope of these demands shall be from January 1, 2019 through the time of trial unless otherwise stated.

10.      In the event that any document called for by this notice to produce is not produced:

   a.   identify each such document;

   b.   set forth the reason why the document has not been produced (*e.g.,* not in your custody, possession or control, destruction, claim of privilege), and

4862-4040-1000, v. 2

      c.  if the document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, within a privilege log, including, without limitation, the addressor, the addressee, the author of the document, the number of pages, attachments and appendices, the date of the document, its general subject matter, the identities of each individual or entity to whom the document or a copy was transmitted, and the relationships of the persons transmitting and receiving each such document or a copy thereof or to whom the information therein was disclosed or discussed, and state the nature of the privilege asserted, if any.

11.     If any document responsive to these demands has been lost, destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

12.     These demands seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

13.     Questions regarding the interpretation of these demands should be resolved in favor of the broadest possible construction.

14.     These demands are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now

4862-4040-1000, v. 2

given to these demands. Such supplementary responses are to be served upon counsel for Esports within thirty (30) days after receipt of such information or documents.

15.     Each demand shall be construed independently, unless otherwise indicated. No demand shall be construed by reference to any other demand for the purpose of limiting the scope of response to such demand.

16.     All terms that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, and vice versa, as may be necessary to bring within the scope of a demand all documents that might otherwise be construed to be outside its scope.

17.     All electronically stored information must be produced, with Bates numbering, in either PDF format or native format (*i.e.*, the format in which the information is stored).

## DOCUMENTS DEMANDED

1. All documents and communications concerning employment agreements between Johnson and Esports at any time, including all versions of each employment agreement and any amendments thereto.

2. All documents and communications concerning Johnson's claim for defamation.

3. All documents and communications concerning Johnson's claim that he suffered damages as a result of the alleged defamation.

4. All documents and communications relating to the amount of shares in Esports owned by Johnson between January 2020 and the present.

5. All documents and communications relating to the amount of shares in Esports owned by any of Johnson's Affiliates, including any trusts, between January 2020 and the present.

6. All documents and communications with and/or concerning David Williams.

7. All documents and communications with and/or concerning Wakas Khatri.

4

8.  All documents and communications with and/or concerning Magnus Leppaniemi.

9.  All documents and communications concerning the price of Esports shares.

10. All documents and communications concerning Esports with marketing companies and
    public relations companies.

11. All communications with Alan Frank and Evan Frank unrelated to this litigation that are not
    privileged.

Date:   Mineola, New York
        June 12, 2023

                        MELTZER, LIPPE, GOLDSTEIN
                        & BREITSTONE, LLP

                        By:

                        Michael H. Masri, Esq.
                        Steven E. Frankel, Esq.
                        *Attorneys for Defendant Esports Entertainment Group, Inc.*
                        190 Willis Avenue
                        Mineola, New York 11501
                        T: (516) 747-0300
                        mmasri@meltzerlippe.com
                        sfrankel@meltzerlippe.com

To:     Alan L. Frank, Esq.
        Alan L. Frank Associates, P.C.
        *Attorneys for Plaintiff Grant Johnson*
        45 Broadway, Suite 720
        New York, New York 10006

4862-4040-1000, v. 2