EXHIBIT 11



**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Phone: (516) 747-0300*
*E-mail: mmasri@meltzerlippe.com*

June 26, 2023

**VIA EMAIL – afrank@alflaw.net**
Alan L. Frank, Esq.
Alan L. Frank Law Associates, P. C.
135 Old York Road
Jenkintown, PA 19046

Re: **Johnson v. Esports Entertainment Group, Inc.**
**U.S. District Ct., SDNY, Case No. 1:22-cv-10861 (PGG)**

Dear Mr. Frank:

In advance of today's meet and confer, we write with deficiencies to Plaintiff's documents, which we received last Friday, June 23, 2023. Below we identify a number of requests we believe are incomplete or insufficient. We welcome the opportunity to discuss this with you during today's conference call.

Preliminarily, we noticed that you responded that Plaintiff "is producing" or "will produce" documents responsive to an individual request. While we understand that Plaintiff's document production is not complete, please provide the date by which you will produce all remaining responsive documents in Plaintiff's possession, custody, or control.

**Requests For Which Plaintiff Produced No Documents**

We have reviewed the documents that you produced in response to our document request. There do not appear to be any documents that are responsive to the following requests:

Request 3. Plaintiff has not produced any documents or communications concerning the negotiations of the Employment Agreement.

Request 6. Plaintiff expressly failed to produce any documents or communications. Plaintiff does not have to speculate about what harm Defendant alleges and can determine such harm based upon the fact that Request 6 specifically references the letter dated December 3, 2022, a copy of which is annexed as Exhibit B to the Complaint.

Requests 30 through 38 and 41 through 48. Plaintiff did not produce any documents responsive to these requests. Instead, Plaintiff objected to each request in their entirety.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
Alan Frank, Esq.
June 26, 2023
Page 2 of 3

Also, with respect to Request 58, please advise us about Plaintiff's effort's to determine whether Esports computer access links emailed by Plaintiff to his personal email address prior to the termination of his engagement by Esports.

Please supplement your production to provide copies of all the documents in your possession, custody, or control that are responsive to these requests. If you believe that you did produce responsive documents, please identify those documents by Bates numbers, by title, or by other means which will enable us to readily locate them.

**Requests For Which Production Was Incomplete**

There do not appear to be complete responses for each of the Requests Plaintiff claims he "is producing" responsive documents: 1 through 5, 7 through 15, 19 through 21, 24, 26 through 29, 49, 51, 52, 54, 55, 59, 60, 62 through 65, 73, and 74.

With respect to Request 61 -- *All calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports* -- Plaintiff did not produce documents supporting Plaintiff's calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.

With respect to Requests 73 and 74, Plaintiff has not produced all responsive documents and communications upon which Plaintiff intends to rely to (a) establish the claims in his Complaint and (b) establish his defenses to Esports' counterclaims, if any.

Please supplement your production to provide copies of all the documents in your possession, custody, or control that are responsive to these requests as well as Requests Plaintiff claims he "will produce" – Requests 23, 23, 50, 53, and 67 through 70. If you do not have any further responsive documents, or if you do not have the specific missing documents described above, please state that and explain in detail why there are no such documents. If there are responsive documents that are no longer in your possession, custody, or control (e.g., which have been lost or destroyed), please explain why in detail.

**Requests For Which Plaintiff Refused To Produce Documents On The Basis Of Privilege**

Plaintiff objected to Requests 56 and 57 and refused to produce some or all of the otherwise responsive documents on the basis of attorney-client privilege. We believe the documents and communications requested are not privileged because prior to December 3, 2023, Plaintiff's communications with you or your law firm would not have been for litigation purposes and would have been concerning Plaintiff's position as Esports' Chairman and CEO. Therefore, Plaintiff cannot assert the attorney-client privilege over these documents and communications. At the very least, you should provide a privilege log and supplement your response and production with all responsive documents in your possession, custody, or control immediately.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
Alan Frank, Esq.
June 26, 2023
Page 3 of 3

### Plaintiff's Laptop and Mobile Phone

    Plaintiff's claim that Esports did not provide Plaintiff with a laptop or mobile phone does not relieve Plaintiff (and his wife) of the obligation to produce any laptop and mobile phone that Plaintiff or his wife used in connection with Esports.

    If you disagree with our assessment of the responses above, please explain why.

    We are hopeful that we can resolve these matters without motion practice during our conference call this afternoon, in accordance with Fed. R. Civ. P. 37(a)(1). We look forward to speaking with you on this matter.

Very truly yours,

Michael H. Masri, Esq.

MHM:cjc

cc:    Evan Frank, Esq. (via email only)
        Client (via email only)