ALAN L. FRANK ●*+ː
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+ꝺ△
JORDAN E. FRANK *+ː
JACLYN H. FRANK *+ꝺ
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH

● Certified by the NJ Supreme Court
  as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
ː MEMBER NY BAR
ꝺ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
### Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: ___7/20/2023___

July 14, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    **Johnson v. Esports Entertainment Group**
               **Civil Case 1:22-cv-10861 – Discovery.**

Dear Judge Gardephe:

     I am writing to request that the Court schedule a conference to discuss four discovery issues:

    1)    Defendant will not provide a date to depose its 30(b)(6) representative, now 57 days after Plaintiff provided a list of topics and notice, and now 22 days after Defendant canceled the deposition.

    2)    Defendant will not provide a deposition date for its employee, Jan Jones Blackhurst, the author of the letter terminating Plaintiff at ECF 17-2.

    3)    Defendant's production is comprised almost entirely of printouts from a search for its own SEC filings on EDGAR. Defendant has produced 1434 pages, but 1028 pages are printouts of its own SEC filings from EDGAR. Another 250 pages are the same documents which Plaintiff had already filed on ECF attached to his pleadings. Defendant has only produced 156 pages of new documents - that is, documents that are not from EDGAR and are not what Plaintiff has already filed on Pacer in this case. Defendant will not provide a date by which it will conclude its rolling production or complete its privilege log.

    4)    Defendant will not provide substantive answers to Plaintiff's 3 interrogatories.

     Below I have set out a chronology, our efforts to resolve these disputes, and the reasons why this discovery should be allowed. I have asked defense counsel to set out their position, and it is included in this letter following Plaintiff's position.

5-5-23 – Plaintiff served a first set of document requests, including 30 individual requests.  Ex. A.

5-11-23 – Defendant served a notice setting Plaintiff's deposition for July 11, 2023.  Ex. B.

5-17-23 – Plaintiff served a 30(b)(6) deposition notice including a list of topics for June 27, 2023.  Ex. C.

5-18-23 – Plaintiff served a second set of document requests, including 8 new requests.  Ex. D.

5-18-23 – Plaintiff served a first set of interrogatories, including only 3 interrogatories.  Ex. E.

6-5-23 – Defendant responded to Plaintiff's first document requests, objecting to all 30 requests.  Ex. F.

6-5-23 – Defendant served a document production of 765 pages, comprised mostly of printouts from an EDGAR search of Defendant itself.

6-12-23 – Defendant responded to Plaintiff's second set of document requests, objecting to all 8 requests.  Ex. G.

6-12-23 – Defendant responded to Plaintiff's interrogatories, objecting to all 3 interrogatories.  Ex. H.

    As of 6-12-23, Defendant has lodged objections to all 38 document requests and all 3 interrogatories.  As to nearly all objections to the document requests, Defendant is ambiguous about whether it is withholding any, some, or all documents due to the objection.

6-12-23 – Defendant served a 545-page document production, comprised entirely of printouts of an EDGAR search of itself.

6-21-23 – Plaintiff served an amended deposition notice, adding one new topic.  Ex. I.

6-21-23 – 35 days after being served with the 30(b)(6) deposition notice, Defendant canceled the 30(b)(6) deposition, and refused to provide alternative dates.

6-22-23 – Plaintiff requests deposition dates for two defense witnesses, Waqas Khatri and Jan Jones Blackhurst.

6-26-23 – Counsel conferred by telephone in a call lasting about 1 hour and 35 minutes.

6-28-23 – Counsel again conferred by telephone in a call lasting 30 minutes.

6-29-23 – Counsel again conferred by telephone in a call lasting 8 minutes.

6-30-23 – Counsel again conferred by telephone in a call lasting 10 minutes.

7-5-23 – Defendant serves a document production of 125 pages.  As of this moment, Defendant's production is made up of 1,028 pages of printouts of its own EDGAR filings, 250 pages of duplicates of what Plaintiff had already filed on ECF/Pacer in this case, and only 156 pages of new documents.

7-5-23 – Defendant serves a "partial privilege log", which has 3 lines.  Ex. J.


    Counsel have spent nearly 2 and a half hours attempting to resolve various discovery issues, in addition to various informal e-mail dialogues not recounted here.  Although issues remain unresolved, counsel did partially succeed.  For example, although Defendant did object to all 38 document requests, it now appears that Defendant will not be withholding documents for most requests, despite the objections.

    However, despite counsel's efforts, the following issues require the Court's intervention:

1.      The defense has still not provided dates for Plaintiff to depose its 30(b)(6) representative.  Plaintiff served a list of topics and a notice back on May 17.  Defendant waited 35 days to cancel the deposition.  During those 35 days, Defendant made no attempt to find alternative dates, so

the 35-day wait before even cancelling the deposition appears to be designed to delay even scheduling the deposition. As of today, July 13, Defendant has still not offered a deposition date, now 57 days after Plaintiff requesting the deposition and 22 days after Defendant cancelled it.

2.      Defendant will not provide a deposition date for its employee, Jan Jones Blackhurst, the author of the letter terminating Plaintiff at ECF 17-2. There is no dispute that this person is represented by defense counsel. The defense has provided no excuse, and just simply refuses to provide deposition dates. Plaintiff has already advised that this deposition can be conducted remotely (on Zoom) as an accommodation to the defense and the witness. The Court should order Defendant to provide deposition dates for this witness.

3.      Defendant has refused to provide an end-date for either a privilege log or the completion of its document production. This violates the letter of the law under Rule 34(b)(2)(B), which requires a date for production to be stated in the response. Even if Defendant had overlooked that requirement, it had the opportunity to fix it after Plaintiff requested firm dates. As of this filing, Defendant has produced 3-lines of a privilege log (Ex. J), has produced virtually nothing aside from printouts from an EDGAR search for its own SEC filings, and there is no end in sight to a promised rolling production. The Court should set a firm date by which Defendant must complete its production and serve a privilege log if any documents are withheld.

4.      Defendant refuses to provide substantive answers to Plaintiff's three interrogatories, objecting under Local Rule 33.3(a). The Court should hold that these questions are permitted under subpart (b) of the same rule because they are the most direct means to obtain the information sought. The answer to questions 1 and 2 is a number. Question 3 is the most complicated of the group – it requires Defendant to state two different numbers, and then divide one number by the other number. All three requests also ask Defendant to state where the number(s) came from and what the supporting documents are (the latter part of which would be permitted by Local Rule 33.3(a) in any event). For context, the relevance if these requests is that question 3 is the metric for a cash bonus under section 3.03 of the employment agreement (ECF 17-1). Questions 1-2 are the metrics for stock bonuses under section 3.04 of the employment agreement.

## DEFENDANT'S RESPONSE

This office's attempted to "<u>concisely</u> describe the issues" as provided in Individual Rule IV. E., but Plaintiff's above statement materially omits facts establishing Plaintiff (i) seeks mooted relief; (ii) failed to continue to meet and confer; and/or (iii) waived discovery as follows:

1.      Plaintiff falsely claims Defendant did not provide deposition given, during the parties' meet and confer and related communications: (i)  Plaintiff previously agreed to and then disavowed remote depositions; (ii) on June 30 and in accordance with the parties' agreement, Defendant proposed in person deposition dates on July 25 and 27 but Plaintiff failed to timely respond and Defendant inferred depositions would proceed as proposed; (iii) nearly two weeks later, on July 12, Plaintiff objected that the depositions should be held on consecutive days without explanation; (iv) <u>Defendant accommodated Plaintiff's objection and suggested July 26 and 27</u>; and (v) Plaintiff refused to "meet and confer."

2.      Plaintiff waived remotely deposing Ms. Jones because: (i) Plaintiff <u>never served</u> a deposition notice; (ii) Plaintiff emailed, <u>for the first time</u>, on June 22, that it wanted to depose Ms. Jones, *see* Ex. 10; (iii) neither Plaintiff's <u>May 18 initial disclosures nor Plaintiff's June 20 interrogatory answers identify Ms. Jones as a person with knowledge of relevant material</u>, *see*

Exs. 4 & 7; (iv) Ms. Jones is not an Esports employee; and (v) Plaintiff did not submit the first iteration of this letter on July 6.

3.      Plaintiff mischaracterizes Defendant's document production because (i) *like Plaintiff*, Defendant produced documents on a rolling basis between July 5 and July 7 as well as July 14; (ii) Defendant produced a privilege log on July 5 complying with Local Rule 26.2(c); (iii) after Plaintiff refused to narrow the scope of its demands, Defendant is producing documents and an updated privileged log on a rolling basis; (iv) on July 12, Plaintiff (a) just produced a disordered and (deliberately) garbled production that is admittedly late and lacking bate stamps, (b) failed to comply with the parties' agreement to produce PDF's, (c) states Plaintiff "will"  or "is" producing documents, and (d) failed to produce a privilege log or indicate whether any documents were withheld on the basis of privilege and (v) on July 14, Defendant produced in excess of 5,000 additional documents which, unlike Plaintiff, complied with the Rules and the parties' agreement. Moreover, Plaintiff's own responses also do not provide end-dates for producing documents or privilege logs.

4.      Regarding Plaintiff's interrogatories, (i) Defendant properly objected, (iii) Plaintiff did not articulate why it believed such objections were improper, (iii) Plaintiff failed to meet and confer on this issue as agreed and (iv) Plaintiff waived this issue.

In this regard, Plaintiff materially omits the following facts:

**5-12-23 – 5-16-23** – At Plaintiff's request, Defendant agreed to cooperatively schedule remote depositions and Defendant preserved deposition priority.  Ex. 1.

**5-17-23** – Defendant accepted Plaintiff's deposition notice understanding that, as proposed by Plaintiff, the parties could cooperatively schedule remote depositions.

**5-18-23** – Defendant served: (i) a demand for documents, Ex. 2; (ii) interrogatories, Ex. 3; and (iii) initial disclosures. Ex. 4.  Also, Plaintiff served its initial disclosures. Ex. 5.

**6-2-23** – Counsel met and conferred concerning (i) documents, (ii) search terms and (iii) custodians at which time Plaintiff refused to narrow the scope of its document demands.

**6-5-23 and 6-12-23** – Defendant served document demand responses together with documents while advising its document production was continuing (like Plaintiff).

**6-12-23** – Citing Local Rule 3.3 Defendant objected to Plaintiff's interrogatories, supplemented its initial disclosure and served additional document demands. Exs. 6 and 7.

**6-20-23** – Plaintiff provided unverified interrogatory responses objecting (like Defendant) in accordance with Local Rule 33.3 and improperly claiming that Plaintiff would produce documents when Defendant asked Plaintiff to identify documents. Ex. 8.

**6-20-23** – Plaintiff served its response to Defendants' first request for documents which solely consisted of objections and without documents stating that Plaintiff "is" and/or "will" produce unspecified documents at unspecified dates.  Ex. 9.

**6-21-23** – Referencing Plaintiff's May 12 offer to collaboratively schedule remote depositions, Defendant suggested remote depositions after production. *See* Ex. 1.

**6-21-23** – The parties agreed to meet and confer at 6:30 p.m. on June 22 and Defendant reminded Plaintiff it failed to produce documents or verify interrogatory responses. Ex. 10.

**6-22-23** – Plaintiff suddenly canceled the parties' 6:30 p.m. meet and confer at 5:08 pm while identifying the following discussion items (i) deposition dates for Defendant's 30(b)(6) designee, (ii) asking to depose Ms. Jones and Mr.Khatri notwithstanding Defendants' failure to serve deposition notices, (iii) defendant's privilege log, and (iv) Defendant's documents. *See* Ex. 10.

**6-23-22** – Plaintiff improperly verified answers to Defendant's interrogatories. *See* Ex. 8.

**6-23-23** – Defendant proposed June 25 to meet and confer and advised Defendant it just received Plaintiff's document production and identified the following meet and confer topics (i) narrowing the scope of responsive documents, (ii) remote deposition dates, (iii) Plaintiff's 30(b)(6) notice topics; (iv) Plaintiff's interrogatory objections; and (v) Plaintiff's documents.

**6-26-23** – Defendant delivered its document deficiency letter (Ex. 11) in advance of the meet and confer where Plaintiff (i) disavowed its May 12 consent for remote depositions, (ii) advised its document production was continuing and (iii) failed to narrow its document discovery demands while Defendant (i) confirmed it would collaboratively schedule depositions, (ii) advised that its document production was continuing and coordinated its search with Plaintiff and (iii) advised that Defendant's counsel never represented Mr. Khatri.  The Parties' agreed (i) to third-party discovery and (ii) to meet and confer regarding all issues including the interrogatories.

**6-28-23** – During the meet and confer, Defendant (i) identified Plaintiff's outstanding documents which Plaintiff agreed to eventually produce but are still outstanding and (ii) asked that Plaintiff clarify the 30(b)(6) topics.  The parties agreed to further meet and confer.

**6-29-23** – During the meet and confer, Defendant (i) asked Plaintiff when it would produce its outstanding documents so that the parties could schedule depositions and (ii) advised that it would produce additional documents between July 5 and 7 and thereafter.  Plaintiff advised (i) it would produce additional documents by July 7 while withholding responses to Defendant's second document request until July 12 because Plaintiff "did not have to" produce them earlier.

**6-30-23** – During the meet and confer and after Plaintiff advised that it would produce documents on July 7 and on July 12, Defendant advised that it would speak with its client and propose dates for the 30(b)(6) deposition. Plaintiff then sent the first iteration of this letter at 2:00 p.m., demanding Defendant's position by 5:00 p.m. on the eve of a holiday weekend.  Later that day, Defendant proposed deposing Plaintiff on July 25 and its 30(b)(6) designee on July 27.

**7-3-23** – Defendant provided Plaintiff its response to the first iteration of this letter and Plaintiff objected to Defendant's attempts to prepare a concise letter addressing Plaintiff's omissions.

**7-5-23** – Defendant produced documents and a privilege log conforming to Local Rule 26.2(c).

**7-6-23** – Defendant provided its revised Defendant's position to this letter.[1]

**7-7-23** – Plaintiff did not produce documents as agreed during the June 30 meet and confer.

**7-12-23** – Plaintiff served responses to Defendant's second document request (Ex. 12) and belatedly produced documents Bates stamped as 1046-3850. Plaintiff improperly objected, vaguely stated it "will" or "is" producing documents while its production is near useless. Plaintiff electronically produced an incalculable number of pages without Bate stamps in a drop box consisting of random folders and is not "reasonably usable" (*see* FRCP 34(b)(2)(D-E)) in contravention to the parties' April, Rule 16 conference agreement. *See* Dkt. No. 20. Plaintiff stymied Defendant's efforts to address Defendant's issues by occupying Defendant with responding to the instant letter and unreasonable deadlines.  Later that same day, Plaintiff demanded depositions on consecutive dates during the week of July 24. Plaintiff also proposed Ms. Jones's deposition virtually during that same week despite failing to serve a Rule 30(b)(1) notice.

**7-13-23** – Defendant informed Plaintiff it will produce additional documents on or before July 17 and Plaintiff's July 12 production contains deficiencies. In an apparent attempt to race to the

---

[1] Plaintiff waived any disputes as of July 6 by failing to file this letter after Defendant provided its final comments. Instead, Plaintiff waited over a week after imposing artificial deadlines during the four-day holiday weekend.

Courthouse, Plaintiff sent Defendant the second iteration of this letter at 5:29 p.m. threatening to file the letter on the afternoon of July 14 without providing Defendant an opportunity to update its position. Later that night, Plaintiff rejected Defendant's request for a reasonable deadline and instead shortened the response window from the afternoon of July 14 until 12 noon. *See* Ex. 13.
**7-14-23** – Defendant provided Plaintiff its comments to the second iteration of this letter and began producing over 5,000 documents.

Defendant thanks the Court for its consideration in this matter and suggests that the Court direct the Plaintiff (i) confirm the in-person depositions on July 26 and 27, (ii) correct its July 12 "document dump" and instead provide bate-stamped, organized documents in a manner that fosters comprehension as opposed to meaningless confusion; and (iii) to meet and confer with Defendant regarding Defendant's interrogatory responses.

Respectfully,

/s/ Alan L. Frank
Alan L. Frank

/s/ Michael H. Masri
Michael H. Masri

**SO ORDERED:**

*Katharine H. Parker*

HON. KATHARINE H. PARKER          7/20/2023
UNITED STATES MAGISTRATE JUDGE

A telephonic conference is scheduled for **Monday, July 24, 2023 at 5:00 p.m.** The parties are directed to call Judge Parker's Chambers court conference line at the scheduled time. **Please dial (866) 434-5269, Access code: 4858267.**