

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Phone: (516) 747-0300*
*E-mail: mmasri@meltzerlippe.com*

July 21, 2023

**Via ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

Re: *Grant Johnson v. Esports Entertainment Group, Inc.*, 1:22-cv-10861 (PGG) (KHP)
MLGB File No. 17818-00040

Dear Judge Gardephe:

We represent Defendant Esports Entertainment Group, Inc. ("Defendant" or "Esports") and write pursuant to Rule I.D of the Court's Individual Rules of Practice to respectfully request an adjournment of certain deadlines set forth in the Civil Case Management Plan and Scheduling Order (ECF Dkt. No. 26) (the "Scheduling Order") because Defendant shall be moving to disqualify counsel for Plaintiff Grant Johnson ("Plaintiff") under Rule 1.9 of the New York State Rules of Professional Conduct by Monday, July 24, 2023.

Defendant respectfully requests the Court grant an adjournment of thirty (30) days for depositions and the following upcoming deadlines set forth in the Scheduling Order:

(1) <u>Depositions</u>: that the depositions currently scheduled for July 26 (of Plaintiff) and July 27 (of Defendant), be adjourned to on or before August 24 and 25, respectively;

(2) <u>Expert Discovery</u>: that the deadline for completion of expert discovery be adjourned from September 1 to September 29; with the interim deadline for expert disclosures for a party-proponent of August 2 adjourned to September 1 and the deadline for expert disclosures for a party-opponent of August 16 adjourned to September 15; and

(3) <u>Post-discovery dispositive motions</u>: that the deadline for parties seeking to make post-discovery dispositive motions to submit a letter to the Court in accordance with Rule 4(A) of the Court's Individual Practices by August 9 be adjourned to September 7; and opposition letters currently due by August 14 be adjourned to September 13.

The reason for Defendant's request is as follows. Plaintiff brought this action claiming Esports somehow breached Plaintiff's Employment Agreement as Chief Executive Officer of Defendant by terminating him for cause. On the evening of July 18, 2023, this office learned for the first time that Alan Frank, Esq., counsel for Plaintiff, is ethically conflicted under Rule 1.9 of the professional rules but failed to disclose he provided legal counsel to Defendant in connection

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
Honorable Paul G. Gardephe
July 21, 2023
Page 2

with the subject that is the same or substantially related to the claims, defenses and counterclaims in the instant litigation and received Defendant's confidential information. Moreover, Plaintiff's counsel denied having represented Defendant and/or Plaintiff prior to his termination as Defendant's CEO, even after being repeatedly asked by this office at the inception of this litigation and during the parties' meet and confers during the week of June 26, 2023.

On or before Monday, July 24, this office will move to disqualify Plaintiff's counsel after having given Plaintiff's counsel the opportunity to voluntarily withdraw and coordinate an orderly transition.

This is Defendant's first request to the Court to adjourn any deadlines set forth in the Scheduling Order.

Plaintiff objects to this request and has provided his reasons below. However, Plaintiff perpetuates a false narrative, which Defendant corrected in counsel's July 14 joint letter concerning discovery disputes (ECF Dkt. No. 39) and will not waste the Court's time rehashing same here except to note that Plaintiff continues to mislead by omission of material facts. Nevertheless, prior to July 14, the parties had already agreed to deposition dates which are currently July 26 and 27 (which was modified as an accommodation to Plaintiff) and, both before and after July, Defendant produced in excess of 80,000 pages. Important, Plaintiff still has not served a notice of deposition for Ms. Jones' deposition under FRCP 30(b)(1) recognizing that any such notice would be time-barred.

We note Your Honor referred the parties' joint letter concerning discovery disputes to Magistrate Judge Katharine H. Parker, who will be conducting a telephone conference on Monday, July 24, at 5:00 p.m. However, we will be requesting the Court to reschedule to Tuesday, July 25 because I will be on a plane on July 24 and, we note, Plaintiff objected to this brief adjournment request.

Defendant thanks the Court for its courtesies and attention to this matter.

## PLAINTIFF'S RESPONSE

Defendant does not meet the "good cause" standard to extend all deadlines because there is no substance within the letter - only vague but inflammatory attacks on counsel. A future motion to disqualify me is Defendant's reason to delay this case. However, no other details about the motion are provided. A motion to disqualify requires the movant to show (1) **specific** confidential information imparted to the attorney; and (2) a substantial relationship between a prior representation and the current litigation. Defendant has not shown that there is (1) specific confidential information. And I have never represented the Defendant, so there cannot be (2) a prior representation. "Good cause" does not mean sweeping generalizations with a single reference to Rule 1.9.

This continues a pattern of delay and gamesmanship in which Defendant refuses to participate in discovery. As of this date, Defendant has lodged objections to every single discovery request: Defendant objects to 38 out of 38 document requests and all three interrogatories.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
Honorable Paul G. Gardephe
July 21, 2023
Page 3

Defendant has refused to appear for its deposition since Plaintiff first requested it on May 17, more than two months ago. And Defendant refuses to schedule the deposition of the author of the termination letter (ECF 17-2), Jan Jones Blackhurst, who is the current Chair of the Board.

     5-11-23 - Defendant notices Plaintiff's deposition.
     5-17-23 - Plaintiff notices Defendant's deposition for 6-27-23 and provides a list of 30(b)(6) topics.
     6-5-23 - Defendant objects to all 30 document requests and all 3 interrogatories.
     6-12-23 - Defendant objects to all 8 of Plaintiff's second round of document requests. As of this date, Defendant has objected to all 38 document requests and all 3 interrogatories.
     6-21-23 - Defendant cancels its deposition, 34 days after Plaintiff's notice (5-7-23), and refuses to provide a new date.
     7-14-23 - Parties submit a joint letter (ECF 39), in which Defendant claims that 7-27-23 is available for its deposition. Defendant still refuses to provide deposition dates for the author of the termination letter (ECF 17-2), Jan Jones Blackhurst. Within the joint letter (ECF 39), Defendant tells the Court that the witness is not an "employee" of the company, implying she is not within Defendant's control. The witness is the current Chair of the Board, as disclosed on Defendant's EDGAR filing on the same day, 7-14-23 (Ex. A – cover sheet and excerpt only).
     7-21-23 - Defendant asks to postpone all deadlines and depositions based on an as-yet hypothetical motion.

          Respectfully submitted,

          /s/ Michael H. Masri
          Michael H. Masri

          /s/ Alan L. Frank
          Alan L. Frank