UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| GRANT JOHNSON, | **AFFIRMATION IN SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL** |
| Plaintiff, | |
| -against- | Case No. 1:22-cv-10861 |
| ESPORTS ENTERTAINMENT GROUP, INC., | |
| Defendant. | |

----------------------------------------------------------------x

STATE OF NEW YORK     )
COUNTY OF NASSAU      ) ss.:

I, Michael H. Masri, hereby declare as follows:

1. I am a partner at Meltzer Lippe Goldstein & Breitstone, LLP, attorneys for Defendant Esports Entertainment Group, Inc., am fully familiar with the statements made in this affirmation, and respectfully submit this affirmation in support of Defendant's motion for an order disqualifying Plaintiff Grant Johnson's counsel, Alan L. Frank Law Associates, P.C., as counsel of record for Plaintiff.

2. *First*, during one of my initial telephone conversations with Alan Frank, Esq., shortly after Plaintiff commenced the instant action, Mr. Frank informed me that he did not represent Plaintiff before Plaintiff's December 3, 2022, termination.

3. *Second*, during discovery proceedings in this action, Mr. Frank again informed me that he did not represent Plaintiff before Plaintiff's termination.

4. In particular, on May 18, 2023, Defendant served Plaintiff with its First Set of Demands for the Production of Documents (the "First Document Demand"), a copy of which is attached as Exhibit A.


5.       Then, on June 20, 2023, Plaintiff responded to the First Document Demand, a copy of which is attached as Exhibit B. Examples of Plaintiff's responses are, as follows:

> 10. All documents and communications concerning the Securities Purchase Agreement.
> **RESPONSE**:
> Plaintiff is producing documents responsive to this request.
>
> 11. All documents and communications concerning the Senior Convertible Note.
> **RESPONSE**:
> Plaintiff is producing documents responsive to this request.
>
> 31. All documents and communications concerning Esports.
> **RESPONSE**:
> Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents a communications. A request to the former CEO for "[a]ll documents and communications" concerning his former company, without any limitation on the subject matter, would potentially involve an enormous amount of materials with no relevance to Plaintiff's claims, Defendant's affirmative defenses, or either party's allegations.
>
> 56. All documents and communications with and/or concerning Alan L. Frank prior to December 3, 2022.
> **RESPONSE**:
> Plaintiff objects that this request explicitly seeks attorney-client privileged communications. The request by its own terms seeks communications between Plaintiff and the attorney representing him in this litigation.
>
> 57. All documents and communications with and/or concerning Alan L. Frank Law Associates, P.C. prior to December 3, 2022.
> **RESPONSE**:
> Plaintiff objects that this request explicitly seeks attorney-client privileged communications. The request by its own terms seeks communications between Plaintiff and the attorney representing him in this litigation.

6.       Between June 26 and 30, 2023, the parties held several meet and confer sessions to address deficiencies each counsel believed existed.

7.       During the session on June 26, 2023, concerning Plaintiff's responses and objections to the First Document Demand, I again inquired of Mr. Frank whether any

communications existed between Mr. Johnson and his office. In responses, Mr. Frank emphatically stated, no communications existed prior to December 3, 2022.

8. Mr. Frank failed to acknowledge the existence of communications when he knew that he communicated with Mr. Johnson about Defendant's business before Mr. Johnson's termination.

9. Mr. Frank at the very least should have produced a privilege log, which he has not produced, while demanding a complete privilege log from Defendant.

10. On July 18, 2023, defense counsel discovered email communications between Mr. Johnson and Mr. Frank dated September 21, 2022, redacted copies of which are attached as Exhibit C.[1]

11. On July 19, 2023, defense counsel notified Mr. Frank about its discovery and provided the Frank Firm an opportunity to voluntarily withdraw as Plaintiff's counsel. A copy of letter correspondence to Mr. Frank is attached as Exhibit D.

12. On July 20, 2023, Mr. Frank declined the opportunity to voluntarily withdraw, a copy of Mr. Frank's email correspondence is attached as Exhibit E.

13. I then asked Mr. Frank to explain the reason he denied communicating with Defendant, not once but twice.

14. On July 21, 2023, I again inquired why Mr. Frank did not disclose his communications, a copy of my email exchange with Mr. Frank is attached as Exhibit F.

15. To date, Mr. Frank has failed to disclose his communication with Plaintiff as Defendant's CEO or explain why he withheld his communications from Defendant.

---

[1] Defendant will provide the referenced email correspondence unredacted upon the Court's request via email. In accordance with the Protective Order, Defendant deems the email correspondence Confidential and Privileged. Plaintiff cannot waive this privilege as the communications are between Plaintiff, in his capacity as CEO, and Plaintiff's counsel for the purpose of legal advice for Defendant.

3

4

16. Therefore, Defendant prays the Court to use its discretion to preserve the integrity of this action and grant Defendant's motion to disqualify the Frank Firm.

17. Defendant thanks the Court for its consideration in this matter.

Dated: July 24, 2023

<div style="text-align: right;">/s/ Michael H. Masri<br>Michael H. Masri</div>