# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRANT JOHNSON,

                        Plaintiff,              Case No: 1:22-cv-10861 (PGG)

-against-

ESPORTS ENTERTAINMENT GROUP, INC.,

                        Defendant.
---------------------------------------------------------------X

### DEFENDANT'S FIRST SET OF DEMANDS FOR THE PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE,** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the corresponding Local Rules of the United States District Court for the Southern District of New York (the "Local Rules"), plaintiff Grant Johnson ("Johnson" or "Plaintiff") is hereby required to produce and permit discovery by defendant Esports Entertainment Group, Inc. ("Esports" or "Defendant"), or someone acting on its behalf, of the following documents and things, or a true copy thereof, within thirty (30) days, at the offices of Meltzer, Lippe, Goldstein & Breitstone, LLP, located at 190 Willis Avenue, Mineola, New York 11501 at 10:00 a.m., at which time they will be physically inspected, copied or mechanically reproduced and then returned.

Esports reserves the right to supplement its demands for the production of documents, including if and when it asserts any counterclaims.

### DEFINITIONS AND INSTRUCTIONS

1.    Esports hereby incorporates the Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Rules in addition to the following definitions:

2. The term "Johnson" shall refer to plaintiff Grant Johnson, and to any other persons acting under any his authority or on his behalf.

3. The term "Esports" shall refer to defendant Esports Entertainment Group, Inc., and to its employees, agents, officers, directors, managers, supervisors, attorneys, predecessors, successors, independent contractors, and any other persons acting under its name or authority.

4. The term "Ayrton" shall refer to Ayrton Capital LLC (a/k/a Aryton Capital LLC), its predecessors, successors, employees, agents, officers, directors, representatives, managers, supervisors, independent contractors, and any other persons acting under its name or authority or on its behalf.

5. The term "Complaint" shall refer to Johnson's First Amended Complaint filed February 28, 2023 (ECF NO. 17), which is the most recent, operative complaint filed in this litigation.

6. The term "Employment Agreement" shall refer to the employment agreement annexed as Exhibit A to the Complaint.

7. The term "Termination Notice" shall refer to the letter dated December 3, 2022, annexed as Exhibit B to the Complaint.

8. The term "April 18, 2022 Minutes" shall refer to the Esports Minutes of the Special Meeting of the Board of Directors, annexed as Exhibit C to the Complaint.

9. The term "Securities Purchase Agreement" shall refer to the Securities Purchase Agreement annexed as Exhibit D to the Complaint.

10. The term "Senior Convertible Note" shall refer to the Esports Senior Convertible Note, annexed as Exhibit E to the Complaint.

11. The term "Alto Letter" shall refer to the letter from Schulte Roth & Zabel LLP as counsel for Alto Opportunity Master Fund, SPC to Joseph Lukosky and Board of Directors of Esports, dated March 28, 2022.

12. The term "including" shall mean including, without limitation.

13. The temporal scope of these demands shall be from <u>January 1, 2019</u> through the time of trial unless otherwise stated.

14. In the event that any document called for by this notice to produce is not produced:

   a. identify each such document;

   b. set forth the reason why the document has not been produced (*e.g.*, not in your custody, possession or control, destruction, claim of privilege), and

   c. if the document is not produced on the basis of a claim of privilege or for any other reason, identify the document with particularity, within a privilege log, including, without limitation, the addressor, the addressee, the author of the document, the number of pages, attachments and appendices, the date of the document, its general subject matter, the identities of each individual or entity to whom the document or a copy was transmitted, and the relationships of the persons transmitting and receiving each such document or a copy thereof or to whom the information therein was disclosed or discussed, and state the nature of the privilege asserted, if any.

15. If any document responsive to these demands has been lost, destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date

and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

16. These demands seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

17. Questions regarding the interpretation of these demands should be resolved in favor of the broadest possible construction.

18. These demands are to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these demands. Such supplementary responses are to be served upon counsel for Esports within thirty (30) days after receipt of such information or documents.

19. Each demand shall be construed independently, unless otherwise indicated. No demand shall be construed by reference to any other demand for the purpose of limiting the scope of response to such demand.

20. All terms that are capitalized, either initially or in their entireties, shall be construed as if they appeared in lower case letters, and vice versa, as may be necessary to bring within the scope of a demand all documents that might otherwise be construed to be outside its scope.

21. All electronically stored information must be produced, with Bates numbering, in either PDF format or native format (*i.e.*, the format in which the information is stored).

## DOCUMENTS DEMANDED

1. All documents and communications concerning Johnson's employment with Esports.

2. All documents and communications concerning the Employment Agreement.

3. All documents and communications concerning the negotiation of the Employment Agreement.

4. All documents and communications concerning the Termination Notice.

5. All documents and communications concerning the allegations in the Termination Notice.

6. All documents and communications concerning Johnson's ability to cure the fraud and/or misconduct alleged in the Termination Notice.

7. All documents and communications concerning the April 18, 2022 Minutes.

8. All documents and communications concerning the substance of the discussion in the April 18, 2022 Minutes.

9. All documents and communications concerning the Esports Special Meeting of the Board of Directors held on or about April 18, 2022.

10. All documents and communications concerning the Securities Purchase Agreement.

11. All documents and communications concerning the Senior Convertible Note.

12. All documents and communications concerning the Alto Letter.

13. All documents and communications concerning the terms of Johnson's employment with Esports.

14. All documents and communications concerning the termination of Johnson's employment with Esports.

15. All documents and communications concerning the termination of Johnson's employment with Esports for cause.

16. All documents and communications concerning Johnson's fraud or misconduct in

connection with his employment at Esports.

17. All documents and communications concerning Johnson's negligence in connection with his employment at Esports.

18. All documents and communications concerning Johnson's failure to promote the interests of Esports.

19. All documents and communications concerning income, compensation and/or benefits received by Johnson from Esports.

20. All documents and communications concerning any board of directors' approval of Johnson's income, compensation and/or benefits from Esports.

21. All documents and communications concerning the statement in section 4.11(d) of the Securities Purchase Agreement that "Grant Johnson, the Company's Chief Executive Officer, agrees to vote all of the shares of Common Stock over which Grant Johnson or his Affiliates has voting control in favor of Shareholder Approval until such time as Shareholder Approval has been obtained or no Purchaser holds any Securities, which agreement by Grant Johnson shall not be revocable."

22. Documents sufficient to identify Johnson's "Affiliates", as referenced in section 4.11(d) of the Securities Purchase Agreement.

23. All documents concerning Johnson's "Affiliates", as referenced in section 4.11(d) of the Securities Purchase Agreement.

24. All documents and communications concerning the vote referenced in paragraph 21 of the Complaint.

25. All documents and communications concerning Johnson's allegation, in paragraph 21 of the Complaint, that "Plaintiff in fact voted in favor."

4855-7378-1858, v. 2

26. All documents and communications concerning the Next Generation Holdings Trust.

27. All documents and communications concerning the identity of the trustees of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.

28. All documents and communications concerning the identity of the beneficiaries of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.

29. All documents and communications concerning the identity of all persons who had the ability to exercise control over of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.

30. All documents and communications with Esports.

31. All documents and communications concerning Esports.

32. All letters sent between Esports (including counsel for Esports) and Johnson (including counsel for Johnson).

33. All documents and communications with and/or concerning Jan Jones Blackhurst.

34. All documents and communications with and/or concerning Damian Mathews.

35. All documents and communications with and/or concerning Stuart Tilly.

36. All documents and communications with and/or concerning Alex Lim.

37. All documents and communications with and/or concerning Mark Neilsen.

38. All documents and communications with and/or concerning Lydia Roy.

39. All documents and communications with and/or concerning Kaitesi Munroe.

40. All documents and communications with and/or concerning Alan Alden.

41. All documents and communications with and/or concerning Daniel Marks.

42. All documents and communications with and/or concerning Warwick Bartlett.

43. All documents and communications with and/or concerning Jenny Pace.

44. All documents and communications with and/or concerning John Brackens.

45. All documents and communications with and/or concerning Michael Villani.

46. All documents and communications with and/or concerning Greg Page.

47. All documents and communications with and/or concerning any member of the Board of Esports.

48. All documents and communications with and/or concerning any officer of Esports.

49. All documents and communications with and/or concerning Ayrton.

50. All documents and communications concerning Ayrton's opinions of Johnson.

51. All documents and communications concerning Esports' negotiations with Ayrton.

52. All documents and communications concerning Johnson's negotiations with Ayrton.

53. All documents and communications concerning whether Ayrton was willing to do business with Johnson.

54. All documents and communications concerning any impact of Esports' transaction with Ayrton on the value or quantity of stock owned or controlled by Johnson.

55. All documents and communications concerning any impact of Esports' transaction with Ayrton on the value or quantity of stock owned or controlled by the Next Generation Holdings Trust.

56. All documents and communications with and/or concerning Alan L. Frank prior to December 3, 2022.

57. All documents and communications with and/or concerning Alan L. Frank Law Associates, P.C. prior to December 3, 2022.

58. All documents and communications concerning any Esports computer access links

4855-7378-1858, v. 2

emailed by Johnson to his personal email address prior to the termination of his engagement by Esports.

59. All documents and communications showing or concerning compensation, in any form and including bonuses, that Johnson received from Esports.

60. All documents and communications showing or concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.

61. All calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.

62. All documentation supporting all calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.

63. All documents and communications concerning all calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.

64. All documents and communications concerning Johnson's alleged entitlement to stock, cash, or bonuses under his Employment Agreement.

65. All documents and communications concerning Johnson's demands for stock, cash, or bonuses under his Employment Agreement.

66. All documents and communications concerning Johnson's agreement to forfeit any stock, cash, or bonuses.

67. All documents and communications concerning Esports' acquisition of Lucky Dino Gaming Limited.

68. All documents and communications concerning the financial impact to Esports of Esports' acquisition of Lucky Dino Gaming Limited.

9

4855-7378-1858, v. 2

69. All documents and communications concerning Esports' acquisition of Bethard Group Limited.

70. All documents and communications concerning the financial impact to Esports of Esports' acquisition of Bethard Group Limited.

71. Any laptop issued by Esports to Johnson.

72. Any mobile phone issued by Esports to Johnson.

73. All documents and communications upon which Johnson intends to rely to establish the claims in his Complaint.

74. All documents and communications upon which Johnson intends to rely to establish his defenses to Esports' counterclaims, if any.

Date:  Mineola, New York
       May 18, 2023

                                        MELTZER, LIPPE, GOLDSTEIN
                                        & BREITSTONE, LLP

By: _____
Michael H. Masri, Esq.
Steven E. Frankel, Esq.
*Attorneys for Defendant Esports Entertainment Group, Inc.*
190 Willis Avenue
Mineola, New York 11501
T: (516) 747-0300
mmasri@meltzerlippe.com
sfrankel@meltzerlippe.com

To:  Alan L. Frank, Esq.
     Alan L. Frank Associates, P.C.
     *Attorneys for Plaintiff Grant Johnson*
     45 Broadway, Suite 720
     New York, New York 10006