# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------
Grant Johnson,

            Plaintiff,                          Civil Action
                                                      Docket No. 1:22-cv-10861

v.

Esports Entertainment Group, Inc.,

            Defendant.
----------------------------------------------------------

## PLAINTIFF'S RESPONSES TO DOCUMENT REQUESTS

1. All documents and communications concerning Johnson's employment with Esports.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

2. All documents and communications concerning the Employment Agreement.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

3. All documents and communications concerning the negotiation of the Employment Agreement.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

4. All documents and communications concerning the Termination Notice.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

5. All documents and communications concerning the allegations in the Termination Notice.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

6. All documents and communications concerning Johnson's ability to cure the fraud and/or misconduct alleged in the Termination Notice.
   **RESPONSE:**

Plaintiff objects to this discovery request because Defendant has not yet described any harm allegedly caused by Plaintiff. To prove that harm could be cured, it is necessary first to know what the harm is or what the harm is alleged to be. Since Defendant has not described what harm it alleges, this request would require Plaintiff first to speculate about what harm Defendant might allege, and then second to find documents showing that Plaintiff had the ability to cure the hypothetical harm, without knowing whether that is actually the harm that Defendant will allege.

7. All documents and communications concerning the April 18, 2022 Minutes.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

8. All documents and communications concerning the substance of the discussions in the April 18, 2022 Minutes.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

9. All documents and communications concerning the Esports Special Meeting of the Board of Directors held on or about April 18, 2022.
   **RESPONSE:**
   Plaintiff is producing documents responsive to this request.

10. All documents and communications concerning the Securities Purchase Agreement.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

11. All documents and communications concerning the Senior Convertible Note.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

12. All documents and communications concerning the Alto Letter.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

13. All documents and communications concerning the terms of Johnson's employment with Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

14. All documents and communications concerning the termination of Johnson's employment with Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

15. All documents and communications concerning the termination of Johnson's employment with Esports for cause.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

16. All documents and communications concerning Johnson's fraud or misconduct in connection with his employment at Esports.
    **RESPONSE:**
    There are no documents responsive to this request. Plaintiff has not engaged in "fraud or misconduct in connection with his employment at Esports."

17. All documents and communications concerning Johnson's negligence in connection with his employment at Esports.
    **RESPONSE:**
    There are no documents responsive to this request. Plaintiff has not engaged in "negligence in connection with his employment at Esports."

18. All documents and communications concerning Johnson's failure to promote the interests of Esports.
    **RESPONSE:**
    There are no documents responsive to this request. Plaintiff has not "fail[ed] to promote the interests of Esports."

19. All documents and communications concerning income, compensation and/or benefits received by Johnson from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

20. All documents and communications concerning any board of directors' approval of Johnson's income, compensation and/or benefits from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

21. All documents and communications concerning the statement in section 4.11(d) of the Securities Purchase Agreement that "Grant Johnson, the Company's Chief Executive Officer, agrees to vote all of the shares of Common Stock over which Grant Johnson or his Affiliates has voting control in favor of Shareholder Approval until such time as Shareholder Approval has been obtained or no Purchaser holds any Securities,, which agreement by Grant Johnson shall not be revocable."
**RESPONSE:**
Plaintiff is producing documents responsive to this request.

22. Documents sufficient to identify Johnson's "Affiliates", as referenced in section 4.11(d) of the Securities Purchase Agreement.
**RESPONSE:**
Plaintiff will produce any responsive documents in his possession, custody or control.

23. All documents and communications concerning Johnson's "Affiliates", as referenced in section 4.11(d) of the Securities Purchase Agreement.
**RESPONSE:**
Plaintiff will produce any responsive documents in his possession, custody or control.

24. All documents and communications concerning the vote referenced in paragraph 21 of the Complaint.
**RESPONSE:**
Plaintiff is producing documents responsive to this request.

25. All documents and communications concerning Johnson's allegation, in paragraph 21 of the Complaint, that "Plaintiff in fact voted in favor."
**RESPONSE:**
Plaintiff will produce any responsive documents in his possession, custody or control.

26. All documents and communications concerning the Next Generation Holdings Trust.
**RESPONSE:**
Plaintiff is producing documents responsive to this request.

27. All documents and communications concerning the identity of the trustees of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.
**RESPONSE:**
Plaintiff is producing documents responsive to this request.

4

28. All documents and communications concerning the identity of the beneficiaries of the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

29. All documents and communications concerning the identity of all persons who had the ability to exercise control over the Next Generation Holdings Trust at all times between January 1, 2021 and December 3, 2022.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

30. All documents and communications with Esports.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents a communications. A request to the former CEO for "[a]ll documents and communications" with his former company, without any limitation on the subject matter, would potentially involve an enormous amount of materials with no relevance to Plaintiff's claims, Defendant's affirmative defenses, or either party's allegations.

31. All documents and communications concerning Esports.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents a communications. A request to the former CEO for "[a]ll documents and communications" concerning his former company, without any limitation on the subject matter, would potentially involve an enormous amount of materials with no relevance to Plaintiff's claims, Defendant's affirmative defenses, or either party's allegations.

32. All letters sent between Esports (including counsel for Esports) and Johnson (including counsel for Johnson).
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents. A request for correspondence between a CEO and his company, without any limitation on the subject matter, would potentially involve an enormous amount of materials with no relevance to Plaintiff's claims, Defendant's affirmative defenses, or

either party's allegations.

33. All documents and communications with and/or concerning Jan Jones Blackhurst.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

34. All documents and communications with and/or concerning Damian Mathews.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

35. All documents and communications with and/or concerning Stuart Tilly.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

36. All documents and communications with and/or concerning Alex Lim.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek

documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

37. All documents and communications with and/or concerning Mark Neilsen.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

38. All documents and communications with and/or concerning Lydia Roy.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

39. All documents and communications with and/or concerning Kaitesi Munroe.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

40. All documents and communications with and/or concerning Alan Alden.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the

requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

41. All documents and communications with and/or concerning Daniel Marks.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

42. All documents and communications with and/or concerning Warwick Bartlett.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

43. All documents and communications with and/or concerning Jenny Pace.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

44. All documents and communications with and/or concerning John Brackens.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not

proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

45. All documents and communications with and/or concerning Michael Villani.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

46. All documents and communications with and/or concerning Greg Page.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant and was its CEO from that time until his termination. This request does not give a subject matter of the requested documents and communications. A request for "[a]ll documents and communications" with another individual at the company, by its own terms does not seek documents relevant to this case and would potentially involve an enormous amount of material with no relevance to Plaintiff's claim, Defendant's affirmative defenses, or either party's allegations.

47. All documents and communications with and/or concerning any member of the Board of Esports.
    **RESPONSE:**
    Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. Request 47 does not give a subject matter of the requested documents and communications. "All documents and communications" with or concerning board members at Esports would potentially involve thousands of documents with no relevance to this case.

48. All documents and communications with and/or concerning any officer of Esports.
    **RESPONSE:**

9

Plaintiff objects that this request is overly broad, unduly burdensome, not relevant, and not proportional to the facts at issue in this case. Plaintiff founded Defendant in 2014 and was its CEO from that time until his termination. Request 48 does not give a subject matter of the requested documents and communications. "All documents and communications" with or concerning officers at Esports, without any limitation on the subject matter of the request, would potentially involve thousands of documents with no relevance to this case.

49. All documents and communications with and/or concerning Ayrton.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

50. All documents and communications concerning Ayrton's opinions of Johnson.
    **RESPONSE:**
    Plaintiff will produce any documents responsive to this request in his possession, custody, or control.

51. All documents and communications concerning Esports' negotiations with Ayrton.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

52. All documents and communications concerning Johnson's negotiations with Ayrton.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

53. All documents and communications concerning whether Ayrton was willing to do business with Johnson.
    **RESPONSE:**
    Plaintiff will produce any documents responsive to this request in his possession, custody, or control.

54. All documents and communications concerning any impact of Esports' transaction with Ayrton on the value or quantity of stock owned or controlled by Johnson.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

55. All documents and communications concerning any impact of Esports' transaction with Ayrton on the value or quantity of stock owned or controlled by the Next Generation Holdings Trust.
    **RESPONSE:**

Plaintiff is producing documents responsive to this request.

56. All documents and communications with and/or concerning Alan L. Frank prior to December 3, 2022.
    **RESPONSE:**
    Plaintiff objects that this request explicitly seeks attorney-client privileged communications. The request by its own terms seeks communications between Plaintiff and the attorney representing him in this litigation.

57. All documents and communications with and/or concerning Alan L. Frank Law Associates, P.C. prior to December 3, 2022.
    **RESPONSE:**
    Plaintiff objects that this request explicitly seeks attorney-client privileged communications. The request by its own terms seeks communications between Plaintiff and the law firm representing him in this litigation.

58. All documents and communications concerning any Esports computer access links emailed by Johnson to his personal email address prior to the termination of his engagement by Esports.
    **RESPONSE:**
    To Plaintiff's knowledge, there is no such document or communication.

59. All documents and communications showing or concerning compensation, in any form and including bonuses, that Johnson received from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

60. All documents and communications showing or concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

61. All calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.
    **RESPONSE:**
    Plaintiff has already produced a calculation of damages, which includes bonuses and other compensation, at pages 4-5 of his initial disclosures on 5-18-23, and is doing so again in answer to interrogatory 11.

62. All documentation supporting all calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

63. All documents and communications concerning all calculations concerning compensation, in any form and including bonuses, that Johnson claims he is entitled to receive from Esports.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

64. All documents and communications concerning Johnson's alleged entitlement to stock, cash, or bonuses under his Employment Agreement.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

65. All documents and communications concerning Johnson's demands for stock, cash, or bonuses under his Employment Agreement.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

66. All documents and communications concerning Johnson's agreement to forfeit any stock, cash, or bonuses.
    **RESPONSE:**
    Johnson did not agree to forfeit stock, cash, or bonuses.

67. All documents and communications concerning Esports' acquisition of Lucky Dino Gaming Limited.
    **RESPONSE:**
    Plaintiff will produce responsive documents is his possession, custody, or control.

68. All documents and communications concerning the financial impact to Esports of Esports' acquisition of Lucky Dino Gaming Limited.
    **RESPONSE:**
    Plaintiff will produce responsive documents is his possession, custody, or control.

69. All documents and communications concerning Esports' acquisition of Bethard Group Limited.
    **RESPONSE:**
    Plaintiff will produce responsive documents is his possession, custody, or control.

70. All documents and communications concerning the financial impact to Esports of Esports' acquisition of Bethard Group Limited.
    **RESPONSE:**
    Plaintiff will produce responsive documents is his possession, custody, or control.

71. Any laptop issued by Esports to Johnson.
    **RESPONSE:**
    Esports did not issue a laptop to Johnson.

72. Any mobile phone issued by Esports to Johnson.
    **RESPONSE:**
    Esports did not issue a mobile phone to Johnson.

73. All documents and communications upon which Johnson intends to rely to establish the claims in his Complaint.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

74. All documents and communications upon which Johnson intends to rely to establish his defenses to Esports' counterclaims, if any.
    **RESPONSE:**
    Plaintiff is producing documents responsive to this request.

                                        Respectfully submitted,

                                        /s/ Alan L. Frank  
                                        Alan L. Frank, Esq.  
                                        Alan L. Frank Law Associates, P.C.  
                                        45 Broadway, Suite 720  
                                        New York, NY 10006  
                                              And  
                                        135 Old York Road  
                                        Jenkintown, PA 19046  
                                        215-935-1000  
                                        215-935-1110 (fax)  
                                        afrank@alflaw.net  
                                        Counsel for Plaintiff

June 20, 2023