UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GRANT JOHNSON,

                                                    Case No. 1:22-cv-10861

                            Plaintiff,

-against-

ESPORTS ENTERTAINMENT GROUP, INC.,

                            Defendant.
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
DISQUALIFY PLAINTIFF'S COUNSEL, ALAN L. FRANK LAW ASSOCIATES, P.C.**

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

*Attorneys for Defendant Esports Entertainment Group, Inc.*

Of Counsel:
    Michael H. Masri, Esq.
    Steven E. Frankel, Esq.

## TABLE OF CONTENTS

Page

Contents

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS ................................................................................................................................... 1

LEGAL ARGUMENT ........................................................................................................... 8

STANDARD FOR DISQUALIFICATION OF COUNSEL ................................................ 8

POINT I .................................................................................................................................. 9

     DISQUALIFICATION OF ALAN L. FRANK LAW ASSOCIATES, P.C. FOR VIOLATING RULE 1.9 OF THE NEW YORK  RULES OF PROFESSIONAL CONDUCT IS WARRANTED ........................................................................................ 9

POINT II ............................................................................................................................... 10

     DISQUALIFICATION OF ALAN L. FRANK LAW ASSOCIATES, P.C.  FOR VIOLATING RULE 3.4 OF THE NEW YORK  RULES OF PROFESSIONAL CONDUCT IS WARRANTED ...................................................................................... 10

POINT III .............................................................................................................................. 11

     PLAINTIFF'S CURRENT COUNSEL CANNOT MAINTAIN THAT HIS PRE-DECEMBER 3, 2022 ADVICE RELATED TO PLAINTIFF, GRANT JOHNSON, AND NOT DEFENDANT, ESPORTS ENTERTAINMENT GROUP ......................... 11

CONCLUSION ..................................................................................................................... 12

i

## <u>TABLE OF AUTHORITIES</u>

Page(s)

Cases

*Bd. of Ed. of City of N.Y. v. Nyquist,*
   590 F.2d 1241 (2d Cir. 1979) ............................................................... 8, 9

*First NBC Bank v. Murex, LLC,*
   259 F. Supp. 3d 38 (S.D.N.Y. 2017) .............................................. 8, 9, 10

*Glueck v. Jonathan Logan, Inc.,*
   653 F.2d 746 (2d Cir. 1981) ..................................................................... 8

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,*
   409 F.3d 127 (2d Cir. 2005) ......................................................... 8, 9, 10

*Hull v. Celanese Corp.,*
   513 F.2d 568 (2d Cir.1975) ...................................................................... 9

*Network Apps, LLC v. AT&T Mobility LLC,*
   598 F. Supp. 3d 118 (S.D.N.Y. 2022) ..................................................... 9

4893-8087-3841, v. 4

Defendant Esports Entertainment Group, Inc. ("Defendant" or "Esports") moves this Court for an order disqualifying all attorneys of the law firm Alan L. Frank Law Associates, P.C. (the "Frank Firm"), from representing Plaintiff Grant Johnson ("Plaintiff") because it violated Rules 1.9 and 3.4 of New York's Rules of Professional Conduct ("RPC").

## PRELIMINARY STATEMENT

Disqualification is warranted because Alan Frank rendered legal advice to Defendant while Plaintiff served as Defendant's Chief Executive Officer and Chairman of the Board of Directors. Particularly, on Defendant's behalf, Mr. Frank rendered legal advice and received confidential (and not publicly available) information related to, among other things, Defendant's financing and debt to equity conversion with Ayrton Capital, LLC in or about September 2022, mere months before Plaintiff's termination. Notwithstanding RPC 1.9, Mr. Frank now represents Mr. Johnson in his individual capacity. Defendant has not provided Mr. Frank the requisite waiver or consent to represent Plaintiff. Moreover, the Frank Firm failed to disclose its communications in violation of RPC 3.4. Accordingly, the Frank Firm's disqualification is warranted pursuant to RPC 1.9 and RPC 3.4.

## FACTS

Plaintiff commenced this action on December 23, 2022 claiming breach of contract after Defendant properly terminated Plaintiff because he and his affiliates failed to vote in favor of the above referenced debt to equity conversion in breach of his and Defendant's contractual obligations as set forth in Article 4.11(d) of a certain Securities Purchase Agreement (ECF Dkt. No. 23-1).

Plaintiff twice mislead Defendant's counsel and twice informed Defendant's counsel that Mr. Frank did previously represent Defendant through Mr. Johnson and/or had not been in contact with Mr. Johnson prior to December 3, 2022.

*First*, at the outset of this litigation, Defendant's counsel asked Mr. Frank if he ever rendered legal advice to Defendant through Mr. Johnson.  In response, Mr. Frank advised defense counsel that he did not represent Defendant before Plaintiff's December 3, 2022, termination and was not in contact with Defendant or Mr. Johnson prior to December 3, 2022 . Masri Aff., para. 2.

*Second*, on or about June 26, 2023, counsel met and conferred to address certain discovery issues including Plaintiff's reservation of the attorney client privilege in connection with documents and communications predating Plaintiff's December 3, 2022 termination. Mr. Frank stated an emphatic no. Masri Aff., paras. 3-7.

Notwithstanding Plaintiff's counsel two (2) prior representations, on the evening of July 18, 2023, defense counsel discovered for the first time that Mr. Frank advised Defendant previously concerning Defendant's options to pursue litigation related to Maxim Group LLC ("Maxim")'s fiduciary responsibilities to Defendant. Masri Aff., para. 10 and Ex. C. Maxim is the entity who present Ayrton Capital LLC to Defendant. Masri Aff., Ex. C. In this regard, on September 21-23, 2022, Plaintiff, as Defendant's CEO, and Mr. Frank communicated via email where Mr. Frank referenced telephone conversations and Plaintiff asked, on behalf of Defendant, for legal advice while sharing confidential information.[1]

---

[1] Defendant's will separately provide the unredacted version of this memorandum of law with the email referenced herein to the Court and counsel.

4893-8087-3841, v. 4





4



5



Masri Aff., Ex. C, September 21, 2022, emails seeking advice on how best Defendant can deal with "wrong doings by Maxim who has a very unhealthy incestuous relationship with Ayrton and [W]aqas," and signed as Grant Johnson, CEO.

There is no question that the emailed information Plaintiff shared with Mr. Frank on September 21, 2022, was confidential because this:

> ". . . the confidential materials in Mr. Frank's possession relate to Defendant's defenses and counterclaims. Without divulging further confidential information, the material relates to Defendant's dealings with its largest debt holder, Ayrton Capital, LLC, and Defendant's defense that Defendant terminated Mr. Johnson for

cause and Defendant's counterclaim that Mr. Johnson breached the duty of loyalty to as a faithless servant. In this action, Defendant asserts that Defendant breached Plaintiff's alleged employment agreement and duty of loyalty by failing to vote for the debt conversion transaction as required by certain agreements with Ayrton. Mr. Johnson's conduct subjected Defendant to substantial liability due to Defendant's default in its obligations. Defendant believes Mr. Frank will use the confidential material that Plaintiff, as Defendant's CEO, provided to Mr. Frank to attempt to disadvantage Defendant."

*See* Roy Aff., para. 3.

On July 19, 2023, Defense counsel notified Mr. Frank about his violation of Rule 1.9 and demanded he voluntarily withdraw by July 20, 2023. Masri Aff., Ex. D, July 19, 2023, letter correspondence to Mr. Frank. Instead, Mr. Frank did not withdraw. Masri Aff., Ex. E, July 20, 2023, Mr. Frank email to Mr. Masri stating:

> Your letter claims that when I communicated with Grant Johnson – the same Grant Johnson whom I represent in this case – I learned unspecified information from Grant Johnson that prevents me from representing Grant Johnson. I have never represented your client, Esports. I dispute your allegations in their entirety. I will not be withdrawing.
> Please reconsider your position before filing a motion that claims I am conflicted out for having spoken with the same person I represent in this case. To succeed on your motion to disqualify, you would have to show both: (1) a substantial relationship between a prior representation and the current litigation; and 2) specific confidential information imparted to the attorney. Here, there is neither (1) nor (2). I have never represented Esports, so there cannot be (1) a substantial relationship between a prior representation and the current litigation. You have not articulated any (2) specific confidential information I have allegedly received. You will not be able to articulate any (2) specific confidential information because there is none.
> Again, please reconsider your position.

Immediately, Mr. Masri responded via email to Mr. Frank stating:

> Why did you deny the communications not once but twice? And, what emails did your office receive from Esports prior to December 3, 2022?

Masri Aff., Ex. E, July 20, 2023, Mr. Masri email correspondence to Mr. Frank.

Thereafter, on July 21, 2023, the parties filed a joint letter with the Court wherein Defendant requested a brief adjournment of discovery deadlines to address the instant motion; in response, Plaintiff opposed the request. ECF Dkt. No. 43.

That same day, Mr. Masri reiterated Defendant's request that Mr. Frank disclose his communications, stating:

> What is going on with the emails that you still have failed to send over notwithstanding my request of yesterday?  Please ensure that you send over the emails in response to our outstanding request by no later than the close of business today – I trust I need not remind you that you repeatedly advised me that such emails do not exist until I provided you proof of same.

Masri Aff., Ex. F, July 21, 2023, Mr. Masri email correspondence to Mr. Frank.

## **LEGAL ARGUMENT**

## **STANDARD FOR DISQUALIFICATION OF COUNSEL**

A federal court's authority to disqualify a lawyer "derives from their inherent power to preserve the integrity of the adversary process." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005) citing *Bd. of Ed. of City of N.Y. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). Courts have to "balance a client's right freely to choose his counsel against the need to maintain the highest standards of the profession." *Id.* (citation omitted). Disqualification "is only appropriate where allowing the representation to continue would pose a significant risk of trial taint." *Filippi*, 722 F. Supp. 2d at 303 citing *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981) (internal quotation marks omitted); *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 55-56 (S.D.N.Y. 2017). While a state's rules of professional conduct provide "general guidance and not every violation of disciplinary rule will necessarily lead to disqualification", "one recognized form of taint arises when an attorney places himself in

a position where he could use a client's privileged information against the client. *Hempstead Video, Inc.*, 4090 F.3d at 133. "[D]isqualification may be justified even in the absence of a clear ethical breach 'where necessary to preserve the integrity of the adversary process.' " *Network Apps, LLC v. AT&T Mobility LLC*, 598 F. Supp. 3d 118, 128 (S.D.N.Y. 2022) citing *First NBC Bank, LLC*, 259 F. Supp. 3d at 55-56 (quoting *Hempstead Video, Inc.*, 409 F.3d at 133 and *Nyquist*, 590 F.2d at 1246)). However, "any doubt is to be resolved in favor of disqualification." *First NBC Bank*, 259 F. Supp. 3d at 56 citing *Hull v. Celanese Corp.*, 513 F.2d 568, 571 (2d Cir.1975).

### POINT I

### DISQUALIFICATION OF ALAN L. FRANK LAW ASSOCIATES, P.C. FOR VIOLATING RULE 1.9 OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT IS WARRANTED

New York's Rules of Professional Conduct prohibits attorneys from representing a current client whose interests are adverse to a former client in connection with the subject of or a substantially related matter. *See* RPC 1.9(a). RPC 1.9(a) provides: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." "Matters are 'substantially related' . . . if they involve the same transaction or legal dispute or if, under the circumstances, a reasonable lawyer would conclude that there is otherwise a substantial risk that confidential factual information that would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." RPC 1.9, cmt. 3.

For successive representations, disqualification turns on where – as here -- there is a "substantial relationship" between the matters. In such cases, an attorney may be disqualified if:

"(1) the moving party is a former client of the adverse party's counsel;
(2) there is a substantial relationship between the subject matter of the
counsel's prior representation of the moving party and the issues in the
present lawsuit; and
(3) the attorney whose disqualification is sought had access to, or was
likely to have had access to, relevant privileged information in the course
of his prior representation of the client."

*First NBC Bank*, 259 F. Supp. 3d at 57 citing *Hempstead Video*, 409 F.3d at 127 (quoting *Evans*, 715 F.2d at 791).

Here, Mr. Frank's prior advice to Defendant prohibits Mr. Frank from continuing his representation of Plaintiff in this action. Mr. Frank received confidential information belonging to Defendant that is not publicly available, the receipt of which places him in a position to disadvantage Defendant. *See* Roy Aff., paras. 2-3. In this action, Defendant asserts that Defendant breached Plaintiff's alleged employment agreement and duty of loyalty by failing to vote for the debt conversion transaction as required by certain agreements with Ayrton. Plaintiff's conduct subjected Defendant to substantial liability due to Defendant's default in its obligations. *See id.* Mr. Frank received materials that Defendant reasonably believes Mr. Frank will now use against Defendant to defend Plaintiff against Defendant's counterclaims. *See* Roy Aff., para. 3.

It is of no moment that Defendant does not know precisely how such information will be used in this action, but allowing Mr. Frank's representation to continue would pose a significant risk of trial taint. Accordingly, the facts demonstrate that disqualification is warranted.

## POINT II

### DISQUALIFICATION OF ALAN L. FRANK LAW ASSOCIATES, P.C. FOR VIOLATING RULE 3.4 OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT IS WARRANTED

Separately, the Frank Firm violated RPC 3.4 by failing to disclose Mr. Frank's communications with Plaintiff as CEO of Defendant prior to Plaintiff's December 3, 2022

termination notwithstanding Mr. Frank was twice asked about such communications *while withholding discovery related to such communications*.

Under RPC 3.4, a lawyer shall not "conceal or knowingly fail to disclose that which the lawyer is required by law to reveal." RPC 3.4(a)(3). Rather than inform defense counsel of the September 2022 communications, Mr. Frank emphatically denied that he communicated with Plaintiff prior to Plaintiff's December 3, 2022 termination. Indeed, the communications at issue reflect Plaintiff as CEO seeking Mr. Frank's advice related to Defendant's potential claims against Maxim concerning matters involving Ayrton transactions (one of the bases for Plaintiff's termination for cause). The Frank Firm failed to disclose Mr. Frank's September 2022 communications twice, despite being asked about such communications at the outset of the litigation and again during the parties' meet and confer. *See* Masri Aff., paras. 2, 3, and 10. This is a clear violation of RPC 3.4 warranting disqualification of counsel.

## POINT III

### PLAINTIFF'S CURRENT COUNSEL CANNOT MAINTAIN THAT HIS PRE-DECEMBER 3, 2022 ADVICE RELATED TO PLAINTIFF, GRANT JOHNSON, AND NOT DEFENDANT, ESPORTS ENTERTAINMENT GROUP

Unquestionably, Plaintiff's current counsel previously represented Defendant prior to December 3, 2022.

*First*, Plaintiff's counsel denied when asked and Plaintiff failed to produce documents reflecting Plaintiff's current counsel's prior representation of Defendant even up to the date of this motion.  On July 21, 2023, Defendant's current counsel asked Plaintiff's current counsel for all emails reflecting Plaintiff's current counsel's former representation of Defendant. *See* Masri Aff., para. 14. However, Plaintiff's current counsel flat out refused to provide such documents all the while failing to provide a privilege log.  Regardless, Defendants' produced additional emails

11

between Plaintiff, as Defendant's CEO, and Mr. Frank, as Defendant's counsel contemporaneously with this motion.  If Plaintiff truly believed that Plaintiff's current counsel did not previously represent Defendant then Plaintiff would have produced these emails.

*Second,* the language of Plaintiff's emails where Plaintiff, as CEO of Defendant, emailed Mr. Frank, as the then-counsel for Defendant, establishes that Plaintiff was seeking advice for Defendant in September 2022 – less than two months before Plaintiff's December 3, 2022 termination.  Indeed, Plaintiff's September 21, 2022, email to Mr. Frank uses the word "we" approximately twenty-six times and "us" at least once in describing the background facts.  In addition, Plaintiff utilized his Esports email address where Plaintiff is identified as Defendant's CEO in the signature block.  It should separately be noted that Plaintiff also used his personal email address to conduct Defendant's business.

## CONCLUSION

Based upon the foregoing, disqualification is necessary to preserve the integrity of the process. Accordingly, the Court should grant Defendant's request to disqualify the Frank Firm for its violations of Rules 1.9 and 3.4 of New York's Rules of Professional Conduct.

Dated: Mineola, New York
       July 24, 2023                    **MELTZER LIPPE GOLDSTEIN**
                                         **& BREITSTONE, LLP**


                                         /s/ Michael H. Masri
                                         Michael H. Masri, Esq.
                                         Steven E. Frankel, Esq.
                                         190 Willis Avenue
                                         Mineola, New York 11501
                                         (516) 747-0300

                                         *Attorneys for Defendant*
                                         *Esports Entertainment Group, Inc.*

4893-8087-3841, v. 4