**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------
Grant Johnson,

              Plaintiff,                        Civil Action
                                                      Docket No. 1:22-cv-10861

v.

Esports Entertainment Group, Inc.,

              Defendant.
-------------------------------------------------------

## PLAINTIFF'S RESPONSE TO MOTION TO DISQUALIFY

**A.**      **Summary of Argument.**

1.      The Frank firm did not represent Defendant:  "Unfortunately, this is something that we will not be able to help you with."  10-5-22 e-mail (Ex. A).

2.      The Frank firm did not give legal advice to Defendant, which is unsurprising since the Frank firm did not represent Defendant.  In the e-mails Defendant cites at ECF 47-3, Alan Frank says the following words and nothing else:

> "I think so. I'll check. Sent from my iPhone"  ECF 47-3, p. 10.

> "Grant, Good morning. I just phoned your cell. Please call me when ready. Thanks."  ECF 47-3, p. 13.

3.      The forwarded e-mails and attachment at ECF 47-3 are not confidential information:

      a.  The Underwriting Agreement, the only e-mail attachment (ECF 47-3, p. 18), is not confidential because it was attached to Defendant's 8-K eight days earlier.  Exs. B and C.

      b.  The Roy e-mail at ECF 47-3, p. 18 is not confidential because it only attaches the Underwriting Agreement and contains no other information.

      c.  The Khatri e-mail (forwarded below the e-mail at ECF 47-3, p. 2) is not confidential because Plaintiff produced the same e-mail in discovery (Ex. D - Pl. doc. prod., 3862), Defendant

produced similar e-mails from Mr. Khatri in discovery (e.g., Ex. E - Def. doc. prod., 1427-1429), and information is not considered harmful to the moving party "if it is likely to be revealed at the moving party's deposition or in other discovery." *Streichert v. Town of Chester*, 2021 U.S. Dist. Lexis 35468, at 51 (S.D.N.Y. Feb. 25, 2021). The e-mail was not confidential in the first place because it was written by someone hostile to Defendant.

4.      Every court addressing the issue has held that a former employee who learns privileged/confidential information in the course of employment and later sues (or is sued by) the former employer, may tell privileged/confidential information to the employee's litigation counsel. *E.g.*, *Rickards v. Certainteed Corp.*, 1995 U.S. Dist. Lexis 3339, at 14-15 (E.D. Pa. Mar. 10, 1995) ("Thus, if Attorney Ryan were disqualified, Mr. Rickards would have the right to disclose the confidential information to his new counsel…"); *IMC Glob. v. Moffett*, 1998 Del. Ch. Lexis 224, at 11-12 (Del. Ch. Nov. 12, 1998) ("Since the individual defendants had access to the information as a function of their past work for the Plaintiffs, use of that information by their lawyers in their defense is entirely appropriate.").

Defendant's entire motion falls into this category because Defendant alleges that Alan Frank received confidential information from Grant Johnson – the same Grant Johnson who Alan Frank represents in this case. Roy Affidavit (ECF 48), ¶¶ 2-3. Defendant does not allege that Plaintiff's counsel spoke with anyone other than Plaintiff. Disqualification would serve no purpose because Grant Johnson would be able to tell the same information to his new counsel.

5.      Although Plaintiff proved that no confidential information was received, Defendant actually had the burden to show the opposite. *Carollo v. United Capital Corp.*, 2018 U.S. Dist. Lexis 51594, at 5-6 (N.D.N.Y. Mar. 26, 2018) (listing cases so holding). Since Defendant has not met its burden, the Court must deny the motion.

2

**B.      Argument.**

1.      The Frank firm did not represent Defendant, which is shown by a 10-5-22 e-mail in which Alan Frank declined the representation:  "Unfortunately, this is something that we will not be able to help you with."  10-5-22 e-mail (Ex. A).  Defendant does not allege that there was any fee arrangement, written contract, or retainer agreement.  *See generally*, Def. Br. (ECF 49).

2.      The Frank firm did not give legal advice to Defendant, which is unsurprising since the Frank firm did not represent Defendant.  In the e-mails Defendant cites at ECF 47-3, and the 10-5-22 e-mail, Alan Frank says the following words and nothing else:

> "I think so. I'll check.
> Sent from my iPhone"
> ECF 47-3, p. 10.

> "Grant,
> Good morning.  I just phoned your cell.  Please call me when ready.  Thanks."
> ECF 47-3, p. 13.

> "Good morning.  Unfortunately, this is something that we will not be able to help you with.  Please call me if we should talk further.
> Thanks.  Best Regards."
> 10-5-22 e-mail.

None of the above could be called "legal advice."

3.      No confidential information was shared with Frank.  The information provided to Mr. Frank is comprised of (1) an attachment to an e-mail; (2) the e-mails themselves; (3) two forwarded e-mails at the bottom of Johnson's e-mails to Frank; and (4) a telephone call between Johnson and Frank.

(1)      There is one document attached to Johnson's e-mails to Frank:  the "GMBL Underwriting Agreement."  This document was not confidential because it was attached to an 8-K filing eight days before Mr. Frank received it.  9-15-22 8-K (Ex. B); Ex. 1.1 to 8-K (Ex. C).  A document which Defendant had already filed publicly cannot be confidential.  The e-mails also

refer to .png attachments (e.g., "image001.png"), but these appear to be only images in signature blocks, not actual attachments.

(2)      The body of Johnson's e-mails to Frank is addressed below in section 4.  In short, the information which Johnson himself told Frank cannot be the basis for a disqualification motion because Johnson would be permitted to tell the same information to his replacement counsel.  Every court addressing the issue has held that a former employee who learns privileged/confidential information during the course of his employment – and later sues the company – is allowed to tell the privileged/confidential information to his litigation counsel.  Disqualifying Frank would simply result in Johnson telling the same information to his new attorney.  In any event, the Johnson e-mails themselves do not appear to contain confidential information.

(3)      Johnson's e-mails forwarded two e-mails to Frank:  (a) an e-mail by Lydia Roy, and (b) an e-mail by Waqas Khatri.  The (a) Roy e-mail states, in its entirety:

"Hi Grant – Please find attached, Underwriting Agreement.  Kind regards, Lydia"
The Roy e-mail itself cannot be confidential because it contains no substantive information.  The attached Underwriting Agreement is the same one publicly disclosed in Defendant's 8-K.

The (b) Khatri e-mail is by someone who was adverse to Defendant, accusing Defendant of a default and proposing a compromise.  An e-mail by someone hostile to Defendant cannot be "confidential".  Plaintiff has produced the same e-mail in discovery, and Defendant has produced similar threatening e-mails from Mr. Khatri in discovery in this case, for example at Defendant's production 1427-1429 (Ex. E).  (Plaintiff produced this e-mail in native format, which is why Ex. D is not labeled with its corresponding document number, 3862).  Mr. Frank could not have gained an advantage from seeing one such e-mail from Mr. Khatri, when the same e-mails would

have been produced by both sides in discovery.  Information is not considered harmful to the moving party "if it is likely to be revealed at the moving party's deposition or in other discovery."  *Streichert v. Town of Chester*, 2021 U.S. Dist. Lexis 35468, at 51 (S.D.N.Y. Feb. 25, 2021).

(4)     The telephone call consisted of Johnson asking Frank whether he had experience dealing with "toxic lenders", and Frank responding that he did not.  Johnson Dep. (Ex. F) (rough draft excerpts), 17:15-17 and 18:12-18.  Nothing in the call could be characterized as Defendant's confidential information.

4.     Defendant alleges that Mr. Frank spoke to Grant Johnson – the same Grant Johnson who he represents in this case.  A lawyer cannot be disqualified for receiving confidential information from the person he represents.  Disqualification would serve no purpose because Johnson could tell the same information to his replacement counsel.

Every court addressing the issue has held that a former employee who learns privileged/confidential information during the course of his employment – and later sues the company – is allowed to tell the privileged/confidential information to his litigation counsel. *E.g.*, *IMC Glob. v. Moffett*, 1998 Del. Ch. Lexis 224, at 11-12 (Del. Ch. Nov. 12, 1998) ("Since the individual defendants had access to the information as a function of their past work for the Plaintiffs, use of that information by their lawyers in their defense is entirely appropriate."); *Neal v. Health Net, Inc.*, 100 Cal. App. 4th 831, 843-44 (2002) ("… decisional authority has consistently concluded that a party cannot improperly disclose confidential information to one's own counsel in the prosecution of one's own lawsuit.  To do otherwise (i.e., barring discussions of an adversary's confidences known to the client), would defeat the purpose of confidentiality, which is to promote full and open discussions between attorney and client. … disqualification is

also an ineffective remedy because it would not prevent the party from giving new counsel the information, which would leave the adversary in the same position as before."); *Rickards v. Certainteed Corp.*, 1995 U.S. Dist. Lexis 3339, at 14-15 (E.D. Pa. Mar. 10, 1995) ("Thus, if Attorney Ryan were disqualified, Mr. Rickards would have the right to disclose the confidential information to his new counsel…"); *Amatuzio v. Gandalf Sys.*, 932 F. Supp. 113, 118 (D.N.J. 1996) ("The court holds that communications with a corporation's attorney made by, to, or in the presence of a non-attorney employee who later becomes adverse to the corporation are not protected by RPC 4.2, RPC 4.4 or the attorney-client privilege from disclosure by the former employee to his litigation counsel if (i) the litigation involves an allegation by the employee that the corporation breached a statutory or common law duty which it owed to the employee, (ii) the communication disclosed involves or relates to the subject matter of the litigation, and (iii) the employee was not responsible for managing the litigation or making the corporate decision which led to the litigation.").

Here, Defendant alleges that Frank received confidential information from Johnson himself. *See generally*, Def. Br. (ECF 49). Johnson is allowed to tell his own counsel whatever information he knows – whether privileged, confidential, or otherwise. If Frank were disqualified, Johnson would be able to tell the same information to his next lawyer. Defendant fails to identify any information Frank received that Johnson could not simply communicate to replacement counsel.

5.     Although Plaintiff has proved that confidential information was not shared and there was no prior representation, the burden was actually on Defendant to show the opposite. *Carollo v. United Capital Corp.*, 2018 U.S. Dist. Lexis 51594, at 5-6 (N.D.N.Y. Mar. 26, 2018)

(listing cases so holding).  The Court must deny the motion because Defendant has not met its burden.

"Motions to disqualify are disfavored and subject to a high standard of proof." *Network Apps v. AT&T Mobility*, 598 F. Supp. 3d 118, 127 (S.D.N.Y. 2022) (quotations omitted). "Among other concerns that courts have identified, (i) disqualification impinges on a party's right to employ the counsel of its choice; (ii) a motion to disqualify has potential to be used for tactical purposes; and (iii) even when brought in good faith, such a motion can cause delay, impose expenses, and interfere with the attorney-client relationship." *Id*.

Defendant must show the following:  "(1) counsel for the adverse party previously represented the moving party, (2) the subject matter of the prior representation is substantially related to the present lawsuit, and (3) counsel had, or was likely to have had, access to relevant confidential information during the course of the prior representation." *Revise Clothing v. Joe's Jeans Subsidiary*, 687 F. Supp. 2d 381, 392 (S.D.N.Y. 2010).

"The Second Circuit has determined that as a practical matter, motions to disqualify should be granted only when the relationship between issues in the prior and present cases is patently clear or that the issues involved are identical or essentially the same." *Network Apps v. AT&T Mobility*, 598 F. Supp. 3d 118, 129 (S.D.N.Y. 2022) (quotations omitted).  "It is the congruence of *factual* matters, rather than areas of law, that establishes a substantial relationship between representations for disqualification purposes." *Revise Clothing v. Joe's Jeans Subsidiary*, 687 F. Supp. 2d 381, 392 (S.D.N.Y. 2010) (emphasis in original).

Here, there is no prior representation since Frank declined the representation, 10-5-22 e-mail.  Assuming arguendo that the Frank-Johnson communications were part of a representation, logically the representation could not be substantially to this wrongful termination and

defamation case because Johnson had not yet been fired and he had not yet been defamed.  This

is an employment and defamation case.  First Am. Compl. (ECF 17), ¶¶ 39-57.  The factual

issues are primarily (a) whether Defendant failed to pay Plaintiff his compensation under his

employment agreement (id., ¶ 27); (b) whether Defendant terminated Plaintiff in violation of a

narrowly-defined "for cause" requirement in the agreement (id., ¶¶ 19-22); (c) whether

Defendant violated the notice requirement by failing to give 60 days' notice and an opportunity

to cure (id., ¶¶ 18 and 23); and (d) whether Defendant defamed Plaintiff in Defendant's SEC

filings (id., ¶¶ 47-57).  While some of (a) the compensation at issue was earned prior to

termination, Defendant has not contended that Johnson provided Frank information on this

subject.  *See generally*, Def. Br.  Logically, the (b) termination in violation of a for-cause

requirement could not have been discussed because Johnson had not yet been terminated.

Similarly, Frank and Johnson could not have discussed (c) Defendant's breach of the requirement

for 60 days' notice and an opportunity to cure because there had been no termination yet.

Finally, the (d) defamatory statements could not have been discussed because they are <u>*post-*</u>

<u>*termination*</u> SEC filings in which the defamatory aspect is the false allegation that Plaintiff was

terminated for cause.

 Plaintiff has already pointed out that the confidential information was not actually

confidential.  The Underwriting Agreement attached to an e-mail had already been publicly

disclosed in Defendant's 8-K filing eight days earlier.  9-15-22 8-K; Ex. 1.1 to 8-K.  The body of

Johnson's e-mails did not contain confidential information, and in any Johnson would be able to

disclose the same information to his replacement counsel.  One forwarded e-mail contained no

substantive information, while was likely to be disclosed in discovery.  Information is not

considered harmful to the moving party "if it is likely to be revealed at the moving party's

deposition or in other discovery." *Streichert v. Town of Chester*, 2021 U.S. Dist. Lexis 35468, at 51 (S.D.N.Y. Feb. 25, 2021).

Additionally, Defendant never addresses the issue that the Plaintiff himself provided this information to Frank, and the Plaintiff would be able to tell the same information to his next attorney. For these reasons, Defendant has not met its burden to show that counsel had access to relevant confidential information.

6.      The Roy Declaration (ECF 48) is Defendant's only explanation for *why* the information is confidential. But the declaration only states in conclusory fashion that "Mr. Johnson shared confidential documents and information." ECF 48, ¶ 3. Roy does not explain why the information is confidential. Roy's conclusory allegations cannot sustain a disqualification motion because resolution of a disqualification motion is a "fact-intensive endeavor" that requires "painstaking analysis of the facts and precise application of precedent." *Streichert v. Town of Chester*, 2021 U.S. Dist. Lexis 35468, at 13 (S.D.N.Y. Feb. 25, 2021). Defendant had to provide the Court with a factual basis to conclude that the information was confidential, not simply allege that it was confidential. Roy cannot by declaration give a legal opinion that the information is confidential, any more than she could give a legal opinion in open court at trial.

The Roy Declaration fails to address another problem: the "confidential information" was provided by the Plaintiff and no one else. Any information which Johnson provided to Frank, Johnson could just as easily provide to his next attorney. Roy even states that "Defendant believes Mr. Frank will use the confidential material that Plaintiff, as Defendant's CEO, provided to Mr. Frank …" That underlies the problem with Defendant's theory: the "confidential

information" is the Plaintiff's own knowledge, and the Plaintiff is free to provide that "confidential information" to his counsel.

For these reasons, Defendant's motion must be denied.

**C.    Conclusion.**

Defendant has not met its burden.  Plaintiff has proved that there was no prior representation and that no confidential information was shared with counsel.  Even if confidential information were shared by Grant Johnson, Defendant would not be entitled to relief because a former employee who learns employer confidences during the course of employment is permitted to tell his litigation counsel.  For these reasons, the motion must be denied.

Respectfully submitted,


  /s/ Alan L. Frank
Alan L. Frank, Esq.
Alan L. Frank Law Associates, P.C.
45 Broadway, Suite 720
New York, NY 10006
      And
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
afrank@alflaw.net
Counsel for Plaintiffs

July 31, 2023