UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GRANT JOHNSON,

                                        Plaintiff,

            Case No. 1:22-cv-10861 (PGG) (KHP)

-against-

ESPORTS ENTERTAINMENT GROUP, INC.,

                                        Defendant.
-----------------------------------------------------------------x

## DEFENDANT'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300

*Attorneys for Defendant Esports Entertainment Group, Inc.*

Of Counsel:
    Michael H. Masri, Esq.
    Steven E. Frankel, Esq.

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................................ ii

ARGUMENT .................................................................................................................................. 1

    THE FRANK FIRM FAILED TO CURE ITS VIOLATION OF THE RULES ................ 1

        The Frank Firm's Failure to Disclose Communications with Plaintiff ................... 1

        The Khatri Email Is Confidential ............................................................................ 2

        Grant Johnson's Access to Privileged/Confidential Information As
        Defendant's Former CEO ....................................................................................... 3

CONCLUSION ............................................................................................................................... 3

## **TABLE OF AUTHORITIES**

Page(s)

Cases

*In re General Motors LLC Ignition Switch Litigation*,
    2015 WL 4522778 (S.D.N.Y. Jul. 24, 2015) .............................................................................. 2

4881-8860-1461, v. 2

Defendant Esports Entertainment Group, Inc. respectfully submits this Reply in further support of Defendant's motion for an order disqualifying Plaintiff Grant Johnson's counsel, Alan L. Frank Law Associates, P.C., (the "Frank Firm") as counsel of record for Plaintiff under Rules 1.9 and 3.4 of New York's Rules of Professional Conduct ("RPC") ("Motion").

## ARGUMENT

## THE FRANK FIRM FAILED TO CURE ITS VIOLATION OF THE RULES

### The Frank Firm's Failure to Disclose Communications with Plaintiff

After avoiding defense counsel's numerous requests for the production of communications during the period <u>before</u> Plaintiff's termination on December 3, 2022, Plaintiff attempted to correct counsel's RPC 3.4 violation by submitting with its opposition an October 5, 2022, Frank Firm email stating: "Unfortunately, this is something we will not be able to help you with." (*See* Ex. A, Plaintiff's Response to Motion to Disqualify). Plaintiff's late production of this email does not cure Plaintiff's violation.

Plaintiff does not explain why Plaintiff concealed this information thereby forcing Defendant to bring the instant Motion. Rather than give Defendant the opportunity to analyze the totality of the communications between the Frank Firm and Plaintiff in his then capacity as Defendant's CEO, Alan Frank, Esq. continued to conceal this communication while asking Defendant to withdraw the Motion. *See* Ex. A to Masri Reply Declaration for a copy of Alan Frank's July 28, 2023 email correspondence. If Mr. Frank believed his July 28, 2023, email was dispositive of this motion, he should have provided a copy of his October 5, 2022, email to Mr. Masri on July 20, 2023, to save Defendant's and the Court's resources.

Now, there is a question as to what other communications may have been withheld and Plaintiff's counsel fails to confirm whether the production of all communications prior to December 3, 2022, is complete.

Respectfully, Defendant requests the Court issue an Order directing Mr. Frank to certify that no other email correspondence or other communications (*e.g.*, text messages) exist prior to December 3, 2022. In addition, Defendant renews its request for an Order directing the Frank Firm produce a privilege log listing each communication with Plaintiff before his December 3, 2022, termination.[1]

**<u>The Khatri Email Is Confidential</u>**

Nevertheless, Plaintiff's contention that the Khatri email is not confidential is misplaced.

Just because the parties produced the Khatri email in discovery does not mean that the email is not confidential or the information contained in same is not confidential. As this email contains confidential information related to Defendant's debt restructuring, Defendant designated same as confidential under the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") (ECF Do. No. 34). *Cf. In re General Motors LLC Ignition Switch Litigation*, 2015 WL 4522778 (S.D.N.Y. Jul. 24, 2015) (noting the well-established principle that the parties to litigation may, "in the absence of a protective order . . . disseminate materials obtained in discovery as they see fit."). Here, the parties have a protective order in place. Plaintiff is a party to the Protective Order and now tries to avoid the agreement under which he is bound. Therefore, Plaintiff may not disseminate discovery materials as he sees fit as disclosure may result in serious harm to Defendant's business.

Plaintiff's contention that the Khatri email is not confidential because "it was written by someone hostile to Defendant"[2] is of no moment. Just because Mr. Khatri wrote the email does not mean this email is for public consumption. Plaintiff fails to produce law in support of Plaintiff's suggestion and appears to conflate the law concerning privilege with that of confidentiality.

---

[1] The Court previously denied Defendant's request for a privilege log of communications that the Frank Law Firm had with Esports without prejudice and noted that it would consider this request while determining this Motion. *See*, transcript of July 26, 2023, proceedings at p. 36, line 15-19.
[2] Plaintiff's conclusion that Mr. Khatri is "hostile" is not supported.

2

Accordingly, the Khatri email should remain confidential under the Protective Order.

**Grant Johnson's Access to Privileged/Confidential**
**Information As Defendant's Former CEO**

Plaintiff's contention that Plaintiff, as a former employee, could share confidential or privileged information with the Frank Firm is irrelevant. Defendant did not argue that Plaintiff could not share information received during his tenure as CEO with his counsel. The issue here is Plaintiff, while acting as Defendant's CEO, sought legal advice from the Frank Firm on Defendant's behalf and not individually. Defendant seeks to understand the full extent of Plaintiff's communications with the Frank Firm as Defendant's CEO. Indeed, Defendant sought to learn the extent of Mr. Frank's communications with Plaintiff before Plaintiff's December 3, 2022, termination, but the Frank Firm refused to even acknowledge that it had communications with Plaintiff before Plaintiff's December 3, 2022, termination. Instead, Defendant discovered the Frank Firm's communications with Defendants' former CEO during discovery. At bottom, the appearance remains that Plaintiff sought legal advice for Defendant and shared confidential information with the Frank Firm.

## CONCLUSION

In sum, Defendant prays the Court to use its discretion to preserve the integrity of this action and grant Defendant's motion to disqualify the Frank Firm.

Dated: Mineola, New York
  August 7, 2023  **MELTZER LIPPE GOLDSTEIN**
            **& BREITSTONE, LLP**
            /s/ Michael H. Masri
            Michael H. Masri, Esq.
            Steven E. Frankel, Esq.
            190 Willis Avenue
            Mineola, New York 11501
            (516) 747-0300
            *Attorneys for Defendant*
            *Esports Entertainment Group, Inc.*