ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪∆
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

   PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
∆ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

August 9, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **Johnson v. Esports Entertainment Group – Civil Case 1:22-cv-10861**
            **Pre-motion letter on Plaintiff's partial motion for summary judgment on compensation under sections 3.03-3.04 of Plaintiff's employment agreement.**

Dear Judge Gardephe:

    I represent Plaintiff Grant Johnson, and I write to request a pre-motion conference concerning our motion for partial summary judgment. The motion is limited to three issues:

- a) Under section 3.04 of the employment agreement (ECF 17-1), Plaintiff is entitled to a stock bonus because Defendant acquired another company on March 1, 2021.
- b) Under section 3.03, Plaintiff is entitled to a $450,000 cash bonus for the fiscal year ending June 30, 2021.
- c) Under section 3.04, Plaintiff is entitled to another stock bonus because Defendant acquired another company on July 13, 2021.

    These three issues are narrow and essentially mathematical questions, yet over $1.5 million in controversy depends on them. Issues a) and c) can be resolved in Plaintiff's favor because of Defendant's 30(b)(6) admissions at Villani Dep. (Ex. A), 118:8-119:19 and 122:5 – 123:18. All three issues can be resolved in Plaintiff's favor – even without the admissions – because Defendant is a publicly traded company and the metrics for sections 3.03 and 3.04 can be determined from its SEC filings.

    Under section 3.03, Plaintiff was entitled to 100,000 shares each time Defendant consummated an acquisition that increases gross revenues by $10,000,000 or more. ECF 17-1, sec. 3.03. This occurred twice: Defendant acquired a company called "Lucky Dino" on March

1, 2021 (5-17-21 10-Q, p. 11 (Ex. B)), and Defendant acquired a company called "Bethard" on July 13, 2021 (11-15-21 10-Q, p. 11 (Ex. C)).

Lucky Dino passed the $10,000,000 gross revenue threshold, which can be proven in two ways. First, Defendant's 30(b)(6) witness simply admitted it during his deposition:



Villani Dep., 118:8 – 119:19.

Second, even without Defendant's admission, since Defendant is a publicly traded company, Plaintiff would be able to prove it through Defendant's own SEC filings.

Defendant's other acquisition, Bethard, also passed the $10,000,000 gross revenue threshold. Plaintiff can prove this in the same two manners as for the previous acquisition: first, Defendant's 30(b)(6) representative admitted it at his deposition, and second, even without the admission, Plaintiff would be able to prove it using Defendant's own SEC filings.





Villani Dep., 122:5 – 123:18.

The cash bonus under section 3.04 is simply derived from a chart in section 3.04. Actual performance is divided by target performance to give a percentage. This first percentage is located on the top row of the chart and then matched with the number directly below it on the second row, which indicates a cash bonus expressed as a percentage of Plaintiff's base salary. The "target" is proven by e-mail traffic. 12-30-21 e-mail (Ex. D). The "actual performance" can be proven in two ways. First, Defendant admitted to it. Villani Dep., 106:2 – 108:17. Second, even without Defendant's admission, Plaintiff would be able to prove it through public filings.

Another advantage to a motion on these three issues is that they do not depend on reasons for termination or allegations of misconduct, since the events triggering compensation pre-date the termination and alleged misconduct. Plaintiff alleges that he was wrongfully terminated despite a narrow "for cause" requirement in his contract and that Defendant ignored a requirement at section 5.02(b) for 60 days' notice and an opportunity to cure. ECF 17, ¶¶ 18-23. The Court can ignore this issue for the present motion because Plaintiff earned the compensation before he was terminated on December 3, 2022. ECF 17, ¶ 16. Naturally, Defendant's Answer claims that there was cause, and moreover Defendant's counterclaims allege that Plaintiff forfeited compensation due to misconduct. ECF 32, pages 13-16. However, Defendant alleges that the first misconduct occurred in November or December, 2021. Villani, Dep. 203:15 – 205:12. Since the compensation was earned prior to that (3-1-21, 6-30-21, and 7-13-21), the Court can also ignore this issue.

These issues are suitable for summary judgment for four reasons:
a) These three issues are basic mathematical questions: did acquired company A exceed $10 million in gross revenue; did acquired company B exceed $10 million; and what was the actual performance divided by the target.
b) Answering the mathematical questions is simple because Defendant is a publicly traded company and the answers can be obtained from its SEC filings.
c) For the two stock bonuses under section 3.04, the answer is even simpler because of Defendant's admissions at Villani Dep., 118:8 – 119:19 and 122:5 – 123:18.
d) The Court can ignore Defendant's allegations of misconduct because the events triggering this compensation (3-1-21, 6-30-21, and 7-13-21) came before the first instance of alleged misconduct (November or December 2021).

The stock bonuses combined correspond to over $1.1 million in damages. The cash bonus exceeds $400,000. This proposed motion is an efficient use of counsel's time and the Court's time because the issues are extremely narrow, over $1.5 million in controversy depends on them, two out of three issues are resolved by Defendant's sworn admissions, and the Court

can temporarily ignore the questions of for-cause termination and alleged misconduct because the compensation was earned prior to that time.  For these reasons, Plaintiff requests that the Court hold a pre-motion conference and then allow Plaintiff to file this motion.

        Respectfully,

        /s/ Alan L. Frank
        Alan L. Frank