

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Writers Direct Dial (516) 470-0108*
*eFax: (516) 407-5060*
*Email: mmasri@meltzerlippe.com*

August 14, 2023

<u>VIA ECF</u>
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

    Re:    <u>*Grant Johnson v. Esports Entertainment Group, Inc.*, 1:22-cv-10861 (PGG)</u>
             <u>MLGB File No. 17818-00040</u>

Your Honor:

    This office represents Defendant Esports Entertainment Group, Inc. and writes in response to Plaintiff's August 9, 2023 letter motion for a sealing order concerning Exhibits A and D annexed to Plaintiff's August 9, 2023 pre-motion letter concerning Plaintiff's anticipated motion for partial summary judgment.

    Exhibit A is a portion of the transcript of the Rule 30(b)(6) deposition of Defendant's designee, Michael Villani. Defendant designated this transcript confidential under the parties' Stipulated Confidentiality Agreement and Protective Order.

    Exhibit D is an email exchange between Plaintiff and a Board member.

    The Court determines sealing requests using the framework stated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). A court must (i) "first conclude that the documents at issue are indeed 'judicial documents' [meaning] 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process" (*id.* at 119 (citation omitted)); (ii) "the weigh to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" (*id.*); and (iii) "balance competing considerations against it" (*id.* at 120). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . .." *Valassis Communications, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

_____

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Paul G. Gardephe
August 14, 2023
Page 2

Exhibit A

    Defendant requests the Court seal Plaintiff's Exhibit A, or in the alternative, appropriately redact or remove unnecessary portions from same.

    First, the public's right of access is outweighed by the countervailing factors of sensitive business information related to the financial metrics of Defendant's revenue. Specifically, looking at Mr. Villani's deposition testimony in a vacuum without the benefit of Defendant's other sensitive non-public financial information allows for misinterpretation of Defendant's financial information. *See, generally, Valassis Communications, Inc.*, 202 WL 2190708 at *3.

    Second, the Rule 30(b)(6) deposition is not concluded. Defendant has not had the opportunity to question Mr. Villani. Even if the deposition is concluded, it is within the 30-day period set forth in the Protective Order for a transcript to be kept confidential.

    Third, Defendant has not had the opportunity to review and sign the transcript under Rule 30(e). The Court should allow Defendant the opportunity to edit and redact Mr. Villani's deposition transcript for use in connection with Plaintiff's pre-motion letter and anticipated motion for partial summary judgment.

    Even if the Court denies Defendant's request to seal Exhibit A, the Court should require Plaintiff to redact Mr. Villani's transcript to supply only the appropriate portions of the transcript to prevent disclosure of confidential information. Specifically, Plaintiff included Mr. Villani's personal address (Ex. A, p. 5, lines 15-16). This information should be redacted. Moreover, Plaintiff over-included pages of Mr. Villani's transcript not used in Plaintiff's pre-motion letter (*i.e.*, pages 109, 120, 121, 124, 125, and 202 do not contain any information cited in or necessary for Plaintiff's motion). Therefore, Plaintiff should either redact or remove these pages from Plaintiff's Exhibit A.

Exhibit D

    Defendant removes the confidential designation for the email exchange.

    Defendant thanks the Court for its consideration in this matter.

                                  Respectfully submitted,

                                  /s/ Michael H. Masri
                                  Michael H. Masri

MHM:cjc:cd
cc:    Alan Frank, Esq.
        Client