

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Writers Direct Dial (516) 470-0108*
*eFax: (516) 407-5060*
*Email: mmasri@meltzerlippe.com*

August 14, 2023

**VIA ECF**
Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

> Re:   ***Grant Johnson v. Esports Entertainment Group, Inc.***, **1:22-cv-10861 (PGG)**
> **MLGB File No. 17818-00040**

Your Honor:

This office represents Defendant Esports Entertainment Group, Inc. and writes this letter motion to respectfully request an Order permit Defendant to file certain Exhibits to Defendant's August 14, 2023, pre-motion opposition letter ("Opposition Letter") under seal.

The Court determines sealing requests using the framework stated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). A court must (i) "first conclude that the documents at issue are indeed 'judicial documents' [meaning] 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process" (*id.* at 119 (citation omitted)); (ii) "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" (*id.*); and (iii) "balance competing considerations against it" (*id.* at 120). "A document is thus 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . .." *Valassis Communications, Inc. v. News Corp.*, No. 17-CV-7378, 2020 WL 2190708, at *1 (S.D.N.Y. May 5, 2020) citing *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). "Recognized countervailing factors that can outweigh the right to public access includes the protection of proprietary business information and the privacy interests of non-parties." *Securities Exchange Commission v. Telegram Group Inc.*, No. 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. Jun. 17, 2020) ("protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents" (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

---

**Long Island   |   New York City   |   Boca Raton   |   Miami**

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Paul G. Gardephe
August 14, 2023
Page 2

As demonstrated below, a Sealing Order is warranted for Exhibits B, C, and F, as follows:

<u>Exhibit B, February 4-8, 2022, Email Exchange</u>

Defendant requests a Sealing Order for Exhibit B, a February 4-8, 2022, email exchange concerning Defendant's business engagement of a non-party, RB360. The redaction concerns confidential non-public business information and financial terms reflecting Defendant's strategies and processes for conducting its business. The public's right of access is outweighed by the countervailing factors of sensitive business information related to the specific terms of the RB360 engagement, which were not disclosed or publicly available. Notwithstanding, Defendant took steps to tailor its redactions to disclose those portions of the email exchange that the Court would need to determine the parties' proposed motions for summary judgment. Accordingly, the sealing of the redacted information in Exhibit B is warranted.

<u>Exhibit C, July 26, 2023, Transcript of Grant Johnson's Deposition</u>

Defendant requests a Sealing Order for Exhibit C, pages 106-107 of Grant Johnson's July 26, 2023, deposition transcript, because Defendant designated Mr. Johnson's deposition transcript as confidential pursuant to the terms of the parties' Stipulated Confidentiality Agreement and Protective Order. Under Section II(B) of Your Honor's Individual Rules of Practice for Civil Cases, we notified Plaintiff's counsel that "it must file, within three days, a letter explaining the need to seal or redact" those portions of Mr. Johnson's transcript referenced in the Opposition Letter otherwise those portions will be deemed disclosed. Defendant does not seek a determination with respect to the remainder of Mr. Johnson's deposition transcript at this time.

<u>Exhibit F, August 23, 2022, Board Minutes</u>

Defendant requests a Sealing Order for Exhibit F, August 23, 2022, Board minutes. The redaction concerns confidential proprietary information of a non-party under a non-disclosure agreement and financial information.

First, the redactions relate to Defendant's negotiations with a non-party. This proprietary information could place the non-party at a competitive disadvantage because the Board discusses the non-party's ability to consummate an undisclosed transaction.

Second, the redactions concern Ayrton's specific financial requests made to Defendant, which specify confidential non-publicly available financial terms of such requests.

The public's right to access is outweighed by the countervailing factors of sensitive non-party proprietary information and Defendant's financial information. Accordingly, the sealing of the redacted information in Exhibit F is warranted.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Paul G. Gardephe
August 14, 2023
Page 3


          Defendant thanks the Court for its consideration in this matter.

                                    Respectfully submitted,

                                    /s/ Michael H. Masri
                                    Michael H. Masri

MHM:cjc:cd
cc:     Alan Frank, Esq. (via ECF)
        Client

4881-0503-7175, v. 1