ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪△
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2023

August 3, 2023

**Via ECF**
Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

    **Re:**    **Johnson v. Esports Entertainment Group – Civil Case 1:22-cv-10861**
             **Plaintiff requests to file exhibits under seal for ECF 52 because opposing counsel has labeled them confidential.**

Dear Judge Parker:

    I represent Plaintiff Grant Johnson.  This is a letter requesting leave to file under seal Exhibits D and E to Plaintiff's Brief at ECF 52.  Plaintiff's only reason for not filing these exhibits publicly is that Defendant labeled them confidential.  In that regard, I asked defense counsel to set out their reasons for labeling these documents confidential and offered to include defense counsel's response in this letter.  Defense counsel has done so, and their response is below.  If the Court agrees with Defendant's reasons, then the Court should grant this request.  If the Court disagrees with Defendant's reasons, then the Court should deny this request and direct Plaintiff to file the exhibits publicly.

**Defendant:** Defendant designated Mr. Khatri's email communication as confidential because it was not previously disclosed to the public. Nothing in Plaintiff's opposition to Defendant's motion to disqualify Alan L. Frank Law Associates, P.C. indicates otherwise. Moreover, under paragraph 2 of the Stipulated Confidentiality Agreement and Protective Order (the "Confidentiality Stipulation") (ECF Doc. No. 34), the subject email relates to previously non-disclosed financial information of Defendant. The fact that Plaintiff produced the email in discovery is of no moment. Defendant respectfully requests the Court grant Defendant's request for a sealing order to maintain the confidentiality of this email and otherwise direct Plaintiff to file the email under Seal per paragraph 11 of the Confidentiality Stipulation. Defendant thanks the Court for its consideration in this matter.

Respectfully,

/s/ Alan L. Frank
Alan L. Frank

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE  8/15/2023

Plaintiff's motion to seal is granted. Plaintiff moves to seal two exhibits attached to his opposition to Defendant's motion to disqualify counsel. (ECF No. 52.) These exhibits included Defendant's financial information as discussed over emails (ECF No. 56) and other communications with the Board of Directors and Investors (ECF No. 57). After review, the Court is satisfied that sealing the exhibits is proper under Lugosch v. Pyramid Co. of Onodaga, 435 F.3d 110 (2d Cir. 2006). Given the nature of the exhibits as containing sensitive financial information that was not disclosed to the public and the nature of the motion as a motion to disqualify counsel, the public presumption of access is lower than the parties' interest in protecting this type of information.

However, it is not clear from ECF No. 52 that there were exhibits to that brief that are included with the brief but filed under seal. Therefore, by **August 18, 2023**, Plaintiff is order to refile the brief at ECF No. 52 with clear labels of the exhibit letter for each attachment, including ones for exhibits D and E.