ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪△
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

   PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
△ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

135 OLD YORK ROAD
JENKINTOWN, PA 19046
(215) 935-1000
FAX NO. (215) 935-1110

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

August 17, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    Johnson v. Esports Entertainment Group – 1:22-cv-10861 – Response to Defendant's letter (ECF 67) on cross-motion for summary judgment.

Dear Judge Gardephe:

    I represent Plaintiff Grant Johnson, and I write to respond to Defendant's letter (ECF 67) proposing a cross-motion for summary judgment.

    On August 9, Plaintiff filed a pre-motion letter (ECF 61) regarding a partial summary judgment motion on three narrow issues:

    a)    Under section 3.04 of the employment agreement (ECF 17-1), Plaintiff is entitled to a stock bonus because Defendant acquired another company on March 1, 2021.

    b)    Under section 3.03, Plaintiff is entitled to a $450,000 cash bonus for the fiscal year ending June 30, 2021.

    c)    Under section 3.04, Plaintiff is entitled to another stock bonus because Defendant acquired another company on July 13, 2021.

    Defendant's cross-motion is not a cross-motion. Plaintiff's letter emphasized that the Court could ignore Defendant's allegations of fraud because Defendant's 30(b)(6) testimony admits at 203:15 – 205:12 that the first alleged misconduct occurred in November or December 2021, while this compensation was earned at least four months earlier (3-1-21, 6-30-21, and 7-13-21). For that reason, Plaintiff's issues are essentially mathematical questions. Defendant tries to bring fraud into the mix by filing an all-encompassing cross-motion, since the math and Defendant's 30(b)(6) admissions are clearly not on Defendant's side. Since Defendant itself testified that the alleged fraud did not occur until later, the Court should force Defendant to address the math and its own admissions and not bring in unrelated issues.

Defendant's letter does not substantively address Plaintiff's letter. However, Plaintiff will directly address Defendant's fraud argument and point out three sets of documentary evidence that make it impossible for Defendant to prevail on its own motion for summary judgment.

First, Defendant considered and rejected the same allegations of fraud, which is shown from the company minutes on April 18, 2022 (ECF 17-3, p. 2). For Defendant to show there is "no genuine dispute as to any material fact" that Plaintiff committed fraud, the biggest obstacle has to be that 16 months ago Defendant itself looked at the same evidence and reached the opposite conclusion. Defendant's letter ignores this issue even though Plaintiff raised it, re-raised it, and re-re-raised it in his original Complaint (ECF 1-3), his Amended Complaint (ECF 17-3), and at the 12(b) stage (ECF 14, p. 2). At the 12(b) stage, Defendant's only counter-argument was that "the minutes reflect a 'cover-up' by Johnson" (ECF 13, p. 4), with no citation to support the cover-up theory. Now, at summary judgment, Defendant ignores this weakness completely rather than try to overcome it.

Second, Defendant's theory depends on Plaintiff's trust being his "Affiliate", which in turn means that Plaintiff had voting control over shares held in the trust. However, the text of the Trust Agreement directly contradicts this idea at section 4.3: "In respect of any such company the Trustee shall have the power: … (d) to exercise or refrain from exercising all or any of the voting or other rights of whatsoever nature … conferred by or arising by virtue of the ownership of such shares stock interest or other securities in such manner as the Trustee shall in Trustee's absolute discretion think fit." Ex. A. Relatedly, Plaintiff testified directly that he did not control his trust. Johnson Dep., 90:4 – 91:9. Since the document governing the trust directly contradicts Defendant's position, it is impossible for Defendant to show that there is "no genuine dispute as to any material fact."

Third, Defendant ignored the written-notice and opportunity-to-cure requirement at section 5.02(b) of the employment agreement. Defendant's reason is that there was irreparable harm since "Ayrton, which was Esports' largest debt holder, refused to work with or accommodate Esports while Johnson remained CEO." The problem with this theory as that Ayrton **did** accommodate Esports while Johnson remained CEO. As Defendant itself admits in the termination letter (ECF 17-2, p. 3), Johnson himself "negotiated a temporary waiver" with Ayrton in a February 22, 2022 Exchange Agreement. Defendant cannot show there is "no genuine dispute as to any material fact" when a documented waiver agreement contradicts Defendant's allegation that Ayrton refused to accommodate Defendant.

Defendant's theory is even more difficult to prove at this stage because fraud and willful misconduct inherently require a determination of the person's mental state. So while fraud might be ***dis***proven at the summary judgment stage, it is nearly impossible prove at this stage since the party accused of it is flatly denying it. Defendant also ignores another problem with its theory: what Defendant accuses Plaintiff of is really "breach of contract", and breach of contract is not fraud.

      For these reasons, Defendant cannot overcome these issues, much less show that there is "no genuine dispute as to any material fact." The Court should decline to hear Defendant's cross-motion.

                                                    Respectfully,

                                                    <u>/s/ Alan L. Frank</u>
                                                    Alan L. Frank