

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

August 28, 2023

Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Grant Johnson v. Esports Entertainment Group, Inc.*, 1:22-cv-10861 (PGG)(KHP)
MLGB File No. 17818-00040

Your Honor:

We represent Defendant Esports Entertainment Group, Inc. ("Esports") and write in response to Plaintiff's August 21st letter for leave to file a second amended complaint adding (i) a New York Labor Law ("NYLL") § 740 claim and (ii) three new non-New York parties notwithstanding: (1) Plaintiff fails to satisfy the elements of a NYLL § 740 claim; (2) Plaintiff fails to satisfy the good cause standard given his admitted knowledge of the newly alleged facts when he filed his two earlier complaints; (3) as discovery is now complete, a second amendment prejudices Esports and will require additional discovery from Plaintiff; and (4) Esports properly terminated Plaintiff for fraud and/or willful misconduct.

Also, the proposed individual defendants: (i) are not currently represented; (ii) are not New York domiciliaries; and (iii) presumably would need discovery.

If Your Honor permits Plaintiff's second amendment, the Court should transfer venue to the District of Nevada under 28 USC § 1404(a) given: (i) Esports does not maintain a "brick and mortar" United States presence; (ii) Esports is a Nevada entity; (iii) one of the proposed new defendants is a Nevada citizen; and (iv) none of the three proposed new defendants live in New York. Alternatively, Esports requests leave to file a 28 USC § 1404(b) venue transfer motion.

1. **Plaintiff's NYLL § 740 Amended Claim Is Futile**

Leave to amend a complaint should be denied when the proposed amendment "could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *Karim v. New York City Health and Hosps. Corp.*, 2019 WL 1331394 (S.D.N.Y. 2019), *aff'd sub nom.* 834 Fed. Appx. 651 (2d Cir. 2021). Leave should be denied as futile where the proposed amendment fails "to state a claim to relief that is plausible on its face.'" *Karim*, 2019 WL 1331394 (citation omitted). Plaintiff's proposed claim is futile and cannot survive Rule 12(b)(6) dismissal because Plaintiff fails to satisfy mandatory elements of NYLL § 740. Notably, Plaintiff cites no NYLL § 740 cases.

*First*, this Court lacks personal jurisdiction over the proposed new defendants, none of whom are New York domiciliaries: Jan Jones Blackhurst (Nevada), Alan Alden (Malta), and Damien Mathews (New Zealand). Plaintiff fails to allege any basis for either general or specific personal jurisdiction over any of these non-New York parties.

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
August 28, 2023
Page 2

*Second*, NYLL § 740(3)(b) states that a claim under the statute may be brought "*in the county* in which the alleged retaliatory action occurred, *in the county* in which the complainant resides, or *in the county* in which the employer has its principal place of business" (emphasis added). Here: (i) the alleged retaliatory action did not take place in New York county; (ii) Plaintiff resides outside New York (in Canada); and (iii) Esports *never* maintained a New York place of business and none of the three new individuals defendants live in New York.

*Third*, the proposed individual defendants do not meet NYLL § 740's definition of "employer"[1] and Plaintiff does not fit the definition of a whistleblower because he failed to take advantage of Esports' whistleblower policies.

2.   **Plaintiff Does Not Demonstrate Good Cause for Delaying Pleading this New Claim**

The May 4th Scheduling Order (ECF 26) provides "except for good cause" motions to join additional parties or amend pleadings "must be filed within 30 days from the date of this Order." As Plaintiff's cited cases recognize, Plaintiff must thus meet FRCP 16's heightened "good cause" standard. Moreover, the Second Circuit held:

> The court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, . . . and the court is free to conclude that ignorance of the law is an unsatisfactory excuse[.] *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

Plaintiff fails to justify his failure to timely plead a NYLL § 740 claim and disingenuously suggests first learning of the potential whistleblower claim upon Ms. Blackhurst August 9th deposition notwithstanding Plaintiff's July 26th deposition testimony establishing Plaintiff believed he was terminated for being a whistleblower before Ms. Blackhurst's August 9, 2023 deposition. Moreover, Ms. Blackhurst's deposition testimony did not provide any new information.[2] Further, Plaintiff's counsel conceded during the August 23rd Court conference Plaintiff's earlier knowledge of the instant whistleblower claims. *See*, August 23rd Court Tr. 15:7-8. Accordingly, Plaintiff failed to demonstrate good cause for delaying his new claim and the Court should not reward Plaintiff for failing to timely assert such claim.

3.   **Discovery is Complete and Plaintiff Was Always Aware of the NYLL § 740 Claims**

Allowing a new claim at this late stage in the litigation prejudices Esports (and the proposed unrepresented individual defendants). *See NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 151 (S.D.N.Y. 2003) ("The prejudice to the defendants from

---

[1] *See Mills v. Steuben Foods, Inc.*, 2021 WL 4060421, at *15 (W.D.N.Y. Sept. 7, 2021) ("This statute distinguishes the employer ... from its management officials and employees, *see id.* § 740(1)(b) (defining "employer" to mean "any person, firm, partnership, institution, corporation, or association that employs one or more employees"); *see Gaughan v. Nelson*, No. 94 Civ. 3859, 1995 WL 575316, at *6 (S.D.N.Y. Sept. 29, 1995) (§ 740 distinguishes between employer and supervisors and only prohibits employer retaliation).").

[2] Plaintiff's August 21st letter's references to Ms. Blackhurst's deposition also do not appear to match the transcript.

4875-5252-3386, v. 6

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
August 28, 2023
Page 3

reopening discovery in this case is sufficient to deny the plaintiffs leave to file the Amended Complaint."). Indeed, Esports complied with its discovery obligations and timely produced witnesses for depositions and over 90,000 pages of documents in six productions between June 5, 2023, and August 9, 2023. Moreover, Plaintiff represented to Your Honor on August 23 that discovery is complete.[3] Plaintiff's suggestion that Esports thwarted Plaintiff's ability to assert a whistleblower claim earlier is a fabrication.

Plaintiff argues no additional discovery is necessary. Yet, plainly Esports would need further discovery in connection with: (i) the alleged Esports' "scheme" to defraud NASDAQ (of which there is no evidence); (ii) how Plaintiff supposedly reported the alleged insider trading to Esports; and (iii) why Plaintiff did not utilize Esports' written whistleblower policies.

**4.   Plaintiff's Alleged New Facts Contradict the Evidence**

Plaintiff alleges that Ms. Blackhurst's deposition testimony identifies his NYLL § 740 whisteblower claims notwithstanding Ms. Blackhurst repeatedly states Plaintiff was terminated for "fraud or willful misconduct" for failing to vote in favor of the Ayrton debt conversion.

**5.   If Plaintiff is Permitted to Amend, the Court Should Allow Esports to Amend its Pleading to Add Affirmative Defenses and a Counterclaim for Attorney's Fees**

Under NYLL § 740(6), "[a] court, in its discretion, may also order that reasonable attorneys' fees and court costs and disbursements be awarded to an employer if the court determines that an action brought by an employee under this section was without basis in law or in fact." If Plaintiff is permitted to amend its complaint to add claims under NYLL § 740, Defendant should be permitted to amend to add a counterclaim for attorney's fees under NYLL § 740(6) for defending against Plaintiff's new frivolous claim. Likewise, Defendant should be permitted to amend its answer to the extent necessary to assert appropriate affirmative defenses.

**6.   Alternatively, the Court Should Transfer Venue to the District of Nevada**

Nevada is the appropriate venue to adjudicate Plaintiff's proposed Second Amended Complaint because: (i) Esports is incorporated in Nevada and (ii) Ms. Blackhurst is a Nevada domiciliary and travel to New York for a trial would cause undue burden and expense. Alternatively, Esports respectfully requests leave to make a motion to transfer venue.

Respectfully submitted,

Michael H. Masri

cc:   *All Counsel of Record via ECF*

---

[3] If the Court entertains Plaintiff's new claim, the Court should permit, at the very least, Esports to continue Plaintiff's deposition and seek material related to Plaintiff's allegations and Esports' defenses and counterclaims.