**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------
Grant Johnson,

        Plaintiff,　　　　　　　　　Civil Action
　　　　　　　　　　　　　　　　　　Docket No. 1:22-cv-10861
v.

Esports Entertainment Group, Inc.,
Alan Alden,
Damian Mathews,
Jan Jones Blackhurst,

        Defendants.
---------------------------------------------------------

## PLAINTIFF'S ANSWER TO COUNTERCLAIMS

1. Paragraph 1 does not make an allegation, but only contains a preamble stating that the following paragraphs will set out Defendant's allegations.

2. Paragraph 2 is an incorporation paragraph in which Defendant incorporates the allegations in its Answer. Plaintiff likewise incorporates the allegations in his operative pleading.

3. Admitted.

4. Denied. The employment agreement was drafted by Defendant's attorney.

5. Denied.

6. This paragraph does not make an allegation, but only states that some of the following paragraphs will make allegations about the employment agreement.

7. Admitted in part; denied in part. It is admitted that paragraph 7 sets out some of the language from section 2.01(a), but it is denied that paragraph 7 does so exactly. Paragraph 7 contains alterations to section 2.01(a) and does not include all of the language.

8. Admitted in part; denied in part. It is admitted only that paragraph 8 sets out some of the language of section 5.02(b) of the employment agreement. However, Defendant's quotation in paragraph 8 omits some of the language of section 5.02(b) and contains alterations. Defendant's other allegations are denied, including the characterization "as unquestionable here". Defendant's allegation that it may terminate the agreement upon written notice is also denied because the employment agreement requires both "Cause" as defined therein and 60 days' written notice with an opportunity to cure. The agreement further provides for longer than 60 days to cure if "Executive proceeds with due diligence …". Defendant did not have "Cause" as defined in the agreement and in any event failed to provide notice and an opportunity to cure.

9. Admitted in part; denied in part. It is admitted that Johnson executed the May 28, 2021 Securities Purchase Agreement on behalf of the company and in his capacity as CEO. It is admitted that Johnson executed the June 2, 2021 Senior Convertible Note on behalf of the company. The remaining allegations are denied, and it is denied that Johnson executed these documents in any other capacity.

10. Admitted.

11. Denied. Paragraph 11 characterizes section 3(d)(ii) as a right of Ayrton to convert portions of debt. Section 3(d)(ii) is in fact worded as a limitation on the rights of Ayrton and on the obligations of the company.

12. Admitted in part; denied in part. It is admitted only that paragraph 12 quotes a section of the Securities Agreement which Johnson executed on behalf of the company and in his capacity as CEO. The remaining allegations are denied. In

particular, paragraph 12 characterizes section 4.11(d) as a representation, but that characterization is not supported by the text of the document itself.

13. Admitted in part; denied in part. It is admitted that Johnson signed in his capacity as CEO with respect to section 4.11(d); however, it is denied that Johnson signed in his individual capacity.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Admitted.

20. Denied.

21. Admitted; however, Plaintiff denies the truth of the allegation within Ayrton's letter.

22. Denied.

23. Denied.

24. Denied.

## First Counterclaim

25. Paragraph 25 is an incorporation paragraph. Plaintiff likewise incorporates his foregoing allegations.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## Second Counterclaim

36. Paragraph 36 is an incorporation paragraph. Plaintiff likewise incorporates his foregoing allegations.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Paragraph 51 does not contain an allegation but rather purports to be a reservation of rights.

52. Paragraph 52 does not contain an allegation but rather demands a jury trial.

## Affirmative Defenses

1. Defendant is estopped from arguing that the employment agreement is invalid because multiple SEC filings executed by the board of directors attach the agreement as an exhibit and advise the public that the employment agreement is the operative agreement between Plaintiff and Defendant.

2. Defendant failed to provide written notice of the alleged breach and an opportunity to cure as required under section 5.02(b)(i) of the employment agreement.

3. Defendant fails to state a claim under the faithless servant doctrine because Defendant alleges a single act rather than a persistent pattern.

4. Defendant cannot prevail on the faithless servant claim because Defendant knew of and tolerated the behavior which Defendant now complains of – specifically, Defendant learned the results of the vote at issue in December 2021, Defendant received the March 28, 2022 Ayrton letter, Defendant rejected Ayrton's allegations as reflected in the April 18, 2022 board minutes, and Defendant then waited until December 2022, a year after the vote, to contradict itself and for the first time allege any wrongdoing.

5. Defendant does not meet the heightened pleading standard under F.R.C.P. 9(b) for claims sounding in fraud.

6. The acts which Defendant complains of, even if true, would constitute a breach of contract, which falls short of the fraud or willful misconduct required under section 5.02(b)(iii).

7. The conduct which Defendant complains of, even if true, does not constitute "Cause" under the employment agreement, which limits cause to a willful violation of the employment agreement (5.02(b)(i)), embezzlement (5.02(b)(ii)), fraud or willful misconduct (5.02(b)(iii)), or a felony conviction (5.02(b)(iv)).

8. Defendant's request for monetary relief is barred by the employment agreement itself, which at section 5.02(b) requires the company to pay the employee through the date of termination even in the event of a termination for cause.

**Demand for Jury Trial**

Plaintiff demands a trial by jury for all claims.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as to all claims and counterclaims, including all relief demanded in Plaintiff's operative complaint for his own claims, along with dismissal of Defendant's counterclaims with prejudice and an award of costs and attorney's fees.

                                          Respectfully submitted,

                                          /s/ Alan L. Frank_____
                                          Alan L. Frank, Esq.
                                          Alan L. Frank Law Associates, P.C.
                                          45 Broadway, Suite 720
                                          New York, NY 10006
                                                And
                                          135 Old York Road
                                          Jenkintown, PA 19046
                                          215-935-1000
                                          215-935-1110 (fax)
                                          afrank@alflaw.net
                                          Counsel for Plaintiffs

August 29, 2023