

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Phone: (516) 747-0300*
*E-mail: mmasri@meltzerlippe.com*

August 30, 2023

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:   *Grant Johnson v. Esports Entertainment Group, Inc.*, 1:22-cv-10861 (PGG)(KHP)
       MLGB File No. 17818-00040

Your Honor:

We represent Defendant Esports Entertainment Group, Inc. ("Defendant") and respectfully request a pre-motion conference for a protective order and/or to quash preventing Plaintiff Grant Johnson ("Plaintiff") from continuing to improperly seek discovery notwithstanding (i) the Court's July 26, 2023 and August 23, 2023 rulings and directives and (ii) Plaintiff's counsel's representations to the Court and Defendant that discovery is complete.

Following the August 23, 2023 conference where Your Honor directed the parties to wrap up the discovery that had already been scheduled, Plaintiff attempted to serve two new subpoenas on non-parties five (5) days later: (1) Plaintiff emailed an August 28, 2023 document subpoena to one of Defendant's former counsel, Alexander Calaway, Esq., seeking a three page letter that Plaintiff mischaracterizes as an opinion letter addressed to Plaintiff (notwithstanding that said letter was produced by Defendant to Plaintiff on July 20, 2023 as EEGO076063 to EEGO076065); and (2) Plaintiff emailed an August 28, 2023 deposition subpoena to a former director of Defendant, John Brackens, a resident of the Country of Malta, to take his deposition four (4) days later on September 1, 2023.

Pursuant to Fed. R. Civ. Proc. 26(c), "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (A) forbidding the disclosure or discovery[.]"  Pursuant to Rule 45(d)(3)(A), "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

Here, a protective order and/or a court order quashing two subpoenas that Plaintiff attempted to serve on August 28, 2023 is necessary.  Defendant certifies that it has attempted to

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
August 30, 2023
Page 2

confer with other affected parties in an effort to resolve the dispute without court action. Annexed hereto as Exhibit A is a letter that was sent to Plaintiff's counsel on August 29, 2023 requesting that Plaintiff withdraw the two improper subpoenas. On August 30, 2023, Plaintiff's counsel and I met and conferred via telephone, during which call Plaintiff's counsel refused to withdraw the subpoenas, while requesting that our office provide him copies of the three (3) page document that was previously produced as EEGO076063 to EEGO076065.[1]

Plaintiff is improperly attempting to conduct new discovery notwithstanding (i) multiple representations Plaintiff's counsel, Alan Frank, Esq., made to both the Court and our office that discovery was complete; and (ii) Magistrate Judge Parker's direction to wrap up scheduled discovery (as opposed to beginning new discovery).

Before and during the August 23, 2023 Court conference before Magistrate Judge Parker, Plaintiff's counsel represented to the Court and Defendant that discovery was complete. First, during a phone call immediately before the August 23, 2023 conference, Plaintiff's counsel advised our office that discovery was complete except for the deposition of Joseph Lucosky, which had already been scheduled for August 31, 2023. Second, during the 2023 conference, Plaintiff's counsel repeatedly stated that discovery was complete. *See* August 23, 2023 Transcript of Status Conference Hearing at Tr. 13:23 ("there's no more discovery needed"); and 15:17 ("We don't need any more discovery"). Third, Your Honor noted "plaintiff's position [is] that no additional discovery is needed[.]" *Id.* at 10:21-22.

During the August 23, 2023 status conference, the Court extended discovery only for the limited purpose of completing discovery that had **already been scheduled**. *Id.* at 20:17 ("I want you to complete the discovery that **you have scheduled** and the depositions that **you have scheduled** . . . .") (emphasis added).

Despite the foregoing, on August 28, 2023, Plaintiff attempted to serve two new subpoenas by email.

First, Plaintiff emailed a document subpoena on Alexander Calaway, Esq. on August 28, 2023 demanding a document which Plaintiff mischaracterizes as an opinion letter that Defendant previously produced to Plaintiff on July 20, 2023 as EEGO076063 to EEGO076065. We hope Plaintiff will withdraw said document subpoena given the July 20, 2023 production.

Second, Plaintiff emailed a deposition subpoena on August 28, 2023 to depose "Jack Brackens" in contradiction to Plaintiff's representations regarding the completion of discovery and in contravention of the Court's above August 23, 2023 directive to wrap up scheduled discovery. The subpoena is also in direct contravention of the Court's ruling during the July 26, 2023 Status Conference, where the Court specifically ruled that the document discovery Plaintiff sought from "John Brackens" is "not proportional" to the needs of the case. *See* July 26, 2023 Status Conference Hearing Tr. at 16:6. It appears Plaintiff is attempting to circumvent both the July 26 and the August 23 Court directives by serving a deposition subpoena on Mr. Brackens.

---

[1] We note that all documents were produced in the format as previously agreed by Plaintiff and Defendant. We trust that Plaintiff will now withdraw said document subpoena.

4891-0545-5484, v. 2

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
August 30, 2023
Page 3

Moreover, we understand that Mr. Brackens lives in Malta. Thus, the subpoena Plaintiff emailed to him is invalid because it was not properly served in accordance with requirements under the Hague Convention to depose a foreign resident.

In addition, the subpoena served on "Jack Brackens" is unreasonable, as it purports to schedule Mr. Bracken's deposition for September 1, 2023, only **four days** after it was served. *See Cole v. City of New York*, 2012 WL 1138570, at *5 (S.D.N.Y. Apr. 5, 2012) (quashing non-party deposition subpoenas because "three to five business days . . . did not provide reasonable time for compliance"). Likewise, the subpoena served on Mr. Callaway, which demands compliance only **two** days later on August 30, 2023, is also extremely unreasonable and improper.

Further, a protective order is necessary to prevent Plaintiff from taking any additional discovery beyond what the parties had already scheduled as of August 23, 2023. With these improper subpoenas, Plaintiff is (1) improperly attempting to obtain information relating to privileged communications with Defendant from non-parties; (2) seeking cumulative information that has already been obtained in discovery; and (3) causing Defendant to incur additional and unnecessary expenses related to discovery despite the fact that discovery is now closed. Moreover, Plaintiff's continued efforts for non-party discovery is a harassing fishing expedition.[2]

Accordingly, Plaintiff respectfully requests a pre-motion conference for (1) an order quashing the two improper subpoenas that Plaintiff attempted to serve on August 28, 2023 to "Jack Brackens" and Alexander Calaway, Esq.; (2) a protective order prohibiting Plaintiff from serving any additional subpoenas on (a) John Brackens; (b) Alexander Calaway, Esq.; and (c) any other third party; (3) an order requiring Plaintiff to obtain a Court order to serve any new document subpoenas or deposition subpoenas on any non-party or third party; (4) an order requiring Plaintiff to obtain a Court order to serve any new document demands or deposition notices on Defendant; and (5) any other further relief this Court deems just and proper.

Defendant thanks the Court for its consideration in this matter.

Respectfully submitted,

Michael H. Masri

cc:   *All Counsel of Record via ECF*

---

[2] Plaintiff previously deposed non-party Jan Jones Blackhurst on August 9, 2023. Twelve (12) days later, on August 21, 2023, Plaintiff sought leave to file a second amended complaint adding a meritless New York whistleblower claim against Ms. Blackhurst (and two other non-parties). This new claim is inarguably both untimely and futile particularly given neither Plaintiff nor any of the three proposed new defendants resides in New York and the alleged retaliation did not happen in New York. (NYSCEF 81). Plaintiff's recent discovery abuses are extremely questionable.

4891-0545-5484, v. 2