# EXHIBIT A



**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Phone: (516) 747-0300*
*E-mail: mmasri@meltzerlippe.com*

August 29, 2023

**VIA EMAIL – afrank@alflaw.net**
Alan L. Frank, Esq.
Alan L. Frank Law Associates, P. C.
135 Old York Road
Jenkintown, PA 19046

Re:   *Johnson v. Esports Entertainment Group, Inc.*, **1:22-cv-10861 (PGG)(KHP)**
      <u>MLGB File No. 17818-00040</u>

Dear Mr. Frank:

We write with respect to your continued discovery demands notwithstanding (i) the multiple representations you made to both the Court and our office that discovery was complete; and (ii) Magistrate Judge Parker's direction to wrap up existing discovery as opposed to beginning new discovery.

Before and during the August 23, 2023 Court conference before Magistrate Judge Parker, you represented to the Court and Defendant that discovery was complete. First, when I spoke to you on the phone before the conference on the morning of August 23, 2023, you told me Plaintiff's position was that discovery was complete. Second, during the 2023 conference, you stated on the record that discovery was complete. *See* August 23, 2023 Transcript of Status Conference Hearing at Tr. 13:23 ("there's no more discovery needed"); 15:17 ("We don't need any more discovery"). Third, Her Honor noted "plaintiff's position [is] that no additional discovery is needed[.]" *Id.* at 10:21-22.

During the August 23, 2023 status conference, the Court extended discovery only for the limited purpose of completing discovery that had **already been scheduled**. *Id.* at 20:17 ("I want you to complete the discovery that **you have scheduled** and the depositions that **you have scheduled** . . . .") (emphasis added).

Despite the foregoing, on August 28, 2023, Plaintiff attempted to serve two new subpoenas by email.

<u>First</u>, Plaintiff served by email a document subpoena on Alexander Calaway, Esq. on August 28, 2023 demanding a document that is already in Plaintiff's possession.

<u>Second</u>, Plaintiff served by email a subpoena on August 28, 2023 to take the deposition of "Jack Brackens" in contradiction to Plaintiff's representations regarding the completion of

discovery and in contravention of the Court's directive, as set forth above. The subpoena is also in direct contravention of the Court's ruling during the July 26, 2023 Status Conference, where the Court specifically ruled that the document discovery Plaintiff sought from "John Brackens" is "not proportional" to the needs of the case. *See* July 26, 2023 Status Conference Hearing Tr. at 16:6. It appears Plaintiff is attempting to circumvent the Court's Order by serving a deposition subpoena on Mr. Brackens.

Moreover, we understand that Mr. Brackens lives in Malta. Thus, the subpoena Plaintiff emailed to him is invalid because it was not properly served in accordance with requirements under the Hague Convention for service of a non-party subpoena on a foreign resident.

In addition, the subpoena served on "Jack Brackens" is unreasonable, as it purports to schedule Mr. Bracken's deposition for September 1, 2023, only **four days** after it was served. *See Cole v. City of New York*, 2012 WL 1138570, at *5 (S.D.N.Y. Apr. 5, 2012) (quashing non-party deposition subpoenas because "three to five business days . . . did not provide reasonable time for compliance"). Likewise. The subpoena served on Mr. Callaway, which demands compliance only **two** days later on August 30, 2023, is also extremely unreasonable and improper.

Further, we note that the individuals upon whom subpoenas were served are in possession of communications with Defendant that are (1) protected by attorney-client privilege and (2) otherwise subject to confidentiality restrictions. We trust, but ask that you will verify, what steps you have taken to prevent circumventing such confidentiality restrictions.

Based on the foregoing, we respectfully request that you withdraw the subpoenas you served upon "Jack Brackens" and Alexander Calaway, Esq. on August 28, 2023. Please advise whether you will withdraw these subpoenas by tomorrow, **August 30, 2023** at 4:00 p.m. If you refuse, we will seek the Court's intervention for a protective order and/or to quash these subpoenas and prevent any further attempts from Plaintiff to obtain improper non-party discovery.

Very truly yours,

Michael H. Masri, Esq.

cc:   Client
      John Brackens
      Alexander Calaway, Esq.