ALAN L. FRANK ●*+▫
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪∆
JORDAN E. FRANK *+▫
JACLYN H. FRANK *+♪
PATRICK W. BROWN *■+▫
SERGIY MELNYK*

  PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
▫ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
∆ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

September 1, 2023

**Via ECF**
Honorable Katharine H. Parker
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

> **Re:   Johnson v. Esports Entertainment Group – 1:22-cv-10861**
> **Plaintiff's response to ECF 84, Defendant's letter-request to quash Calaway subpoena and Brackens subpoena.**

Dear Judge Parker:

    I write concerning Defendant's letter at ECF 84, which requested that the Court quash two of Plaintiff's subpoenas:
1) Subpoena to Alexander Calaway, requesting a single 3-page document.
2) Subpoena to John Brackens for a deposition by Zoom.

    Plaintiff will withdraw 1) the Calaway subpoena because Defendant has already produced the same document which the subpoena requested. However, 2) the Brackens subpoena remains unresolved and will require Your Honor's decision.

    The Brackens deposition is proportional because the witness is Defendant's CTO and a former director, who has knowledge of Defendant's decision to reject the allegations of fraud, Defendant's decision to fire Plaintiff, Defendant's dealings with Ayrton, the vote on debt conversion, and Plaintiff's work while employed by Defendant. The amount in controversy on Plaintiff's contract claim alone is about 2 and a half million plus attorney's fees, while additional damages may be recovered for the defamation claim and (proposed amended) whistleblower claim. This will only be the fifth deposition in this case after 1) Plaintiff's deposition, 2) Defendant's 30(b)(6) deposition, 3) Blackhurst deposition, and 4) Lucosky deposition. In a case with more than 2.5 million in controversy, it is economical for Plaintiff to conduct a total of four depositions (four since Plaintiff's own deposition was for the benefit of Defendant). To

minimize costs for all parties and the witness, the subpoena specifies that this deposition will be on Zoom.

The costs to Defendant are minimal and the witness is willing to testify. Defendant's only costs will be having counsel participate in the deposition and likely some time preparing questions in advance. The burden on the witness is clearly not a problem because the witness is willing to testify, and in any event this will be a Zoom deposition.

Defendant's letter (ECF 84) ignores proportionality, relevance, and the merits. Instead, Defendant makes a procedural argument that Your Honor only allowed previously-scheduled discovery. However, Your Honor extended discovery until September 26 and ECF 78. In the first sentence, the order extends fact discovery but places no limits on what either party can do during that time. Had the Court intended to extend discovery but simultaneously prohibit new discovery, then the Court would have said so. Moreover, it would not make sense to extend discovery by almost a month only to allow already-pending but unfinished items to be completed.

This discovery was timely even under the *previous* schedule at ECF 51. Under that order, fact discovery would have ended August 31. Plaintiff served the subpoena on August 28, and would have served it sooner requesting an August 31 or earlier deposition, but for the new schedule at ECF 78. Since Plaintiff served the subpoena during the previous discovery period, and would have served it earlier and even scheduled the deposition during the previous discovery period but for the new schedule, the discovery should not be disallowed under an implied (but certainly not explicit) limitation in the schedule at ECF 78.

For these reasons, 1) Plaintiff will withdraw the Calaway subpoena because Defendant has produced the only document requested in the subpoena; and 2) the Court should deny Defendant's request to quash the Brackens subpoena.

        Respectfully submitted,

        /s/ Alan L. Frank
        Alan L. Frank, Esq.