**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X :
Grant Johnson, :
:
                    Plaintiff, :
:       **ORDER**
           -against- :       22-CV-10861 (PGG) (KHP)
:
Esports Entertainment Group, Inc., :
:
                   Defendant. :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/6/2023

**KATHARINE H. PARKER, United States Magistrate Judge.**

      The Court has reviewed the parties' letters regarding the parties' discovery disputes. (ECF Nos. 84, 85.) As Plaintiff has withdrawn the document subpoena on Alexander Calaway, the issue raised as to that subpoena is moot. Thus, the Court will address the issue raised by Defendant regarding the deposition subpoena on John Brackens only.

      Defendant does not have standing to move to quash the subpoena absent a claim of privilege or a proprietary interest in the subpoenaed matter. *In re Ex Parte Application of Kleimar N.V.*, 220 F. Supp. 3d 517, 520 (S.D.N.Y. 2016) (quoting *United States v. Nachamie*, 91 F. Supp. 2d 552, 557 (S.D.N.Y. 2000) ("A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter.") Here, Defendant has not asserted any privilege or proprietary interest in information that would be obtained through Brackens' deposition. Thus, Defendant's objection is overruled.

      As for Defendant's contention that this Court already ruled that Bracken's emails are non-discoverable, the contention is not entirely accurate. This Court previously ruled that

production of Brackens' emails was disproportionate to the needs of the case and denied Plaintiff's request for them, but without prejudice. Specifically, this Court stated that Plaintiff may renew his request for these emails if, based on other discovery, he could demonstrate that the emails would not be redundant of other information already produced, and were relevant and proportional to the needs of the case. Therefore, before any such documents must be produced, Plaintiff must first articulate why he believes they will contain new, relevant information that is proportional to the needs of the case.

Finally, Plaintiff's subpoena does not provide a reasonable time of compliance. Nor does the subpoena comply with Rule 45 and 28 U.S.C. § 1783 in terms of how and on whom it can be served. Thus, it is not an enforceable subpoena. Despite this, if the witness is willing to voluntarily sit for a Zoom deposition before the fact discovery deadline, the Court will allow the deposition. The parties and third-party deponent shall meet and confer to determine a reasonable date for the deposition prior to the September 26, 2023 fact discovery deadline if the witness is willing to voluntarily testify. No further third party subpoenas are permitted.

**The issues in the letter motion at ECF No. 84 having been resolved, the Clerk of the Court is respectfully requested to close the letter motion at ECF No. 84.**

**SO ORDERED.**

Dated:   September 6, 2023
         New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge