ALAN L. FRANK ●*+◦
KYLE M. KULZER*+
SAMANTHA A. MILLROOD*+
EVAN L. FRANK *+♪∆
JORDAN E. FRANK *+◦
JACLYN H. FRANK *+♪
JEFFREY J. GOLDIN *+
PATRICK W. BROWN *■
SERGIY MELNYK*

   PARALEGALS
DEBRA E. MCGUCKIN
DEE A. WILK
DAWN M. WELSH


● Certified by the NJ Supreme Court
   as a Civil Trial Attorney
* MEMBER PA BAR
+ MEMBER NJ BAR
◦ MEMBER NY BAR
♪ MEMBER FL BAR
■ MEMBER DC BAR
∆ REGISTERED PATENT ATTORNEY

# ALAN L. FRANK
# LAW ASSOCIATES, P.C.
Attorneys at Law

**135 OLD YORK ROAD**
**JENKINTOWN, PA 19046**
**(215) 935-1000**
**FAX NO. (215) 935-1110**

NEW JERSEY OFFICE

1103 LAUREL OAK ROAD
SUITE 140
VOORHEES, NJ 08043

E-MAIL ADDRESS:
afrank@alflaw.net

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/7/2023

August 21, 2023

**Via ECF**
Honorable Paul G. Gardephe
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    Johnson v. Esports Entertainment Group – 1:22-cv-10861

Dear Judge Gardephe:

    Plaintiff seeks leave to amend because Defendant's testimony establishes a claim for Plaintiff under N.Y. Lab. Law § 740 against Defendant and three of its directors. On July 27, Plaintiff deposed Defendant's 30(b)(6) witness, and on August 9, Plaintiff deposed Defendant's chair of the board, Jan Jones Blackhurst. These witnesses' own account of Plaintiff's termination allows Plaintiff to state a claim under N.Y. Lab. Law § 740 – the amended complaint adds that claim.

    The Second Circuit has held that (1) temporal proximity together with (2) inconsistent employer explanations is sufficient to defeat summary judgment. *Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 847 (2d Cir. 2013). Here, (2) inconsistent explanations were already established because Defendant's April 18, 2022 board minutes rejecting allegations of fraud (ECF 17-3, p. 2) contradict Defendant's December 3, 2022 termination letter alleging fraud (ECF 17-2, pp. 2-3). The deposition testimony allows Plaintiff to establish (1) temporal proximity. Blackhurst personally knew on November 24, 2022 that Plaintiff believed the board's plan was a scheme to avoid Nasdaq rules. Blackhurst Dep., 96:10-20. Company counsel likewise opined on December 3, 2022 that he had never seen anything like the scheme in his years of practicing. Id., 96:21 – 97:3. On December 3, the same day Plaintiff was terminated, Plaintiff indicated that he would not go along with the board's plan; specifically "he [Plaintiff] said no and left the meeting". Id., 97:13-20. He was then offered the opportunity to resign. Id., 98:14-20. He chose not to, and so he was then given the termination letter. Id.

Temporal proximity that establishes causation is usually measured in days or weeks. *Kwan, LLC*, 737 F.3d at 845 (3-week period sufficiently short to make a prima facie showing through temporal proximity). Here, the temporal proximity is only hours because on the same day Plaintiff (1) opposed the board's actions and left the meeting, (2) was given an opportunity to resign, and (3) was given the termination letter.

No additional discovery is required because the factual basis of the new claim is literally what Defendant alleges.

The May 4, 2023 scheduling order requires that, except for good cause shown, motions to join parties and motions to amend pleadings must be filed by June 4, 2023. ECF 26, ¶¶ 3-4. Therefore, Plaintiff must satisfy the good cause standard under F.R.C.P. 16(b)(4).

Section 7(c)(i) of the scheduling order required depositions to take place after both sides had responded to document requests. ECF 26, ¶ 7(c)(i). Since the scheduling order was entered on May 4, it was mathematically impossible to take depositions before the June 4 deadline to amend or add parties, unless Defendant consented to an early deposition. Even if Plaintiff served document requests on the same day the scheduling order was entered, May 4, Defendant would not be required to respond until June 4 under F.R.C.P. 34(b)(2)(A), the same as the deadline to amend or add parties.

On May 17, Plaintiff served a notice of 30(b)(6) deposition for June 27 along with a list of topics. On June 21, Defendant canceled and for a while refused to provide an alternative date. It was only within the July 14 joint letter on discovery disputes (ECF 39) that Defendant finally offered July 27 for its 30(b)(6) representative. Since Defendant represented to the Court that this date was available, Plaintiff seized the opportunity and deposed Defendant on July 27.

On June 22, Plaintiff requested deposition dates for Jan Jones Blackhurst. Defendant never agreed to produce this witness. But on July 26, Magistrate Judge Parker ordered Defendant to produce this witness on August 7 or 9 and to produce the witness's documents by August 4. ECF 51. Defendant did so, and Plaintiff finally deposed this witness on August 9.

The Blackhurst deposition was ordered by the Court at ECF 51. And while Defendant did technically offer its own 30(b)(6) witness for July 27, Defendant only offered this date within the joint letter on discovery disputes at ECF 39.

In *Perfect v. Majestic*, the District Court allowed a post-deadline under Rule 16's good cause standard when a delayed 30(b)(6) deposition revealed the basis for the new claims. *Perfect Pearl Co. v. Majestic Pearl*, 889 F. Supp. 2d 453, 456-57 (S.D.N.Y. 2012). There, the plaintiff repeatedly tried to schedule the defendant's 30(b)(6) designee, and those efforts culminated in a motion to compel. *Id.* at 456.

Here, similarly Plaintiff had to file a letter-motion to compel before Defendant would appear for its 30(b)(6) deposition. Likewise, Plaintiff tried to schedule the Blackhurst deposition. Plaintiff only obtained the Blackhurst deposition after Judge Parker ordered Defendant to produce Blackhurst.

Similarly, in *Red Rock v. JGX*, the plaintiff was permitted to add parties under Rule 16's good cause standard for amendment after the deadline when discovery revealed the basis for the claims against them. Red Rock Sourcing LLC v. JGX, LLC, 2023 U.S. Dist. Lexis 94333, at 24-26 (S.D.N.Y. May 31, 2023).

Here, Plaintiff could not have obtained this discovery any sooner because it required Judge Parker's intervention – Defendant never produced Blackhurst willingly but did so only after being ordered to do so at ECF 51. For these reasons, the Court should allow the proposed amended complaint.

Respectfully,

/s/ Alan L. Frank
Alan L. Frank

SO ORDERED:

*Katharine H. Parker*
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE   9/7/2023

To the extent Plaintiff is still seeking to amend the complaint and add parties, the Court will require formal briefing. Plaintiff's moving brief is due **September 29, 2023**. Opposition brief and any cross motion to transfer venue is due **October 13, 2023**. Reply in support of motion to amend and opposition to any cross motion to transfer venue is due **October 20, 2023**. Reply in support of any cross motion to transfer venue is due **October 27, 2023**. Moving, opposition, and combination briefs are limited to 20 pages. The reply brief is limited to 10 pages.

The letter motion at ECF No. 76 is DENIED without prejudice subject to formal briefing schedule.