**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X    :

Grant Johnson,                                              :

                                    Plaintiff,             :

                                                           :              **ORDER**

                        -against-                          :         22-CV-10861 (PGG) (KHP)

                                                           :

Esports Entertainment Group, Inc.,                         :

                                                           :

                                    Defendant.             :
-----------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge**.

The Court has reviewed the parties' letter motions to seal.  (ECF Nos. 62, 68.)  Plaintiff

filed a letter motion to seal Exhibits A and D to a pre-motion letter for a motion for summary

judgment (ECF No. 61) and portions of the letter that reference the exhibits.  (ECF No. 62.)

Defendant also filed a letter motion to seal or redact Exhibits B, C, and F filed in connection to

Defendant's opposition to the letter motion for a motion for summary judgment.  (ECF No. 68.)

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to

judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  The

public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis*

*v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of

government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis.  First, the

court must determine whether the document is in fact a judicial document.  A judicial

document is "a filed item that is 'relevant to the performance of the judicial function and useful

in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119).  When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches.  The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019).  "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted).  "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion."  *Id.*  The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion.  *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).

## APPLICATION

The documents in question are "judicial documents" in which the presumption of public access attaches because they are filed items submitted in connection with a letter motion for leave to file a motion for summary judgment. Because these documents are not submitted in connection with a dispositive motion but a pre-motion letter, the weight accorded to the presumption of public access is "not particularly great." *Alexander Interactive, Inc. v. Adorama, Inc.,* 2014 WL 4346174, at *2 (S.D.N.Y. Sept. 2, 2014).

### A. Plaintiff's Motion to Seal (ECF No. 62)

Exhibit A is a portion of the deposition transcript of 30(b)(6) deponent Michael Villani. Defendant argues that Exhibit A should be sealed because it contains sensitive business information regarding Defendant's revenue, the deposition is still ongoing as Defendant has not questioned Villani, and the transcript is an unsigned and unreviewed transcript that also contains Villani's personal information. (ECF No. 66.) On Exhibit D, Defendant has removed the confidential designation.

After review, the Court is satisfied that sealing Exhibit A is proper under *Lugosch*. Given the nature of the deposition transcript as essentially a rough draft of a deposition transcript that contains Defendant's sensitive business information and the deponent's personal

3

information, and the fact that it is filed in connection with a letter motion to request leave to file a motion for summary judgment, the public presumption of access is lower than the parties' interest in reviewing the deposition transcript prior to public disclosure and the protection of financial records.  Therefore, the motion to seal Exhibit A is granted.

Regarding Exhibit D, since Defendant has removed the confidentiality designation, the motion to seal Exhibit D is denied, and Plaintiff shall re-file the letter with Exhibit D unsealed.

### B.  Defendant's Motion to Seal (ECF No. 68)

Exhibit B is an email exchange concerning a business engagement with a non-party, RB360, including specific financial terms of the contract and strategic business rationale for striking the deal.  Given the nature of the documents as containing both Defendant's and a non-party's private financial dealings and business information that were not publicly disclosed and the lower presumption attached to a non-dispositive letter motion, the public right of access is outweighed by the interests in privacy and the protection of business and financial records.  *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *2 (S.D.N.Y. June 17, 2020) (citing *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)).

Exhibit C is a transcript of Plaintiff's deposition.  The transcript was unsealed by agreement of the parties and publicly filed at ECF No. 75.

Exhibit F is board minutes from August 23, 2022.  Defendant argues that the redactions protect confidential proprietary information of a non-party under a non-disclosure agreement and financial information as they relate to negotiations with a non-party and a third party's financial terms.  The Court finds that the redactions are narrowly tailored as they do not redact non-financial terms that are relevant to this action.  Further, given the lower presumption of

public access associated with a non-dispositive letter motion, it is appropriate here to protect the business and financial negotiation between Defendant and a third party. *See Sec. & Exch. Comm'n*, *2020* WL 3264264, at *3-4 (defining proprietary business information that may be a legitimate basis to rebut the public's presumption of access to judicial document as including internal analyses, business strategies, or customer negotiations).

Accordingly, Defendant's motion to seal Exhibits B and F is granted.

## CONCLUSION

By **September 21, 2023**, Plaintiff shall re-file the letter motion at ECF No. 61 with Exhibit D unsealed.

**The issues in the letter motions at ECF Nos. 62 and 68 having been resolved, the Clerk of the Court is respectfully requested to close the letter motions at ECF Nos. 62 and 68.**

**SO ORDERED.**

Dated:   September 14, 2023
         New York, New York

_____
          KATHARINE H. PARKER
          United States Magistrate Judge

5