

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue, Mineola, NY 11501 • T. 516.747.0300
www.meltzerlippe.com

*Michael H. Masri, Esq.*
*Phone: (516) 470-0108*
*Writer's Fax: (516) 237-2893*
*E-mail: mmasri@meltzerlippe.com*

October 25, 2023

**VIA ECF**
Honorable Katharine H. Parker
United States District Court
Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

Re:  *Grant Johnson ("Plaintiff") v. Esports Entertainment Group, Inc.* ("Defendant"),
1:22-cv-10861 (PGG)(KHP)
MLGB File No. 17818-00040

Your Honor:

On behalf of Defendant, we respond to Plaintiff's October 20, 2023 letter requesting a ruling on defense counsel's privilege objections and instruction to Joseph Lucosky, Esq. ("Lucosky"), former outside counsel for Defendant, not to answer (ECF 101).

Plaintiff seeks permission to question Lucosky relating to communications between Lucosky and Defendant's Board notwithstanding communications between Lucosky and Defendant's Board are privileged. Significantly, defense counsel specifically limited our objections to testimony regarding conversations in which Plaintiff was not present. As set forth below, there is no basis in fact, law or equity to grant Plaintiff's request.

Tellingly, Plaintiff failed to meet and confer in accordance with Your Honor's Individual Practices Rule II.C requiring "[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party . . . in an effort to resolve the dispute" and include in its letter to the Court that the meet-and-confer process occurred. Here, Plaintiff completely failed to previously articulate why privilege was inapplicable during any meet and confer because Plaintiff failed to meet and confer.

Plaintiff raises three points in support of its application.

*First*, Plaintiff suggests, without basis, Defendant's privilege objections should be overruled because Plaintiff unilaterally deemed the deposition testimony as "important." Although Defendant disputes Plaintiff's conclusive mischaracterization of Lucosky's testimony, Defense counsel's objections were not based on "importance." The questions at issue are improper because they seek to elicit privileged information from Lucosky, as Defendant's counsel. "[T]he fact that a privileged communication may simply be relevant to a claim or

Case 1:22-cv-10861-PGG-KHP   Document 102   Filed 10/25/23   Page 2 of 3

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
October 25, 2023
Page 2

defense is insufficient to effect forfeiture of the privilege." *Chen-Oster v. Goldman, Sachs & Co.*, 293 F.R.D. 547, 556 (S.D.N.Y. 2013); *see also Aiossa v. Bank of Am., N.A.*, No. 10-cv-01275, 2011 WL 4026902, at *4 (E.D.N.Y. 2011) ("plaintiff's argument that the … documents should be produced because they 'go to the heart' of the matter is legally unsupported and, ultimately, unsuccessful. The fact that an attorney-client communication is relevant to a material issue in a case does not overcome the attorney-client privilege. If it did, the privilege would be eviscerated."). Thus, questions relating to privileged communications should not be permitted regardless of their alleged relevance or importance.

*Second*, Plaintiff concludes -- without citing any authority -- that all communications between Lucosky and any Board member are not privileged simply because Plaintiff was the CEO of Defendant's company.[1] However, the law is clear that "[i]n cases of corporate representation, the attorney-client privilege belongs to the corporation." *Orbit One Commun., Inc. v. Numerex Corp.*, 255 F.R.D. 98, 104 (S.D.N.Y. 2008); *Neogenix Oncology, Inc. v. Gordon*, No. 14-CV-4427 JFB AKT, 2015 WL 5774171, at *9 (E.D.N.Y. 2015) ("federal courts have rejected the notion that a former director or officer, even if previously vested with the power to exercise the privilege while a corporate official (presumably only for corporate purposes), may subsequently claim any authority to exercise or waive the privilege at all.").

For example, in *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 493-96 (S.D.N.Y. 2019), plaintiff, the terminated CEO of defendant company, unsuccessfully sought discovery of communications among defendants' high ranking executives/employees and general counsel regarding the plaintiff CEO's conduct and the Court ruled attorney's notes from communications with employees other than the CEO (taking place during CEO's employ) were privileged.

In *Fitzpatrick v. Am. Intern. Group, Inc.*, 272 F.R.D. 100 (S.D.N.Y. 2010), plaintiff, the former president and board member of the defendant company, argued that "by reason of his status as the President and Board member of [defendant company] until May 2009, he was entitled to see all privileged documents reflecting communications between [defendant] . . . and their counsel, and that as a result he is now entitled, as a litigant asserting claims in his personal capacity against these corporate entities, to see any documents that are covered by the privilege and that date from the period when he served as President and member of the Board." *Id.* at 102. Rejecting plaintiff's argument, the Court held plaintiff was not entitled, based on [plaintiff's] former corporate status, to access documents reflecting privileged communications between [the corporate defendant] and their counsel" after explaining:

> To require, as plaintiffs demand, that such access to privileged corporate documents be given to a former director as a matter of course would have seemingly perverse implications, particularly where, as here, the former director assumes an adversarial relationship with the corporation. The privileged communications are protected in order to encourage frank discussions between the client and its counsel, . . . and it is to be assumed that the client relies on that

---

[1] Plaintiff does not dispute that the substance of such conversations between Esports and its outside counsel would be privileged generally, but instead argues the privilege was waived as to Plaintiff merely and solely because Plaintiff was the former CEO.

4869-2417-0121, v. 5

**MELTZER LIPPE GOLDSTEIN & BREITSTONE, LLP**

Honorable Katharine H. Parker
October 25, 2023
Page 3

> assurance of confidentiality in its discussions with its attorney . . .. To thereafter strip the corporate client of that reasonably assumed protection merely because a director has left his fiduciary position and sued the corporation not only poses the danger of unfair injury to the client—the extent of which is likely to be in direct proportion to the frankness of the communication—but also works to undercut the very goal of the privilege, which is to encourage candor and a clear understanding by the client of his legal rights and responsibilities.

*Id.* at 108-109 (citations omitted).

Moreover, Plaintiff's counsel represented to the Court prior to the deposition that he would ask Lucosky "questions about subjects -- discussions that he had with people ... <u>other than his client</u> and with plaintiff to corroborate certain things," which Your Honor approved. *See* August 23, 2023 Conference Tr. at 26:8-16 (ECF 79)(emphasis added). Without explanation, Plaintiff now (again) contradicts his prior representations to Your Honor.

*Third*, Plaintiff manufactures an argument that communications between Lucosky and other Board members are not privileged because Plaintiff assumes that "Plaintiff was already aware of the communications." However, there is no evidence Plaintiff was aware of what was said during private communications between Lucosky and other Board members relating to Plaintiff's conduct. Moreover, Plaintiff fails to cite to any law.

Yet again, Plaintiff is driving up defense costs. It is telling that Plaintiff's counsel disregarded Your Honor's Rule II.C on the eve of the parties' October 30th Settlement Conference and further failed to cite <u>any</u> law. Plaintiff's speculative conclusion that the testimony at issue establishes that Defendant knew Plaintiff did not control Plaintiff's trust in contradiction to Plaintiff's multiple sworn SEC statements and other misrepresentations is not the basis for destroying the attorney-client privilege.

In light of the clear refutation of each of Plaintiff's three points, and the forgoing additional arguments, Plaintiff's request for an order destroying the privilege is meritless. Accordingly, the Court should deny Plaintiff's motion and rule that Lucosky not be compelled to answer Plaintiff's questions.

Defendant thanks the Court for its courtesies and consideration in this matter.

Respectfully submitted,

Michael H. Masri

cc:   *All Counsel of Record via ECF*